Jason A. Zimmerman
New York Bar No. 4910337
**GRAY|ROBINSON, P.A.**
301 East Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorney for Plaintiff*


**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____X

| | | |
|---|---|---|
| **ROSENFIELD & COMPANY, PLLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO.** |
| | : | |
| **TRACHTENBERG, RODES &** | : | **COMPLAINT AND** |
| **FRIEDBERG LLP, STAR AUTO SALES OF** | : | **DEMAND FOR** |
| **BAYSIDE, INC. (d/b/a STAR TOYOTA OF** | : | **JURY TRIAL** |
| **BAYSIDE), STAR AUTO SALES OF** | : | |
| **QUEENS, LLC (d/b/a STAR SUBARU),** | : | |
| **STAR HYUNDAI LLC (d/b/a STAR** | : | |
| **HYUNDAI), STAR NISSAN, INC. (d/b/a STAR** | : | |
| **NISSAN), METRO CHRYSLER PLYMOUTH** | : | |
| **INC. (d/b/a STAR CHRYSLER JEEP DODGE),** | : | |
| **STAR AUTO SALES OF QUEENS COUNTY** | : | |
| **LLC (d/b/a STAR FIAT), and STAR AUTO** | : | |
| **SALES OF QUEENS VILLAGE LLC (d/b/a** | : | |
| **STAR MITSUBISHI),** | : | |
| | : | |
| **Defendants.** | : | |

_____X

Plaintiff, ROSENFIELD & COMPANY, PLLC ("R&Co"), by and through the

undersigned counsel, hereby sues TRACHTENBERG, RODES & FRIEDBERG, LLP

("Trachtenberg"), as well as STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA

OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR

HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI) (collectively referred to hereinafter as the "Star Auto Group"), and states as follows:

## NATURE OF THE ACTION

1.      This is an action for breach of contract, or alternatively, unjust enrichment or quantum meruit, based on the Defendants' collective refusal to pay R&Co the full amount due and owing for consulting expert and litigation support services work R&Co provided to Star Auto Group and its legal counsel, Trachtenberg, pursuant to a written agreement between the parties.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, as complete diversity exists between the Plaintiff and all Defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3.      This Court has personal jurisdiction over all Defendants because each of the Defendants principally transacts business in and throughout the State of New York; and, as described herein, contracted elsewhere for litigation support services work that would be provided in the State of New York.

4.      Venue is proper in the Southern District of New York based on 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to this action occurred in this district. Specifically, all of the directives on how to proceed with the litigation support work at issue in this case were issued to R&Co from this district, and R&Co employees

based out of the company's New York office, located in this district performed the litigation support services work.

## PARTIES

5.      R&Co is a Florida limited liability company with its principal place of business in Orlando, Florida. In addition to its office located in Orlando, Florida, R&Co has offices in New York, New York, Iselin, New Jersey, and Irvine, California.

6.      Defendant Trachtenberg is a New York limited liability partnership with its principal place of business located at 420 Lexington Avenue, Suite 2800, New York, New York.

7.      Defendant Star Auto Sales of Bayside, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

8.      Defendant Star Auto Sales of Queens, LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

9.      Defendant Star Hyundai LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

10.      Defendant Star Nissan, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

11.      Defendant Metro Chrysler Plymouth Inc. is a New York corporation with its principal place of business located in Queens Village, New York.

12.      Defendant Star Auto Sales of Queens County LLC is a New York limited liability company with its principal place of business located in Queens Village, New York.

13.      Defendant Star Auto Sales of Queens Village LLC is a New York limited liability company with its principal place of business in Bayside, New York.

## **GENERAL ALLEGATIONS**

14.     R&Co engages in the business of performing tax accounting, auditing, and financial litigation support services. For years, R&Co provided tax and accounting services to Star Auto Group, its principals, and affiliated companies.

15.     On October 24, 2019, Trachtenberg engaged R&Co to provide litigation support services, including consulting expert services, in the civil case, *Star v. Voynow*, Case No. 18-cv-5775-ERK-CLP (E.D.N.Y) ("New York Action").  A true and correct copy of the October 24, 2019 engagement letter is attached hereto as **Exhibit "A"** (the "Engagement Letter").

16.     Specifically, the Engagement Letter "confirm[ed] the retention of Rosenfield & Company ("R&Co") by Trachtenberg, Rodes & Friedberg, LLP ("Counsel") in connection with the above-referenced action (the "Engagement")," and required R&Co to "assist Counsel and Client with consultation and analysis and will perform such other tasks as may be identified during the course of this Engagement."  **Ex. A, p 1.**

17.     The Engagement Letter further provides "Fees in connection with the Engagement will be based upon the hourly rates previously established for the work plus disbursements for fees and expenses," and the "Client will be solely responsible for payment of all such fees and expenses." **Ex. A, p. 1.**

18.     Although capitalized, the term "Client" is not defined in the Engagement Letter. The only indication of who or what entity may be contemplated by the term "Client" is a reference to "Star Auto Companies" in the signature block of the Engagement Letter.

19.     The "Star Auto Companies" referenced in the signature block of the Engagement Letter are also not defined. It follows logically that the business entities contemplated by the reference to "Star Auto Companies" in the Engagement Letter are the same entities that

compromise Star Auto Group, who collectively appeared as plaintiffs in the New York Action for which R&Co was retained to provide consulting services.

20.     Trachtenberg electronically signed the Engagement Letter. R&Co is not in possession of a copy of the Engagement Letter executed by a representative for the "Star Auto Companies" and/or Star Auto Group, and does not know whether Star Auto Group (or any of the companies within the group) signed the Engagement Letter.

21.     On information and belief, by engaging Trachtenberg as counsel in the New York Action, Star Auto Group expressly authorized Trachtenberg to act on their behalf as it pertained to any matters concerning the New York Action, including, but not limited to, retaining experts and consultants to assist with the case.

22.     As Star Auto Group's legal counsel, Trachtenberg had actual authority to engage R&Co and to direct R&Co to perform work on behalf of itself and/or Star Auto Group.

23.     Alternatively, to the extent Star Auto Group contends Trachtenberg lacked actual authority to execute the Engagement Letter on their behalf, Trachtenberg had apparent authority to retain R&Co on which R&Co reasonably relied in providing services pursuant to the Engagement Letter. R&Co's reliance on Star Auto Group's lawyer(s) was reasonable, and is especially reasonable here given R&Co's prior relationship with Star Auto Group, its principals, and affiliates.

24.     One way or another, Trachtenberg engaged R&Co and directed R&Co to perform work under the Engagement Letter.

25.     Specifically, and as an example of the work Trachtenberg directed R&Co to perform under the Engagement Letter, on September 20, 2019, Stephen Arena, a lawyer working for Trachtenberg, emailed R&Co to start an initial review of 3097 documents (12,400 pages)

produced by the opposing party in the New York Action, and directed "Rosenfield's staff to review and organize the 'Hard Copy Scans' and 'Voynow Computer Server Files.'"

26.     Trachtenberg subsequently uploaded additional documents it obtained in the New York Action to R&Co's server portal and instructed R&Co to review and/or analyze same.

27.     Over the course of R&Co's retention, R&Co provided expert consulting services to Trachtenberg, reviewed thousands of pages of documentation produced in the New York Action, and participated in numerous meetings and telephone conferences with Trachtenberg's attorneys and/or Star Auto Group concerning the New York Action.

28.     R&Co completely performed the consulting expert and litigation support services Trachtenberg instructed it to perform pursuant to the Engagement Letter. R&Co timely presented invoices to both Star Auto Group and Trachtenberg for the work R&Co completed between October 2019 and February 2020.

29.     Despite R&Co's demand for payment, Star Auto Group refuses to pay the outstanding invoices related to the litigation support services provided by R&Co.

30.     In April 2020, R&Co filed a civil action for Account Stated in the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2020-CA-004146-O. R&Co filed the action against several entities and individuals related to Star Auto Group for various unpaid invoices for work performed under different agreements than the engagement at issue in this case, but included invoices related to the consulting expert and litigation support services provided by R&Co pursuant to the Engagement Letter.

31.     The defendants in the state court action removed it to the Middle District of Florida, Case No. 6:20-cv-00857-WWB-EJK. Shortly after the case's removal to federal court, R&Co accepted an Offer of Judgment concerning all of the outstanding invoices except those related to

the consulting expert and litigation support services. *See* Case No. 6:20-cv-00857-WWB-EJK, at ECF No. 13.

32.     As explained above, the exact companies that made up the "Client" were not defined in the Engagement Letter, and the entity that R&Co sued for recovery on the litigation and consulting services invoices, Star Automotive Group, Inc., turned out to be unaffiliated with Star Auto Group.  R&Co voluntarily dismissed the claim concerning these invoices, and it was not part of the Offer of Judgment or R&Co's acceptance of same. *See* Case No. 6:20-cv-00857-WWB-EJK, at ECF No. 17.

33.     According to counsel for the entities and individuals involved in the above-referenced federal case, the "Star Auto Companies" identified in the Engagement Letter do not owe a single dollar for the litigation support services Trachtenberg directed R&Co to complete.

34.     It is unclear whether Star Auto Group contends Trachtenberg lacked actual authority to direct R&Co to perform services on their behalf, or if there is some other reason they believe the Engagement Letter is not binding on them. Whatever the case, Trachtenberg hired R&Co to perform work, directed R&Co to perform work, and R&Co, in fact, performed work for the "Client."

35.     Whether or not Trachtenberg lacked actual authority to direct R&Co to perform work for its client, it directed R&Co to perform litigation support work, for which it had apparent authority. R&Co performed work under the Engagement Letter based on its reasonable reliance on Trachtenberg's authority.

36.     Who is ultimately responsible for compensating R&Co for the work provided – Star Auto Group or Trachtenberg – is irrelevant to R&Co who performed uncompensated work it was directed to perform and agreed to perform pursuant to the Engagement Letter.

37.     To date, neither Star Auto Group nor Trachtenberg have paid the outstanding invoices. True and correct copies of the unpaid invoices are attached hereto as **Composite Exhibit "B."**

38.     In total, R&Co is owed $92,679.68 for services performed by R&Co pursuant to the Engagement Letter, plus pre-judgment interest and costs.

39.     All of the conditions precedent to the bringing of this lawsuit have occurred, been waived or otherwise been satisfied.

## COUNT I - BREACH OF CONTRACT
*AGAINST STAR AUTO GROUP*

40.     R&Co restates the allegations of Paragraphs 1 through 39.

41.     This is an action for damages in excess of $75,000.00, exclusive of pre-judgment interest and costs against Star Auto Group for breach of contract.

42.     A valid contract existed between R&Co and Star Auto Group.

43.     R&Co performed all of its obligations under the Engagement Letter by rendering litigation support and consulting expert services to Star Auto Group pursuant to the direction of Star Auto Group's authorized agent and legal counsel, Trachtenberg, in connection with the New York Action.

44.     Star Auto Group materially breached its obligation under the Engagement Letter by failing to timely pay the amounts due for the litigation support and consulting expert services provided by R&Co.

45.     As a direct and proximate result of Star Auto Group's material breach of the Engagement Letter, R&Co has suffered monetary damages in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT II - UNJUST ENRICHMENT (Implied-in-Law Contract)
### *AGAINST STAR AUTO GROUP*

46.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

47.     This is an action for unjust enrichment (breach of an implied-in-law contract) against Star Auto Group, and is brought in the alternative to Counts I, III, IV, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

48.     R&Co conferred a benefit on Star Auto Group in the form of litigation support and consulting expert services, which were rendered in furtherance of the New York Action. The scope and extent of the services provided by R&Co are evidenced by the work detailed in the invoices sent out by R&Co, which includes, but is not limited to, the review and analysis of more than 12,500 pages of documents produced in the New York Action.

49.     Star Auto Group knew of the benefits conferred by R&Co as it authorized its legal counsel to engage experts such as R&Co to assist in the litigation of the New York Action, and was consistently updated on R&Co's findings and/or opinions via emails, calls, and in-person meetings.

50.     Star Auto Group voluntarily accepted and retained all of the benefits conferred to it by continuing to use the information uncovered and/or advice offered by R&Co staff members.

51.     The circumstances are such that it would be inequitable for Star Auto Group to retain these benefits without compensating R&Co for their full value.

52.     R&Co is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT III - QUANTUM MERUIT (Implied-in-Fact Contract)
### *AGAINST STAR AUTO GROUP*

53.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

54.     This is an action for *quantum meruit* (breach of an implied-in-fact contract) against Star Auto Group, and is brought in the alternative to Counts I, II, IV, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

55.     An implied-in-fact contract existed between R&Co and Star Auto Group, whereby some or all of the terms were inferred from the conduct of the parties, although not necessarily expressed in words.

56.     Star Auto Group's assent to this implied-in-fact contract for R&Co to provide litigation support services and related work in conjunction with the litigation of the New York Action is evident through the circumstances, as well as the parties' course of dealing, including, but not limited to, Star Auto Group's participation in, and knowledge of, meetings involving itself, R&Co staff members, and Trachtenberg's attorneys to discuss matters pertaining to the New York Action.

57.     R&Co performed consulting expert and litigation support services on behalf of Star Auto Group in good faith, and the rendering of said services was done with the knowledge of Star Auto Group, who ultimately accepted the services provided. Under these circumstances, the parties understood and intended that compensation would be paid to R&Co in exchange for the litigation support services rendered.

58.     Star Auto Group breached the implied-in-fact contract with R&Co by failing to pay a reasonable amount for the services R&Co provided.

59.     As a result of Star Auto Group's breach, R&Co has suffered damages, and is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

### COUNT IV - BREACH OF CONTRACT
*AGAINST TRACHTENBERG*

60.     R&Co restates the allegations of Paragraphs 1 through 39.

61.     This is an action for damages in excess of $75,000.00, exclusive of pre-judgment interest and costs against Trachtenberg for breach of contract, and is brought in the alternative to Counts I, II, III, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

62.     A valid contract existed between R&Co and Trachtenberg.

63.     R&Co performed all of its obligations under the Engagement Letter by rendering litigation support and consulting expert services to Trachtenberg and its client, Star Auto Group, pursuant to Trachtenberg's direction in connection with the New York Action.

64.     Trachtenberg materially breached its obligation under the Engagement Letter by failing to timely pay the amounts due for the litigation support and consulting expert services provided by R&Co.

65.     As a direct and proximate result of Trachtenberg's material breach of the Engagement Letter, R&Co has suffered monetary damages in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

### COUNT V - UNJUST ENRICHMENT (Implied-in-Law Contract)
*AGAINST TRACHTENBERG*

66.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

67.     This is an action for unjust enrichment (breach of an implied-in-law contract) against Trachtenberg, and is brought in the alternative to Counts I, II, III, IV, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

68.     R&Co conferred a benefit on Trachtenberg in the form of litigation support and consulting expert services, which were rendered in furtherance of Trachtenberg's handling of the New York Action. The scope and extent of the services provided by R&Co are evidenced by the work detailed in the invoices sent out by R&Co, which includes, but is not limited to, the review and analysis of more than 12,500 pages of documents produced in the New York Action.

69.     Trachtenberg knew of the benefits conferred by R&Co because it directed the scope of litigation support work R&Co provided to it.

70.     Trachtenberg voluntarily accepted and retained all of the benefits conferred to it by repeatedly consulting with R&Co staff members, and directing those staff members to review documentation produced during the discovery phase of the New York Action.

71.     The circumstances are such that it would be inequitable for Trachtenberg to retain these benefits without compensating R&Co for their full value.

72.     R&Co is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but which shall not be less than in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT VI - QUANTUM MERUIT (Implied-in-Fact Contract)
### *AGAINST TRACHTENBERG*

73.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

74.     This is an action for *quantum meruit* (breach of an implied-in-fact contract) against Trachtenberg, and is brought in the alternative to Counts I, II, III, IV and V pursuant to Federal Rule of Civil Procedure 8(d)(2).

75.     An implied-in-fact contract existed between R&Co and Trachtenberg, whereby some or all of the terms were inferred from the conduct of the parties, although not necessarily expressed in words.

76.     Trachtenberg's assent to this implied-in-fact contract for R&Co to provide litigation support services work in conjunction with Trachtenberg's prosecution of the New York Action is evident through the circumstances, their course of dealing, and/or their course of performance, including, but not limited to, their continual correspondence with, and instruction to, R&Co employees concerning the review of all documentation produced in the case.

77.     R&Co performed consulting expert and litigation support services on behalf of Trachtenberg in good faith, and the rendering of said services was done at the direction of Trachtenberg. Under these circumstances, the parties understood and intended that compensation would be paid to R&Co in exchange for the litigation support services rendered.

78.     Trachtenberg breached the implied-in-fact contract with R&Co by failing to pay a reasonable amount for the services  R&Co provided.

79.     As a result of Trachtenberg's breach, R&Co has suffered damages, and is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ROSENFIELD & COMPANY, PLLC, respectfully prays for judgment against Defendants, STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR

AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF

QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI), or alternatively, against Defendant,

TRACHTENBERG, RODES & FRIEDBERG, LLP, in an amount to be established at trial, but

not less than $92,679.68, plus pre-judgment interest, costs, and for any such other relief as this

Court deems just and proper.

### DEMAND FOR JURY TRIAL

R&Co hereby demands a jury trial for all claims so triable.


Respectfully submitted this 30th day of April, 2021,

/s/Jason A. Zimmerman
**Jason A. Zimmerman**
New York Bar No. 4910337
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Addresses:
cindi.garner@gray-robinson.com
downs.litigation@gray-robinson.com
**GRAY|ROBINSON, P.A.**
301 East Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorney for Plaintiff, Rosenfield & Co.*