UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ROSENFIELD & COMPANY, PLLC,                    :

          Plaintiff,                           :

          v.                                   :     Case No. 1:21-cv-03858

TRACHTENBERG RODES & FRIEDBERG LLP,            :     **ANSWER**
STAR AUTO SALES OF BAYSIDE, INC.               :
  (d/b/a STAR TOYOTA OF BAYSIDE),               :
STAR AUTO SALES OF QUEENS, LLC                 :
  (d/b/a STAR SUBARU),                          :
STAR HYUNDAI LLC (d/b/a STAR HYUNDAI),         :
STAR NISSAN, INC. (d/b/a STAR NISSAN),         :
METRO CHRYSLER PLYMOUTH INC.                    :
  (d/b/a STAR CHYRSLER JEEP DODGE),             :
STAR AUTO SALES OF QUEENS COUNTY LLC           :
  (d/b/a STAR FIAT), and                        :
STAR AUTO SALES OF QUEENS VILLAGE LLC          :
  (d/b/a STAR MITSUBISHI),                      :
                                               :
          Defendants.                          :
------------------------------------------------------------------------x

        Defendant Trachtenberg Rodes & Friedberg LLP ("TRF") responds to the

complaint (the "Complaint") as follows:

## ANSWERING ALLEGATIONS

### *As to the Nature of the Action Allegations*

        1.     TRF denies the allegations set forth in Paragraph 1 of the Complaint,

except admits that plaintiff Rosenfield & Company, PLLC ("Plaintiff" or "Rosenfield") purports

to bring an action for breach of contract and/or unjust enrichment against the seven automobile

dealerships named in the caption (the "Star Auto Group") and TRF, counsel to the Star Auto

Group in an action against their former accountants (the "Voynow Litigation"), for which

Plaintiff acted as, among other things, a consulting expert.

### *As to the Jurisdiction and Venue Allegations*

2.        To the extent the allegations set forth against TRF in Paragraph 2 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein, except denies information or belief sufficient to respond to the assertion that there is "complete diversity" among all parties.

3.        To the extent the allegations set forth against TRF in Paragraph 3 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein, except admits that TRF transacts business in New York.

4.        To the extent the allegations set forth against TRF in Paragraph 4 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein.

### *As to the Party Allegations*

5.        TRF denies information or belief sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

6.        TRF admits the allegations set forth in Paragraph 6 of the Complaint.

7.        TRF neither admits nor denies the allegations set forth in Paragraph 7 of the Complaint as they are addressed to the Star Auto Group.

8.        TRF neither admits nor denies the allegations set forth in Paragraph 8 of the Complaint as they are addressed to the Star Auto Group.

9.        TRF neither admits nor denies the allegations set forth in Paragraph 9 of the Complaint as they are addressed to the Star Auto Group.

10.       TRF neither admits nor denies the allegations set forth in Paragraph 10 of the Complaint as they are addressed to the Star Auto Group.

11.     TRF neither admits nor denies the allegations set forth in Paragraph 11 of the Complaint as they are addressed to the Star Auto Group.

12.     TRF neither admits nor denies the allegations set forth in Paragraph 12 of the Complaint as they are addressed to the Star Auto Group.

13.     TRF neither admits nor denies the allegations set forth in Paragraph 13 of the Complaint as they are addressed to the Star Auto Group.

### As to the "General" Allegations

14.     TRF neither admits nor denies the allegations set forth in Paragraph 14 of the Complaint as they are addressed to the Star Auto Group.

15.     TRF denies the allegations set forth in Paragraph 15 of the Complaint and avers as follows: (i) Plaintiff had been retained by and was providing various services to the Star Auto Group prior to TRF's involvement with the Star Auto Group, (ii) TRF was retained to represent the Star Auto Group in its action against its former accountants (the "Voynow Litigation") by way of a letter of engagement (the "TRF Engagement Letter") in December 2017, (iii) Plaintiff provided various consulting services to TRF in connection with the Voynow Litigation starting as early as December 2017, (iv) as to all such services, Plaintiff billed and was paid by the Star Auto Group directly, (v) TRF sought to formalize Plaintiff's engagement as a "consulting expert" in the Voynow Litigation in October 2019, (vi) TRF prepared and circulated the "Rosenfield Engagement Letter" referred to in Paragraph 15 of the Complaint and attached thereto as Exhibit A to Plaintiff and the Star Auto Group for that purpose in October 2019, (vii) the Rosenfield Engagement Letter stipulates that Plaintiff's fees "will be based upon the hourly rates previously established" by the "Client," i.e., the Star Auto Group, and (viii) the Rosenfield Engagement Letter further stipulates repeatedly that Plaintiff shall remit all statements for

services only to the "Client" and that the "Client" will be "solely responsible for payment of all such fees and expenses."  TRF respectfully refers the Court to the Rosenfield Engagement Letter and all related correspondence for a complete statement of its terms and contents in context.

16.     In response to the allegations set forth in Paragraph 16 of the Complaint, TRF respectfully refers the Court to the Rosenfield Engagement Letter for a complete statement of its terms and contents.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint, TRF respectfully refers the Court to the Rosenfield Engagement Letter for a complete statement of its terms and contents.

18.     In response to the allegations set forth in Paragraph 18 of the Complaint, TRF respectfully refers the Court to the Rosenfield Engagement Letter for a complete statement of its terms and contents.

19.     In response to the allegations set forth in Paragraph 19 of the Complaint, TRF respectfully refers the Court to the Rosenfield Engagement Letter for a complete statement of its contents and admits that Plaintiff agreed, as it pleads in Paragraph 19, that all references to the "Client" and the "Star Auto Companies" in the "Engagement Letter" in fact referred to the Star Auto Group companies that were plaintiffs in the Voynow Litigation.

20.     TRF admits the allegation set forth in Paragraph 20 of the Complaint regarding its signature, and denies information or belief sufficient to respond to the remaining allegations therein.

21.     To the extent the allegations set forth against TRF in Paragraph 21 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations therein, refers the Court to the Rosenfield Engagement Letter and avers that it acted

all relevant times with the authority of its clients and within the scope of its representation of the clients in the Voynow Litigation.

22.     To the extent the allegations set forth against TRF in Paragraph 22 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations therein, refers the Court to the Rosenfield Engagement Letter and avers that it acted all relevant times with the authority of its clients and within the scope of its representation of the clients in the Voynow Litigation.

23.     To the extent the allegations set forth against TRF in Paragraph 23 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations therein, refers the Court to the Rosenfield Engagement Letter and avers that it acted all relevant times with the authority of its clients and within the scope of its representation of the clients in the Voynow Litigation.

24.     To the extent the allegations set forth against TRF in Paragraph 24 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations therein, refers the Court to the Rosenfield Engagement Letter and avers that it acted all relevant times with the authority of its clients and within the scope of its representation of the clients in the Voynow Litigation.

25.     TRF denies the allegations set forth in Paragraph 25 of the Complaint, and respectfully refers the Court to the correspondence referenced therein for a complete statement of the requests to Plaintiff set forth therein.

26.     TRF denies the allegations set forth in Paragraph 26 of the Complaint, and respectfully refers the Court to the correspondence between TRF and Plaintiff regarding its request for services set forth therein.

27.     TRF denies the allegations set forth in Paragraph 27 of the Complaint, and avers that (i) Plaintiff failed to perform as TRF directed, (ii) Plaintiff sought to perform and charge for various services that were not requested or authorized by TRF or the Star Auto Group, (iii) Plaintiff charged excessive and unjustified amounts for services it claimed it did perform, (iv) Plaintiff ran up enormous fees in a very short time without approval, authorization or value, (v) Plaintiff sought to bill under the scope of the Voynow Litigation various services that had nothing to do with TRF's representation or the Voynow Litigation, and (vi) Plaintiff otherwise failed to perform services for the Star Auto Group in a competent or valuable manner in various other ways.

28.     TRF denies the allegations set forth in Paragraph 28 of the Complaint.

29.     TRF denies the allegations set forth in Paragraph 29 of the Complaint, except admits that the Star Auto Group rightfully and properly refused to pay Plaintiff's invoices for litigation support.

30.     In response to the allegations set forth in Paragraph 30 of the Complaint, TRF respectfully refers the Court to the pleading referenced therein for a complete statement of its contents.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, TRF respectfully refers the Court to the removal papers and Offer of Judgment referenced therein for a complete statement of its contents.

32.     In response to the allegations set forth in Paragraph 32 of the Complaint, TRF respectfully refers the Court to the documents referenced therein for a complete statement of their contents.

33.     To the extent that the allegations of Paragraph 33 do not refer to TRF, no response is required, except that TRF avers the Star Auto Group rightfully and properly refused to pay Plaintiff's invoices for purported litigation support.

34.     To the extent the allegations set forth against TRF in Paragraph 34 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein.

35.     To the extent the allegations set forth against TRF in Paragraph 35 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein.

36.     To the extent the allegations set forth against TRF in Paragraph 36 of the Complaint assert a legal conclusion, no response is required.  Otherwise, TRF denies the allegations set forth therein.

37.     TRF denies the allegations set forth in Paragraph 37 of the Complaint, except admits that the Star Auto Group rightfully and properly refused to pay Plaintiff's invoices for litigation support referenced and attached to the Complaint as Exhibit B.

38.     TRF denies the allegations set forth in Paragraph 38 of the Complaint.

39.     TRF denies the allegations set forth in Paragraph 39 of the Complaint.

### *As To Count I Against The "Star Auto Group"* ###
### *For Breach Of Contract* ###

40.     In response to the Paragraph 40 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

41.     To the extent the allegations set forth in Paragraph 41 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

42.     To the extent the allegations set forth in Paragraph 42 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

43.     To the extent the allegations set forth in Paragraph 43 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

44.     To the extent the allegations set forth in Paragraph 44 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

45.     To the extent the allegations set forth in Paragraph 45 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

### *As To Count II Against The "Star Auto Group"*
### *For Unjust Enrichment/Implied-In-Law Contact*

46.     In response to the Paragraph 46 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

47.     To the extent the allegations set forth in Paragraph 47 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

48.     To the extent the allegations set forth in Paragraph 48 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

49.     To the extent the allegations set forth in Paragraph 49 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

50.     To the extent the allegations set forth in Paragraph 50 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

51.     To the extent the allegations set forth in Paragraph 51 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

52.     To the extent the allegations set forth in Paragraph 52 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

### *As To Count III Against The "Star Auto Group"* <br> *For Quantum Meruit/Implied-In-Fact Contact*

53.     In response to the Paragraph 53 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

54.     To the extent the allegations set forth in Paragraph 54 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

55.     To the extent the allegations set forth in Paragraph 55 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

56.     To the extent the allegations set forth in Paragraph 56 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

57.     To the extent the allegations set forth in Paragraph 57 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

58.     To the extent the allegations set forth in Paragraph 58 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

59.     To the extent the allegations set forth in Paragraph 59 of the Complaint are asserted against the Star Auto Group, no response from TRF is required.  Otherwise, TRF denies the allegations set forth therein.

### *As To Count IV Against TRF* <br> *For Breach Of Contract*

60.     In response to the Paragraph 60 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

61.     TRF denies the allegations set forth in Paragraph 61 of the Complaint, except admits that Plaintiff purports to bring this action as alleged.

62.     TRF denies the allegations set forth in Paragraph 62 of the Complaint, and respectfully refers the Court to the Rosenfield Engagement Letter for a complete statement of its terms and contents.

63.     TRF denies the allegations set forth in Paragraph 63 of the Complaint.

64.     TRF denies the allegations set forth in Paragraph 64 of the Complaint.

65.     TRF denies the allegations set forth in Paragraph 65 of the Complaint.

***As To Count V Against TRF***
***For Unjust Enrichment/Implied-In-Law Contact***

66.     In response to the Paragraph 66 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

67.     TRF denies the allegations set forth in Paragraph 67 of the Complaint, except admits that Plaintiff purports to bring this action as alleged.

68.     TRF denies the allegations set forth in Paragraph 68 of the Complaint.

69.     TRF denies the allegations set forth in Paragraph 69 of the Complaint.

70.     TRF denies the allegations set forth in Paragraph 70 of the Complaint.

71.     TRF denies the allegations set forth in Paragraph 71 of the Complaint.

72.     TRF denies the allegations set forth in Paragraph 72 of the Complaint.

***As To Count VI Against TRF***
***For Quantum Meruit/Implied-In-Fact Contact***

73.     In response to the Paragraph 73 of the Complaint, TRF incorporates by reference and realleges all of its preceding answering allegations.

74.     TRF denies the allegations set forth in Paragraph 74 of the Complaint, except admits that Plaintiff purports to bring this action as alleged.

75.     TRF denies the allegations set forth in Paragraph 75 of the Complaint.

76.     TRF denies the allegations set forth in Paragraph 76 of the Complaint.

77.     TRF denies the allegations set forth in Paragraph 77 of the Complaint.

78.     TRF denies the allegations set forth in Paragraph 78 of the Complaint.

79.     TRF denies the allegations set forth in Paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim against TRF upon which relief may be granted.

2.      The claims in the Complaint are barred, in whole or in part, by res judicata.

3.      The claims in the Complaint are barred, in whole or in part, by equitable estoppel.

4.      The claims in the Complaint are barred, in whole or in part, by unclean hands.

5.      The claims in the Complaint are barred, in whole or in part, by laches.

## FIRST CROSS-CLAIM AGAINST THE STAR AUTO GROUP
### (Contribution/Indemnification)

1.      TRF incorporates and realleges the foregoing answering allegations in connection with this First Cross-Claim.

2.      The Star Auto Group engaged TRF to represent it in connection with the Voynow Litigation.

3.      The TRF Engagement Letter provides in relevant part that the Star Auto Group agrees to reimburse TRF for expenses incurred on its behalf throughout the representation.

4.      At all relevant times, the Star Auto Group authorized TRF to use the services of and/or retain Plaintiff as a consulting expert in connection with that representation.

5.      At all relevant times, the Star Auto Group was fully aware of and participated in all such interactions and in fact paid all Plaintiff invoices directly for all such

services, until the invoices that give rise to this action were purportedly stated and immediately objected to.

6.      As alleged above in response to the allegations of Paragraph 27 of the Complaint and otherwise, TRF denies that Plaintiff is entitled to any recovery in this action against TRF or the Star Auto Group for the disputed invoices and avers that the Star Auto Group rightfully and properly refused to pay them for the reasons set forth above and to be further demonstrated at trial.

7.      However, if Plaintiff succeeds in this action to hold TRF liable for any portion of fees or other charges it seeks to collect for its purported work on the Voynow Litigation or otherwise, TRF should be reimbursed for any such amounts by the Star Auto Group by contract or otherwise.

8.      By reason of the foregoing, if and to the extent Plaintiff succeeds in any action against TRF for any portion of fees or charges it now claims in connection with its purported work on the Voynow Litigation or otherwise, the Star Auto Group must reimburse TRF for any and all such amounts.

### SECOND CROSS-CLAIM AGAINST THE STAR AUTO GROUP
**(Breach of Contract)**

9.      TRF incorporates and realleges the foregoing allegations in connection with this Second Cross-Claim.

10.      Pursuant to the TRF Engagement Letter, TRF provided legal services to the Star Auto Group for the period from December 1, 2017 through approximately December 11, 2020.

11.      On December 18, 2020, the Star Auto Group terminated TRF's engagement.

12.     At the time of the termination, TRF had open and unpaid invoices issued to the Star Auto Group in the aggregate amount of $38,103.52.

13.     To facilitate the transfer of the file to the Star Auto Group's new counsel in the Voynow Litigation, the Milman Labuda Law Group PLLC, the Star Auto Group promised to pay a portion of the outstanding amount promptly and to pay the remaining balance once the transfer of the file materials was complete.

14.     Thereafter, the Star Auto Group made a partial payment of $25,944.22, and TRF in fact transferred the file in good order to Milman Labuda based on the assurances from the Star Auto Company and Milman Labuda partner Richard Milman that the remainder would be paid promptly following the transfer.

15.     Despite TRF's good faith transfer and cooperation during the transition, however, the Star Auto Group has failed to and refused to make final payment in the amount of $12,159.30, which amount remains due and owing under the TRF Engagement Letter.

16.     By reason of the foregoing, the Star Auto Group is liable to TRF for breach of contract for $12,159.30, plus interest and attorneys' fees.

## THIRD CROSS-CLAIM AGAINST THE STAR AUTO GROUP
### (Account Stated)

17.     TRF incorporates and realleges the foregoing allegations in connection with this Third Cross-Claim.

18.     TRF stated all invoices to the Star Auto Group in the ordinary course, including its final invoice number 8856 for $38,103.52.

19.     At no time did the Star Auto Group object to TRF's final invoice (or any other invoice) or otherwise dispute the account. In fact, the Star Auto Group made a substantial

partial payment of $24,944.22 towards the balance of the invoice and promised to pay the rest in due course.

20.     By reason of the foregoing, the Star Auto Group is liable to TRF for account stated in the amount of $12,159.30, plus interest and attorneys' fees.

**WHEREFORE**, defendant Trachtenberg Rodes & Friedberg LLP respectfully demands judgment dismissing the Complaint as against it in its entirety and judgment in its favor on its cross-claims against the Star Auto Group, together with the costs and disbursements of this action and any such other and further relief as this Court deems equitable and just.

Dated:   New York, New York
         May 27, 2021

Respectfully submitted,

**TRACHTENBERG RODES & FRIEDBERG LLP**

By:_____
         Barry J. Friedberg (BF7337)

420 Lexington Avenue, Suite 2800
New York, New York 10170
(212) 972-2929

15