IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

ROSENFIELD & COMPANY, PLLC,                :
                                            :
            Plaintiff,                      :
                                            :          CASE NO. 1:21-cv-03858
vs.                                         :
                                            :          **ROSENFIELD & COMPANY,**
TRACHTENBERG, RODES &                       :          **PLLC'S ANSWER AND**
FRIEDBERG LLP, STAR AUTO SALES OF           :          **AFFIRMATIVE DEFENSES TO**
BAYSIDE, INC. (d/b/a STAR TOYOTA OF         :          **STAR DEFENDANT'S**
BAYSIDE), STAR AUTO SALES OF                :          **FIRST AMENDED**
QUEENS, LLC (d/b/a STAR SUBARU),            :          **COUNTERCLAIMS**
STAR HYUNDAI LLC (d/b/a STAR                :
HYUNDAI), STAR NISSAN, INC. (d/b/a STAR     :
NISSAN), METRO CHRYSLER PLYMOUTH            :
INC. (d/b/a STAR CHRYSLER JEEP DODGE),      :
STAR AUTO SALES OF QUEENS COUNTY            :
LLC (d/b/a STAR FIAT), and STAR AUTO        :
SALES OF QUEENS VILLAGE LLC (d/b/a          :
STAR MITSUBISHI),                           :
                                            :
            Defendants.                     :
_____X
STAR AUTO SALES OF                          :
BAYSIDE, INC. (d/b/a STAR TOYOTA OF         :
BAYSIDE), STAR AUTO SALES OF                :
QUEENS, LLC (d/b/a STAR SUBARU),            :
STAR HYUNDAI LLC (d/b/a STAR                :
HYUNDAI), STAR NISSAN, INC. (d/b/a STAR     :
NISSAN), METRO CHRYSLER PLYMOUTH            :
INC. (d/b/a STAR CHRYSLER JEEP DODGE),      :
STAR AUTO SALES OF QUEENS COUNTY            :
LLC (d/b/a STAR FIAT), and STAR AUTO        :
SALES OF QUEENS VILLAGE LLC (d/b/a          :
STAR MITSUBISHI),                           :
                                            :
            Third-Party Plaintiffs,         :
                                            :
vs.                                         :
                                            :
BARRY J. FRIEDBERG and                      :
LEONARD A. RODES,                           :
                                            :
            Third-Party Defendants.         :
_____X

Plaintiff/Counterclaim-Defendant, Rosenfield & Company, PLLC ("Rosenfield" or "Plaintiff"), by and through its undersigned attorneys, hereby responds to the First Amended Counterclaims filed by the Defendants/Counterclaim-Plaintiffs, Star Auto Sales of Bayside, Inc. (d/b/a Star Toyota of Bayside), Star Auto Sales of Queens, LLC (d/b/a Star Subaru), Star Hyundai LLC (d/b/a Star Hyundai), Star Nissan, Inc. (d/b/a Star Nissan), Metro Chrysler Plymouth Inc. (d/b/a Star Chrysler Jeep Dodge), Star Auto Sales of Queens County LLC (d/b/a Star Fiat), and Star Auto Sales of Queens Village LLC (d/b/a Star Mitsubishi) (collectively referred to hereinafter as the "Star Auto Group" or "Star Defendants"), in this matter and states:

1.    Rosenfield admits Star Auto Group makes certain allegations in Paragraph 1 concerning the nature of their claims against Rosenfield. However, Rosenfield denies any valid cause of action exists.

## JURISDICTION

2.    Rosenfield admits the allegations in Paragraph 2 for jurisdictional purposes only.

## PARTIES

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Rosenfield admits the allegations in Paragraph 10 only to the extent that Star Auto Sales of Queens Village LLC is a New York limited liability company with its principal place of

business in Queens Village, New York. Otherwise, Rosenfield is without knowledge as to the remaining allegations in Paragraph 10, and therefore, denies same.

## FACTUAL ALLEGATIONS

11.     Rosenfield is without knowledge as to the allegations in Paragraph 11, and therefore, denies same.

12.     Rosenfield is without knowledge as to the allegations in Paragraph 12, and therefore, denies same.

13.     Rosenfield is without knowledge as to the allegations in Paragraph 13, and therefore, denies same.

14.     Rosenfield is without knowledge as to the allegations in Paragraph 14, and therefore, denies same.

15.     Rosenfield denies the allegations in Paragraph 15.

16.     Rosenfield admits the allegations in Paragraph 16 only to the extent Rosenfield has extensive experience in the automotive retail industry. Otherwise, Rosenfield is without knowledge as to the reasons why Star Auto Group retained Rosenfield, and therefore, denies same.

17.     Rosenfield admits the allegations in Paragraph 17 only to the extent Rosenfield previously provided tax and accounting services to Star Auto Group, its principals, and affiliated companies, and that Star Auto Group's First Amended Counterclaims does not involve any of Rosenfield's prior tax and accounting services work. The remaining allegations in Paragraph 17 are otherwise denied.

18.     Rosenfield incorporates by reference those allegations in Star Auto Group's Cross-claims against Defendant, Trachtenberg, Rodes & Friedberg, LLP, and Third-Party Defendants, Barry J. Friedberg and Leonard A. Rodes.

*__The 4/20/17 Rosenfield Contract__*

19.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

20.     Rosenfield admits the allegations in Paragraph 20 only to the extent Star Auto Group entered into an agreement with Rosenfield on or about April 20, 2017 (the "4/20/17 Rosenfield Contract") and that the 4/20/17 Rosenfield Contract speaks for itself. The remaining allegations in Paragraph 20 are otherwise denied.

21.     Rosenfield admits the allegations in Paragraph 21 only to the extent that the 4/20/17 Rosenfield Contract speaks for itself and denies any inconsistent allegations.

22.     Rosenfield admits the allegations in Paragraph 22 only to the extent that the 4/20/17 Rosenfield Contract speaks for itself and denies any inconsistent allegations.

23.     Rosenfield admits the allegations in Paragraph 23 only to the extent that the 4/20/17 Rosenfield Contract speaks for itself and denies any inconsistent allegations.

24.     Rosenfield admits the allegations in Paragraph 24 (including all subparts) only to the 4/20/17 Rosenfield Contract speaks for itself and denies any inconsistent allegations.

25.     Rosenfield admits the allegations in Paragraph 25 only to the extent that the 4/20/17 Rosenfield Contract speaks for itself and denies any inconsistent allegations.

26.     Rosenfield admits the allegations in Paragraph 26 only to the extent Star Auto Group paid a retainer in connection with the 4/20/2017 Rosenfield Contract. The remaining allegations in Paragraph 26 are otherwise denied.

27.     Rosenfield admits the allegations in Paragraph 27 only to the extent Rosenfield issued invoices to Star Auto Group for services rendered under the 4/20/17 Rosenfield Contract. The remaining allegations in Paragraph 27 are otherwise denied.

28.     Rosenfield denies the allegations in Paragraph 28.

### *The 5/25/17 Rosenfield Contract*

29.     Rosenfield denies the allegations in Paragraph 29.

30.     Rosenfield admits the allegations in Paragraph 30 only to the extent Star Auto Group subsequently retained Rosenfield to perform litigation support services in the civil case, *Star v. Voynow*, Case No. 18-cv-5775-ERK-CLP (E.D.N.Y). The remaining allegations in Paragraph 30 are otherwise denied.

31.     Rosenfield denies the allegations in Paragraph 31.

32.     Rosenfield denies the allegations in Paragraph 32.

### *Rosenfield Breaches its Contracts with Star Auto Group*

33.     Paragraph 33 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 33.

34.     Paragraph 34 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 34.

35.     Rosenfield denies the allegations in Paragraph 35.

36.     Paragraph 36 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 36.

37.     Rosenfield is without knowledge as to allegations in Paragraph 37 concerning whether Star Auto Group retained another forensic accountant(s) and/or the reasons why any other forensic accountant(s) were retained, and therefore, denies same. The remaining allegations in Paragraph 37 are otherwise denied.

38.     Paragraph 38 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 38 (including all subparts).

39.     Rosenfield denies the allegations in Paragraph 39 (including all subparts).

40.     Rosenfield denies the allegations in Paragraph 40.

41.     Rosenfield denies the allegations in Paragraph 41.

42.     Rosenfield denies the allegations in Paragraph 42.

43.     Rosenfield denies the allegations in Paragraph 43.

44.     Rosenfield is without knowledge as to allegations in Paragraph 44 concerning whether Star Auto Group retained and paid another forensic accountant(s) and/or the reasons why any other forensic accountant(s) were retained, and therefore, denies same. The remaining allegations in Paragraph 44 are otherwise denied.

45.     Rosenfield denies the allegations in Paragraph 45.

46.     Paragraph 46 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 46. Rosenfield further denies Star Auto Group is entitled to the relief it requests in Paragraph 46.

### *Breach of Contract Dated March 8, 2019*

47.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

48.     Admitted.

49.     Rosenfield admits the allegations in Paragraph 49 only to the extent that the "3/8/19 Rosenfield Contract" speaks for itself and denies any inconsistent allegations.

50.      Rosenfield admits the allegations in Paragraph 50 only to the extent that the "3/8/19 Rosenfield Contract" speaks for itself and denies any inconsistent allegations.

51.      Rosenfield admits the allegations in Paragraph 51 only to the extent that the "3/8/19 Rosenfield Contract" speaks for itself and denies any inconsistent allegations.

52.      Rosenfield denies the allegations in Paragraph 52.

53.      Rosenfield admits the allegations in Paragraph 53 only to the extent that the "3/8/19 Rosenfield Contract" speaks for itself and denies any inconsistent allegations.

54.      Rosenfield denies the allegations in Paragraph 54.

55.      Rosenfield denies the allegations in Paragraph 55.

56.      Rosenfield denies the allegations in Paragraph 56.

57.      Rosenfield denies the allegations in Paragraph 57.

58.      Rosenfield denies the allegations in Paragraph 58.

59.      Rosenfield denies the allegations in Paragraph 59.

60.      Rosenfield denies the allegations in Paragraph 60.

61.      Rosenfield denies the allegations in Paragraph 61.

62.      Paragraph 62 calls for a legal conclusion to which no response is required. To the extent a response is required, Rosenfield denies the allegations in Paragraph 62.

### FIRST COUNTERCLAIM AGAINST ROSENFIELD
**(Breach of the 4/20/17 Rosenfield Contract)**

63.      Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

64.      Rosenfield denies the allegations in Paragraph 64.

65.      Rosenfield denies the allegations in Paragraph 65.

## SECOND COUNTERCLAIM AGAINST ROSENFIELD
### (Breach of the 5/25/17 Rosenfield Contract)

66.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

67.     Rosenfield denies the allegations in Paragraph 67.

68.     Rosenfield denies the allegations in Paragraph 68.

## THIRD COUNTERCLAIM AGAINST ROSENFIELD
### (Breach of Implied Contract Dated May 25, 2017)
### (In the Alternative to Counts II and IV)

69.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

70.     Rosenfield denies the allegations in Paragraph 70.

71.     Rosenfield denies the allegations in Paragraph 71.

72.     Rosenfield denies the allegations in Paragraph 72.

73.     Rosenfield denies the allegations in Paragraph 73.

## FOURTH COUNTERCLAIM AGAINST ROSENFIELD
### (Breach of Quasi-Contract Dated May 25, 2017- Promissory Estoppel)
### (In the Alternative to Counts II and III)

74.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

75.     Rosenfield denies the allegations in Paragraph 75.

76.     Rosenfield denies the allegations in Paragraph 76.

77.     Rosenfield denies the allegations in Paragraph 77.

78.     Rosenfield denies the allegations in Paragraph 78.

**<u>FIFTH COUNTERCLAIM AGAINST ROSENFIELD</u>**
**(Breach of the 3/8/19 Rosenfield Contract)**

79.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

80.     Rosenfield denies the allegations in Paragraph 80.

81.     Rosenfield denies the allegations in Paragraph 81.

**<u>SIXTH COUNTERCLAIM AGAINST ROSENFIELD</u>**
**(Fraudulent Misrepresentation)**

82.     Rosenfield repeats and re-alleges its responses to the preceding paragraphs as if fully set forth herein.

83.     Rosenfield denies the allegations in Paragraph 83.

84.     Rosenfield denies the allegations in Paragraph 84.

85.     Rosenfield denies the allegations in Paragraph 85 (including all subparts).

86.     Rosenfield denies the allegations in Paragraph 86.

87.     Rosenfield denies the allegations in Paragraph 87.

88.     Rosenfield denies the allegations in Paragraph 88.

89.     Rosenfield denies the allegations in Paragraph 89.

**<u>PRAYER FOR RELIEF</u>**

Rosenfield denies all demands for judgment set forth in the WHEREFORE Clause of Star Auto Group's First Amended Counterclaims. Further, Rosenfield denies Star Auto Group is entitled to any of the forms of relief requested in the WHEREFORE Clause.

## ROSENFIELD'S AFFIRMATIVE DEFENSES

Rosenfield alleges the following affirmative defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery.  Rosenfield denies all allegations in the First Amended Counterclaims that have not been specifically admitted.

### First Defense (Failure to State a Claim)

As its First Affirmative Defense, Rosenfield asserts Count II fails to state a cause of action for breach of an oral contract. In order to recover for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate the parties "shared a meeting of the minds regarding the alleged oral agreement's material terms and that the parties intended to be bound." *See Indep. Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1194 (S.D.N.Y. 1996). Count II fails to state a cause of action upon which relief can be granted for breach of an oral contract because the Count fails to allege with requisite specificity the essential terms of the purported oral contract.

### Second Affirmative Defense (Express Contract Exists)

As its Second Affirmative Defense, Rosenfield asserts an express agreement existed between the parties—the 4/20/17 Rosenfield Contract.  The existence of an express agreement between the parties prohibits Star Auto Group from seeking relief under an alleged contract implied-in-fact (Count III) or under an alleged quasi-contract (Count IV).

### Third Affirmative Defense (Adequate Legal Remedy Available)

As its Third Affirmative Defense, Rosenfield asserts it is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter. The theory of quasi-contract/promissory estoppel is equitable in nature and is, therefore, not available where there is an adequate legal remedy.

### Fourth Affirmative Defense (Lack of Assent)

As its Fourth Affirmative Defense, Rosenfield asserts Star Auto Group's claims for breach of implied-in-fact contract (Count III) are barred because there was no mutual assent between the parties. *See I.G. Second Generation Partners, L.P. v. Duane Reade*, 17 A.D.3d 206, 208, 793 N.Y.S.2d 379, 382 (N.Y. 1st App. 2005) ("For a contract to be implied in fact, there must proof of a meeting of the minds[.]").

### Fifth Affirmative Defense (No Actual Damages)

As its Fifth Affirmative Defense, Rosenfield asserts Star Auto Group has not been damaged in any amount or manner by reason of any act or alleged act of Rosenfield, therefore, it is not entitled to any actual damages on any of its counterclaims.

### Sixth Affirmative Defense (Failure to Mitigate Damages)

As its Sixth Affirmative Defense, Rosenfield asserts Star Auto Group's claims are barred in whole or in part due to its failure to mitigate its damages.

### Seventh Affirmative Defense (Waiver)

As it Seventh Affirmative Defense, Rosenfield asserts Star Auto Group's claims are barred in whole or in part by the doctrine of waiver.

### Eighth Affirmative Defense (Estoppel)

As its Eighth Affirmative Defense, Rosenfield asserts Star Auto Group's claims are barred in whole or in part by the doctrine of estoppel.

### Ninth Affirmative Defense (Accord and Satisfaction)

As its Ninth Affirmative Defense, Rosenfield asserts Star Auto Group's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## Tenth Affirmative Defense (Failure to Perform)

As its Tenth Affirmative Defense, Rosenfield asserts Star Auto Group's claims are barred, or should be reduced, based on its failure to adequately perform its contractual obligations.

## Eleventh Affirmative Defense (Performance)

As its Eleventh Affirmative Defense, Rosenfield asserts Star Auto Group's breach of contract claims (Counts I, II and V) are barred due to Rosenfield's performance of the contracts.

## Twelfth Affirmative Defense (Lack of Specific Averments)

As its Twelfth Affirmative Defense, Rosenfield asserts Star Auto Group fails to allege with specificity the actions of Rosenfield that purportedly constituted fraud with respect to Star Auto Group's claim for fraudulent misrepresentation (Count VI).

## Thirteenth Affirmative Defense (Failure to State a Cause of Action- All Counts)

As its Thirteenth Affirmative Defense, Rosenfield asserts each claim set forth in Star Auto Group's First Amended Counterclaims fails to state a cause of action upon which relief can be granted.

WHEREFORE, Plaintiff/Counterclaim-Defendant, Rosenfield & Company, PLLC, respectfully requests that the Court enter judgment against Defendants/Counterclaim-Plaintiffs and in its favor, deny all relief sought in the First Amended Counterclaims, and grant such other relief as the Court deems just and proper.

Respectfully submitted this ___5th___ day of November, 2021.

/s/Lesley-Anne Marks
**Jason Zimmerman**
New York Bar No. 4910337
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:
cindi.garner@gray-robinson.com
downs.litigation@gray-robinson.com

**Brock Magruder** (admitted *pro hac vice*)
Florida Bar No. 112614
Primary Email Address:
brock.magruder@gray-robinson.com
Secondary Email Address:
cindi.garner@gray-robinson.com
**Lesley-Anne Marks** (admitted *pro hac vice*)
Florida Bar No. 107009
Primary Email Address:
lesley-anne.marks@gray-robinson.com
Secondary Email Address:
toni-marie.dalessandro@gray-robinson.com

**GRAY|ROBINSON, P.A.**
301 East Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorneys for Rosenfield & Company, PLLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2021, a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing to the following registered CM/ECF users:

Mark K. Anesh, Esq.
Andrew W. Winters, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
77 Water Street, Suite 2100
New York, New York 10005
Anesh@lbbslaw.com
Andrew.winters@lewisbrisbois.com

Jamie S. Felsen, Esq.
Emanual Kataev, Esq.
Jeremy M. Koufakis, Esq.
Joseph M. Labuda, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3w8

13

Lake Success, New York 11042
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com
jeremy@mllaborlaw.com
joe@mllaborlaw.com


_/s/Lesley-Anne Marks_
**Lesley-Anne Marks**