

Mark K. Anesh
77 Water Street, Suite 2100
New York, New York 10005
Mark.Anesh@lewisbrisbois.com
Direct: 212.232.1411

December 21, 2021

*VIA Electronic Mail*

Joseph M. Labuda, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(e) joe@mllaborlaw.com

      Re:    *Rosenfield & Company, PLLC v. Trachtenberg, Rodes & Friedberg LLP et al.*
             U.S District Court for the Eastern District of New York, Case No. 1:21-cv-03858-VM

Dear Mr. Labuda,

     We represent the defendant Trachtenberg Rodes & Friedberg LLP ("TRF"), and third-party defendants Barry J. Friedberg, Esq., and Leonard A. Rodes, Esq. (collectively "TRF Defendants"). Pursuant to Judge Marrero's Individual Practices, please allow this letter to identify several deficiencies in the amended cross claims and third-party complaint filed on October 8, 2021 on behalf of your clients who will hereinafter be referred to "STAR."

### I.    Contribution and/or Indemnification

     In their amended cross claim against TRF and amended third party claim against both Friedberg and Rodes, STAR attempts to state a claim for contribution/indemnification for "any portion of fees or charges alleged in the Complaint or otherwise," including "any such amounts owed" to Rosenfield & Company, PLLC ("Plaintiff") pursuant to the letter dated October 24, 2019 ("2019 Engagement Letter"). Dkt. 73, ¶ 88-9. STAR asserts that the TRF Defendants retained and incurred expenses from Plaintiff in connection with the litigation *Star Auto Sales of Bayside, Inc. et al. v. Voynow Bayard, Whyte and Company, LLP et al.* (E.D.N.Y, Case # 1:18-cv-05775) without their prior approval. Dkt. 73, ¶ 87. The "crucial element in allowing a claim for contribution to proceed is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212 (S.D.N.Y. 2015). Under N.Y. law, in the absence of an express agreement providing for the indemnification of one party in favor of another, a claim for common law indemnity is barred where the party seeking indemnification was itself at fault. *See Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24 (1985).

        A.    *STAR fails to state a cause of action for contribution/indemnification against TRF Defendants*

     Under Federal Rules of Civil Procedure ("FRCP") 12(b)(6), even where a document is "not incorporated by reference" into the complaint, the court may nevertheless consider it where the complaint relies heavily upon its "terms and effect," rendering the document "integral to the complaint." *See XYZ Two Way Radio Serv. v Uber Tech., Inc.*, No. 15-CV-3015 (FB)(CLP) 2017 US Dist LEXIS 160457

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4863-9319-9111.1

(E.D.N.Y. Sep. 28, 2017). STAR fails to state a cause of action for contribution/indemnification against the TRF Defendants because multiple documents integral to these claims refute the allegation that STAR did not authorize TRF to retain Plaintiff to provide services in connection with the Voynow Action. STAR alleges that they retained TRF to represent them in connection with their claims against Voynow Bayard, Whyte and Company, LLP ("Voynow") on December 1, 2017 ("Retainer Agreement") and that that representation continued until December 18, 2020. Documents in the form of the Retainer Agreement, correspondence between TRF, Plaintiff and STAR, invoices, and proofs of payment by STAR demonstrate that STAR was aware of the services provided by Plaintiff in connection with the Voynow Action for nearly three years prior to the execution of the 2019 Engagement Letter. These documents demonstrate that STAR was billed by Plaintiff and that STAR paid Plaintiff in connection with its invoices. STAR cannot now pass the responsibility for Plaintiff's fees onto their attorneys.

   **B.** ***STAR fails to state a cause of action for contribution and/or indemnification against individuals Friedberg and Rodes***

STAR fails to state a cause of action for contribution/ indemnification against Friedberg and Rodes because they fail to properly allege that they were "separate tortfeasors." Under New York law, "when multiple tortfeasors 'act concurrently or in concert to produce a single injury,' they may be held jointly and severally liable." *Schipani v. McLeod*, 541 F.3d 158, 163 (2d Cir. 2008) (*quoting Ravo v. Rogatnick,* 70 N.Y.2d 305 (1987)). However, a law firm partner is considered part and parcel of the law firm where his negligence occurs from acts committed in the course of his employment, for which the law firm can be held vicariously liable. *Protostorm Llc v. Antonelli, Terry, Stout & Kraus, LLP*, 2014 U.S. Dist. LEXIS 171743, 2014 WL 7011056 *citing Ravo v. Rogatnick*, 70 N.Y.2d 305 (1987).

   **C.** ***Rodes owed no duty to STAR***

STAR also fails to state a cause of action for contribution/indemnification against Rodes because they fail to sufficiently plead the existence of a fiduciary duty owed by Rodes to STAR. Although TRF and STAR allegedly entered into the Retainer Agreement, this bald allegation is insufficient to plead the existence of a fiduciary relationship between Rodes individually and STAR. STAR does not allege with any specificity that Rodes signed, billed, or even represented STAR pursuant to the Retainer Agreement.

   **II.** **Breach of Contract against TRF and Friedberg**

STAR alleges that TRF and Friedberg are liable for breach of the Retainer Agreement for "overbilling" and violating the "implied promise of due care." Dkt. 73, ¶ 91. Multiple documents integral to these claims, including the Retainer Agreement, unequivocally refute the allegation that TRF overbilled and breached the implied promise of due care. These documents demonstrate that TRF provided timely and detailed updates to STAR, but also that TRF provided regular invoices for services rendered which were paid without objection by STAR for nearly three years concerning the Voynow Action. As such, STAR fails to state a cause of action for breach of contract against TRF and Friedberg.

   **III.** **Fraudulent Misrepresentation**

STAR alleges that, "as their attorney," all the TRF Defendants owed them a fiduciary duty, which was allegedly breached by the TRF Defendants by their intentional making of "material misrepresentations" of fact regarding their "work and bills" for the purpose of "defrauding" or

Joseph M. Labuda, Esq.
December 21, 2021
Page 3

"misleading" STAR. Dkt 73, ¶ 94-5. Because STAR's claim is rooted in fraud, FRCP 9(b) requires that the claim be plead with specificity. *See* Fed. R. Civ. P. 9(b). In order to sufficiently plead a claim for fraudulent misrepresentation, a plaintiff is required to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Malmsteen*, 477 F. Supp. 2d at 664 (*quoting Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)). To state a cause of action for fraud based on misrepresentation, a plaintiff must show …some injury." *Held v. Kaufman*, 91 N.Y.2d 425, 694 N.E.2d 430, 433 (N.Y. 1998).

        A.      *The Claim of Fraudulent Misrepresentation Against TRF and Friedberg is Duplicative of the STAR' Claim for Breach of Contract*

STAR's allegations of fraudulent misrepresentation as against TRF and Friedberg is duplicative of their claim for breach of contract. Typically, "where a fiduciary duty is based upon a comprehensive written contract between the parties, a claim for breach of fiduciary duty is duplicative of a claim for breach of contract and must be dismissed." *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013) To the extent the "misrepresentations of fact" allegedly made by the TRF Defendants identified by the STAR concerned "their work and bills," this claim is duplicative of the STAR claim for breach of contract. Dkt 73, ¶ 94-5. All of the TRF Defendants' "work and bills" arose in connection with the Retainer Agreement, a comprehensive written contract between the STAR and the TRF Defendants.

        B.      *STAR fails to state a cause of action for fraudulent misrepresentation against Rodes*

STAR fails to state a claim of fraudulent misrepresentation against Rodes because they fail to set forth sufficient facts with the heightened degree of "specificity" as required by FRCP 9(b). STAR fails to allege the existence of a fiduciary duty owed to them by Rodes and fails to allege that Rodes made any non-privileged material misrepresentations. Without the requisite "specific" factual allegations concerning the precise statements Rodes made which were allegedly fraudulent, STAR's cause of action for fraudulent misrepresentation fails to meet the heightened pleading requirements. To the extent STAR's claim of fraudulent misrepresentation is based upon the alleged "material misrepresentations" made to a federal court in the Florida Action, these allegations are also insufficient. *First*, statements made by an attorney in connection with a court proceeding are privileged "when such words and writings are material and pertinent to the questions involved." *Youmans v. Smith*, 153 N.Y. 214, 47 N.E. 265 (1897). *Second*, STAR was not a party to the Florida Action. Dkt. 73, ¶ 68-9.

Through this informal conferral procedure, we hope to resolve this dispute without the Court's intervention. Should you have any questions, please do not hesitate to contact me.

                                                 Yours, *etc*.
                                                 /s/ Mark K. Anesh
                                                 Mark K. Anesh, Esq. of
                                                 LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: The Honorable Victor Marrero
    (ChambersNYSDMarrero@nysd.uscourts.gov)
    Lesley-Anne Marks, Esq.
    (Lesley-Anne.Marks@gray-robinson.com)