USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ROSENFIELD & COMPANY, PLLC,

Plaintiff,

-against-

TRACHTENBERG, RODES & FRIEDBERG LLP, STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

Defendants.

----------------------------------------------------------------X

Case No.: 1:21-cv-3858 (VM) (KHP)

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

Defendants-Counterclaimants,

-against-

ROSENFIELD & COMPANY, PLLC,

Plaintiff-Counterclaim-Defendant.

----------------------------------------------------------------X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC (d/b/a STAR NISSAN), METRO

CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

Defendants-Cross-claimants,

-against-

TRACHTENBERG, RODES & FRIEDBERG LLP,

Defendant-Cross-claim-Defendants.

----------------------------------------------------------------X

STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),

Third-Party Plaintiffs,

-against-

BARRY J. FRIEDBERG and LEONARD A. RODES,

Third-Party Defendants.

----------------------------------------------------------------X

**STIPULATION AND CONFIDENTIALITY AGREEMENT AND ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel (each hereinafter referred to individually as a "Party" and collectively as the "Parties"), pursuant to Federal Rule of Civil Procedure 26, that the following provisions shall govern the production and handling of documents, electronically-stored information, answers, responses, depositions, pleadings, exhibits, and all other information and matter

exchanged by the Parties or filed with the Court throughout the proceedings in the above-captioned matter.

1. **Definitions**. As used in this Stipulated Protective Order ("Order"),

    (1) **"Document"** means any document or electronically stored information within the scope of Fed. R. Civ. P. 34(a)(1)(A), and "electronically stored information" means any information stored electronically, regardless of the format thereof or type of device on which such information is accessible or stored;

    (2) **"Information"** means any information contained in any Discovery Material, Document, or Matter (as defined below) and shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, database content, or disclosed orally;

    (3) **"Matter"** means any tangible thing;

    (4) **"Producing Party"** means any Party or non-party who produces, uses or discloses any Discovery Material, Document, Matter or Information as part of discovery in This Action;

    (5) **"Receiving Party"** means any party who receives any Discovery Material, Document, Matter or Information as part of discovery in This Action; and

    (6) **"This Action"** means the above-captioned matter and includes all appeals of any order, judgment or decree until the final, non-appealable disposition of all issues raised in the above-captioned matter.

(7) **"Discovery Material"** means all items or information that are produced or generated in disclosures or responses to discovery in This Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(8) **“Protected Information”** means all Discovery Material, Document, Matter, or Information designated by the Producing Party as:

(i) “CONFIDENTIAL” only if the Producing Party believes in good faith that at the time of disclosure that such Protected Information:

(A) is used by the Producing Party in or pertains to its business and is not generally known and would not normally be revealed to third parties;

(B) qualifies as “confidential” pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable statute, regulation, or other legal standard;

(C) contains trade secrets or other confidential research, development, financial proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

(D) qualifies as non-public personal information that is protected from disclosure by statute, regulation, or other legal standard.

(ii) “CONFIDENTIAL-ATTORNEY EYES ONLY” only if the Producing Party believes in good faith that at the time of disclosure that such Protected Information:

(A) is protected by the attorney-client or work product privilege.

2. **Scope of Order**. This Order shall apply to all Discovery Material, Documents, Matter and Information disclosed, produced, exchanged, or otherwise disseminated in This Action,

including without limitation, answers to interrogatories, responses to requests for admission, depositions and deposition transcripts, and shall not be used for any other purpose. However, nothing in this Order shall limit the Parties' respective rights to oppose discovery of any Discovery Material, Document, Matter or Information on grounds other than that it constitutes Protected Information.

3. **Binding Effect**. Signature of this Order by counsel for a party shall bind such party's counsel and personnel, and such party and its principals, shareholders, members, directors, officers and employees.

4. **Designation of Protected Information**. The Producing Party may designate such Document, Matter or Information as Protected Information in accordance with paragraph 1(8) above If the Producing Party discovers that designated material does not qualify as Protected Information, it must promptly notify each Receiving Party that it will withdraw or change the designation.

5. **Inadvertent Disclosure**. If, through inadvertence, the Producing Party discloses any Discovery Material, Document, Matter or Information that it believes should have been designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" (but was not) it may subsequently designate it as Protected Information, and it shall thereafter be treated as such. If the Receiving Party has disclosed the Protected Information to any third party prior to the designation, the Receiving Party shall notify the Producing Party and shall also make a good faith effort to have such Protected Information returned to the Producing Party or destroyed.

6. **Designation in Depositions, Hearings, Trial and Transcripts**. Any witness under examination at a deposition, hearing or at trial, and/or his or her counsel, shall state whether or not any Discovery Material, Document, Matter or Information elicited or used in the course of the

deposition qualifies as Protected Information, provided, however, that the witness and/or his or her counsel, shall have thirty (30) days from the availability of the transcript(s) of such trial or hearing within which to designate portions thereof as Protected Information. If no designation is made during the deposition or testimony, or if there is no designation within thirty (30) days following availability of such transcript, then no part of the transcript (with the exception of exhibits) shall be treated as Protected Information.  Failure to make a designation during deposition, hearing or testimony, does not waive the right to make such designation subsequently within 30 days as indicated above.

    7.    **Disclosure of Protected Information**.

        (i)    Protected Information designated as "CONFIDENTIAL" may be disclosed only to:

            (A)  Attorneys of record who are outside counsel for the Parties; corporate counsel for the Parties; and officers of each of the Parties and employees of the Parties in the Parties' litigation control group who have a need to know the Protected Information for purposes of prosecuting or defending any claim or assisting in the making of any decision relating to This Action;

            (B)  Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in This Action provided that each such personnel, and each such services company has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Each services company shall be responsible for ensuring that its employees and staff comply in full with the provisions of this Order;

(C) The United States District Court for the Southern District of New York, including all of its legal and clerical personnel, or any judicial body before which This Action is subsequently pending;

(D) Independent experts, consultants, or investigators who are not directly or indirectly associated with a party and are engaged by outside counsel to assist in This Action, together with the employees, staff, or other personnel working under the supervision of such independent experts or consultants, provided that each such independent expert or consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Independent experts, consultants, and investigators shall be responsible for ensuring that their employees, staff, or other personnel working under their supervision comply in full with the provisions of this Order;

(E) Any mediator or arbitrator engaged by the named parties in connection with This Action;

(F) Court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for This Action; and

(G) Any deponent or other witness who authored, received, or saw the Protected Information or who is otherwise familiar with the Protected Information.

(ii) Protected Information designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" may be disclosed only to:

(A) Attorneys of record who are outside counsel for the Parties; corporate counsel for the Parties;

(B) Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in This Action provided that each such personnel, and each such services company has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Each services company shall be responsible for ensuring that its employees and staff comply in full with the provisions of this Order;

(C) The United States District Court for the Southern District of New York, including all of its legal and clerical personnel, or any judicial body before which This Action is subsequently pending;

(D) Independent experts, consultants, or investigators who are not directly or indirectly associated with a party and are engaged by outside counsel to assist in This Action, together with the employees, staff, or other personnel working under the supervision of such independent experts or consultants, provided that each such independent expert or consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Independent experts, consultants, and investigators shall be responsible for ensuring that their employees, staff, or other personnel working under their supervision comply in full with the provisions of this Order;

(E) Any mediator or arbitrator engaged by the named parties in connection with This Action;

(F) Court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for This Action;

(G) Any deponent or other witness who authored, received, or saw the Protected Information or who is otherwise familiar with the Protected Information; and

(H) Any named party or individual of a named party not described in subsections (ii)(A)-(G) of this paragraph only after notice to all parties and upon order of the Court, or upon written consent from the Producing Party and the party who designated said Protected Information. Any individual viewing Protected Information pursuant to (ii)(H) of this paragraph may only do so at their counsel's offices in the presence of its counsel.

8. **Limitations on Use of Protected Information**. The Receiving Party and any other person authorized to receive Protected Information as provided in paragraph 7 above shall use same solely for purposes of the defense, prosecution or making decisions regarding settlement of only This Action, and in a manner consistent with this Order.

(i) Any person or entity in possession of Protected Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Protected Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the Protected Information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other

settings that might disclose protected material to persons not authorized to receive such material.

(ii) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must not later than 60 calendar days after learning of the disclosure (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

    (A) Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party that (a) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Information.

    (B) Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order and may not be used outside of This Action.

  (iii) If a party is served with a subpoena issued in another litigation or an investigation that compels disclosure of any Protected Information, that party must: (a) promptly notify in writing the Producing Party and provide it with a copy of the subpoena; and (b) notify the issuer of the subpoena that no Discovery Material, Documents, Matter and Information subject to this Order shall be disclosed without a court order. To the extent a court orders the disclosure of any Protected Information in another litigation or investigation, all parties involved must execute the Acknowledgment that is attached hereto as Exhibit A.

  (iv) Protected Information disclosed in this manner shall not be deemed a waiver of any privilege that applies to the Protected Information.

  (v) Without written permission from all Parties or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in This Action any Protected Information. If only portions of a document contain Protected Information, the party filing the document shall submit to the court a redacted copy of the same (with written permission from the Producing Party), in accordance with the Court's rules.

9. **Designation by a Non-Party**. Any non-party, whether a person or entity, wishing to come within the provisions of this Order when producing or disclosing any Discovery Material, Document, Matter or Information, shall (a) sign a statement in the form attached as Exhibit A confirming that s/he has read the Order and agrees to comply with its terms, and (b) properly mark the Documents or Matter that it considers to be or to contain Protected Information at the time such Documents or Matter are produced, except that in the case of oral testimony at a deposition, hearing or trial, Protected Information shall be designated as provided in paragraph 6 above.

10. **Exclusion from Restrictions**.

    (i) The restrictions set forth in this Order shall not apply to information that: (a) is known to the Receiving Party prior to the date of disclosure as proven by the Receiving Party's contemporaneous business records, or (b) becomes known to the public following disclosure in This Action, provided that such information was not inadvertently disclosed and subsequently designated as Protected Information as provided in paragraph 5 above, or does not become publicly known by any act or omission of the Receiving Party in breach of this Order.

    (ii) Nothing in this Order shall preclude a party or its counsel, or any other person, from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party, even though the same information may have been produced in discovery in This Action and designated as Protected Information.

    (iii) Nothing in this Order shall preclude any party or its counsel from (a) showing any Protected Information to an individual who prepared such Protected Information; or (b) disclosing or using, in any manner or for any purpose, any information from the party's own files which the party itself has designated as Protected Information.

    (iv) In the event that additional persons or entities become parties to This Action, such parties shall not have access to Protected Information produced by or obtained from any Producing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

  (v) In the event that a Producing Party produces two or more identical copies of a document of which at least one copy is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Producing Party. Once the Producing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

(vi) The parties agree that a designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" is not intended to be and shall not be construed as an admission that the Protected Information is relevant to a party's claims or defenses.

11. **Filing Under Seal**. The parties anticipate that some pleadings, motions, deposition transcripts or other papers in this matter will contain Protected Material, and that some of these papers will need to be filed under seal because no procedure other than filing under seal will be sufficient to preserve the confidential nature of the Protected Information. Accordingly, the Parties agree to the following procedures.

*Efforts to Minimize Requests for Sealing.* The parties agree that they shall make best efforts to limit sealing requests.

*Requests for Sealing*. The parties must obtain leave of the Court before filing any document under seal. The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted; (2) one partial set of solely those pages on which the party seeks to redact material. If leave is granted, redacted copies of such documents must be filed

with the Clerk of Court and may not be filed electronically.

12. **Objection to Designation**. A party may object at any time to the designation of any Protected Information by giving written notice ("Notice of Objection") to the Producing Party by email. The Notice of Objection shall identify the Protected Information to which the objection is made and a response to the Notice of Objection (a "Response") shall be filed by the Producing Party within fourteen (14) days following receipt of the Notice of Objection. If the Parties cannot resolve the objection within seven (7) days following the date of Response, the Producing Party shall seek to schedule a telephone conference for the Parties to resolve the objection before the Magistrate Judge. Such conference shall be scheduled to take place within fourteen (14) days following the date of the Notice of Objection or as soon thereafter as the Magistrate Judge can hear the matter. If a telephone conference is scheduled, the disputed Protected Information shall be treated as designated until the Parties resolve their dispute or the Court rules on a motion. If the Producing Party fails to schedule a telephone conference as aforesaid, the disputed Protected Information shall lose its designation as Protected Information and shall thereafter not be treated as such. In connection with any dispute pursuant to this paragraph 12, the burden shall be on the party seeking unlimited disclosure to prove that good cause exists for the disputed information to not be treated as Protected Information.

13. **Federal Rule of Evidence 502(d).** The parties agree that the Court's execution of this Order shall constitute an order pursuant to Fed. R. Evid. 502(d) to facilitate production and use of documents in this proceeding and to protect the parties against waiver of any privileges or protections attaching to any Discovery Material, Document, Matter or Information.

(i) WHEREAS, the parties may produce documents, answer, interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection;

(ii) WHEREAS, absent a Court order, under certain circumstances, the production of privileged or protected information can operate as a waiver of any applicable privilege, protection, and/or immunity with respect to disclosure in this case and other Federal or State proceedings;

(iii) WHEREAS, the parties wish to expedite and facilitate the production of electronic and hard copy data, information, and documents, and to protect against waiver as a result of the inadvertent (or intentional) disclosure of attorney-client privileged communications or work product materials;

(iv) WHEREAS, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - in which event the disclosure is also not a waiver in any other federal or state proceeding;"

(v) WHEREAS, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d); and

(vi) WHEREAS, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this order.

(vii) IT IS HEREBY STIPULATED, AGREED, AND ORDERED that, pursuant to Fed. R. Evid. 502(d), a party's inadvertent (or intentional) disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that

party of any privilege or protection applicable to any Discovery Material, Document, Matter or Information, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.

(viii) The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of any Discovery Material, Document, Matter or Information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information (inadvertently or otherwise), regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

(ix) Such Discovery Material, Document, Matter or Information shall be considered Protected Information under this Order.

(x) Any party receiving any such Discovery Material, Document, Matter or Information shall return them to the Producing Party, upon request, within 30 days of receiving such request, delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

(xi) Disclosure of any such Discovery Material, Document, Matter or Information by the Receiving party before the Producing Party designates the information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be deemed a violation of this Order.

(xii) This Order also applies to the disclosure of any Discovery Material, Document, Matter or Information exchanged between the Parties prior to the Court "so ordering" this Order.

14. **Use of Protected Information in Court Proceedings**. The parties shall confer and attempt to agree, before any trial or other hearing, on the procedures and conditions under which Protected Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, either party may ask the Court to issue an order governing the use of such Protected Information at trial or hearing, upon reasonable notice to all disclosing parties who have produced such information.

15. **Survival**. The non-disclosure obligations of this Order shall survive the final, non-appealable disposition of This Action.

16. **Obligations on Termination of Action**. Within thirty (30) days of the conclusion of This Action by final, non-appealable disposition, each party shall assemble all Protected Information received by it and (a) at the Producing Party's option, return the Protected Information at the Producing Party's expense or destroy all Protected Information that is in non-electronic form, and (b) destroy all Protected Information that is in electronic form, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product containing Protected Information, provided that such counsel and its personnel shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to This Action except pursuant to court order or written authorization by the Producing Party. Notwithstanding any of the foregoing, the Parties, their counsel, and experts for the Parties shall not be required to return or destroy any Protected Information to the extent such Protected Information is (a) stored on media that is not reasonably accessible, such as disaster recovery backup tapes or discs, or (b) only retrievable through the use of specialized tools or techniques typically used by forensic experts.

17. **Disclosure Pursuant to Legal Process**. If a Receiving Party in possession, custody, or control of Protected Information is served with a subpoena, demand, or any other legal process seeking discovery of same by a non-party (a "Demand"), the Receiving Party shall give written notice to the Producing Party by email within 3 business days of its receipt of such Demand if the provision of notice is not forbidden by law or legal authorities. The Producing Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking such Protected Information and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

18. **Relief from this Order**.

(i) Nothing in this Order shall prevent the parties from applying to the Court for relief from this Order, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to waive this Order in part or whole as to particular designated information.

(ii) This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

19. **Jurisdiction**. This Court shall retain jurisdiction over any action or proceeding arising out of or related to this Order. Each Producing Party and each Receiving Party or non-party receiving Protected Information agrees that it/he/she is subject to the jurisdiction of and bound by this Court for all of the foregoing purposes.

**SO ORDERED:**

Date: February 22, 2022

Victor Marrero
U.S.D.J.

**SO STIPULATED AND AGREED:**

Dated: February 14, 2022

GRAY ROBINSON, P.A.

By: ______________________
Jason Zimmerman, Esq.
Brock Magruder, Esq.
Lesley-Anne Marks, Esq.
*Attorneys for Plaintiff, Rosenfield & Company, PLLC*

301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802
(407) 843-8880

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /S/ Mark Anesh
Mark K. Anesh, Esq.
*Attorneys for Defendant Trachtenberg Rodes & Friedberg LLP as well as the third-party defendants Barry J. Friedberg, Esq. and Leonard A. Rodes, Esq.*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

MILMAN LABUDA LAW GROUP PLLC

By: ______________________
Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
jamie@mllaborlaw.com

*Attorneys for Defendants-Third-Party Plaintiffs, Star Auto Sales of Bayside, Inc. d/b/a Star Toyota of Bayside, Star Auto Sales of Queens, LLC d/b/a Star Subaru, Star Hyundai LLC d/b/a Star Hyundai, Star Nissan, Inc d/b/a Star Nissan, Metro Chrysler Plymouth Inc. d/b/a Star Chrysler Jeep Dodge, Star Auto Sales of Queens County LLC d/b/a Star Fiat, and Star Auto Sales of Queens Village LLC d/b/a Star Mitsubishi*

**Exhibit A**

**Acknowledgement and Agreement to be Bound**

I, ________________________________________, of _______________________, declare under penalty of perjury that:

1. I have read and understood in its entirety the Stipulated Protective Order (the "Order") that was entered by the Hon. Judge Victor Marrero, of the United States District Court, Southern District of New York, on ________, 2021, in ________(the "Action");

2. I shall comply with and be bound by all the terms of the Order;

3. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt;

4. I represent and warrant that I will not disclose any Documents, Matter or Information that has been designated as Protected Information (as such terms are defined in the Order) to any person or entity except in strict compliance with the Order;

5. I hereby submit to the personal jurisdiction of the United States District Court for the Southern District of New York, even if proceedings to enforce the terms of the Order occur after final judgment or other termination of the Action, and hereby waive any claims I may now or hereafter have with respect to such jurisdiction.

Date: ______________

City and State where sworn and signed: ___________________________

Printed Name: ______________________________

Signature: __________________________________