EXHIBIT "A"

Jason A. Zimmerman
New York Bar No. 4910337
**GRAY|ROBINSON, P.A.**
301 East Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____X

| | | |
|---|---|---|
| **ROSENFIELD & COMPANY, PLLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO.** |
| | : | |
| **TRACHTENBERG, RODES &** | : | **COMPLAINT AND** |
| **FRIEDBERG LLP, STAR AUTO SALES OF** | : | **DEMAND FOR** |
| **BAYSIDE, INC. (d/b/a STAR TOYOTA OF** | : | **JURY TRIAL** |
| **BAYSIDE), STAR AUTO SALES OF** | : | |
| **QUEENS, LLC (d/b/a STAR SUBARU),** | : | |
| **STAR HYUNDAI LLC (d/b/a STAR** | : | |
| **HYUNDAI), STAR NISSAN, INC. (d/b/a STAR** | : | |
| **NISSAN), METRO CHRYSLER PLYMOUTH** | : | |
| **INC. (d/b/a STAR CHRYSLER JEEP DODGE),** | : | |
| **STAR AUTO SALES OF QUEENS COUNTY** | : | |
| **LLC (d/b/a STAR FIAT), and STAR AUTO** | : | |
| **SALES OF QUEENS VILLAGE LLC (d/b/a** | : | |
| **STAR MITSUBISHI),** | : | |
| | : | |
| **Defendants.** | : | |

_____X

Plaintiff, ROSENFIELD & COMPANY, PLLC ("R&Co"), by and through the

undersigned counsel, hereby sues TRACHTENBERG, RODES & FRIEDBERG, LLP

("Trachtenberg"), as well as STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA

OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR

HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI) (collectively referred to hereinafter as the "Star Auto Group"), and states as follows:

## NATURE OF THE ACTION

1.    This is an action for breach of contract, or alternatively, unjust enrichment or quantum meruit, based on the Defendants' collective refusal to pay R&Co the full amount due and owing for consulting expert and litigation support services work R&Co provided to Star Auto Group and its legal counsel, Trachtenberg, pursuant to a written agreement between the parties.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, as complete diversity exists between the Plaintiff and all Defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3.    This Court has personal jurisdiction over all Defendants because each of the Defendants principally transacts business in and throughout the State of New York; and, as described herein, contracted elsewhere for litigation support services work that would be provided in the State of New York.

4.    Venue is proper in the Southern District of New York based on 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to this action occurred in this district. Specifically, all of the directives on how to proceed with the litigation support work at issue in this case were issued to R&Co from this district, and R&Co employees

based out of the company's New York office, located in this district performed the litigation support services work.

## **PARTIES**

5.      R&Co is a Florida limited liability company with its principal place of business in Orlando, Florida. In addition to its office located in Orlando, Florida, R&Co has offices in New York, New York, Iselin, New Jersey, and Irvine, California.

6.      Defendant Trachtenberg is a New York limited liability partnership with its principal place of business located at 420 Lexington Avenue, Suite 2800, New York, New York.

7.      Defendant Star Auto Sales of Bayside, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

8.      Defendant Star Auto Sales of Queens, LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

9.      Defendant Star Hyundai LLC is a New York limited liability company with its principal place of business located in Bayside, New York.

10.      Defendant Star Nissan, Inc., is a New York corporation with its principal place of business located in Bayside, New York.

11.      Defendant Metro Chrysler Plymouth Inc. is a New York corporation with its principal place of business located in Queens Village, New York.

12.      Defendant Star Auto Sales of Queens County LLC is a New York limited liability company with its principal place of business located in Queens Village, New York.

13.      Defendant Star Auto Sales of Queens Village LLC is a New York limited liability company with its principal place of business in Bayside, New York.

## **GENERAL ALLEGATIONS**

14.     R&Co engages in the business of performing tax accounting, auditing, and financial litigation support services. For years, R&Co provided tax and accounting services to Star Auto Group, its principals, and affiliated companies.

15.     On October 24, 2019, Trachtenberg engaged R&Co to provide litigation support services, including consulting expert services, in the civil case, *Star v. Voynow*, Case No. 18-cv-5775-ERK-CLP (E.D.N.Y) ("New York Action").   A true and correct copy of the October 24, 2019 engagement letter is attached hereto as **Exhibit "A"** (the "Engagement Letter").

16.     Specifically, the Engagement Letter "confirm[ed] the retention of Rosenfield & Company ("R&Co") by Trachtenberg, Rodes & Friedberg, LLP ("Counsel") in connection with the above-referenced action (the "Engagement")," and required R&Co to "assist Counsel and Client with consultation and analysis and will perform such other tasks as may be identified during the course of this Engagement."  **Ex. A, p 1.**

17.     The Engagement Letter further provides "Fees in connection with the Engagement will be based upon the hourly rates previously established for the work plus disbursements for fees and expenses," and the "Client will be solely responsible for payment of all such fees and expenses." **Ex. A, p. 1.**

18.     Although capitalized, the term "Client" is not defined in the Engagement Letter. The only indication of who or what entity may be contemplated by the term "Client" is a reference to "Star Auto Companies" in the signature block of the Engagement Letter.

19.     The "Star Auto Companies" referenced in the signature block of the Engagement Letter are also not defined. It follows logically that the business entities contemplated by the reference to "Star Auto Companies" in the Engagement Letter are the same entities that

4

compromise Star Auto Group, who collectively appeared as plaintiffs in the New York Action for which R&Co was retained to provide consulting services.

20.     Trachtenberg electronically signed the Engagement Letter. R&Co is not in possession of a copy of the Engagement Letter executed by a representative for the "Star Auto Companies" and/or Star Auto Group, and does not know whether Star Auto Group (or any of the companies within the group) signed the Engagement Letter.

21.     On information and belief, by engaging Trachtenberg as counsel in the New York Action, Star Auto Group expressly authorized Trachtenberg to act on their behalf as it pertained to any matters concerning the New York Action, including, but not limited to, retaining experts and consultants to assist with the case.

22.     As Star Auto Group's legal counsel, Trachtenberg had actual authority to engage R&Co and to direct R&Co to perform work on behalf of itself and/or Star Auto Group.

23.     Alternatively, to the extent Star Auto Group contends Trachtenberg lacked actual authority to execute the Engagement Letter on their behalf, Trachtenberg had apparent authority to retain R&Co on which R&Co reasonably relied in providing services pursuant to the Engagement Letter. R&Co's reliance on Star Auto Group's lawyer(s) was reasonable, and is especially reasonable here given R&Co's prior relationship with Star Auto Group, its principals, and affiliates.

24.     One way or another, Trachtenberg engaged R&Co and directed R&Co to perform work under the Engagement Letter.

25.     Specifically, and as an example of the work Trachtenberg directed R&Co to perform under the Engagement Letter, on September 20, 2019, Stephen Arena, a lawyer working for Trachtenberg, emailed R&Co to start an initial review of 3097 documents (12,400 pages)

produced by the opposing party in the New York Action, and directed "Rosenfield's staff to review and organize the 'Hard Copy Scans' and 'Voynow Computer Server Files.'"

26. Trachtenberg subsequently uploaded additional documents it obtained in the New York Action to R&Co's server portal and instructed R&Co to review and/or analyze same.

27. Over the course of R&Co's retention, R&Co provided expert consulting services to Trachtenberg, reviewed thousands of pages of documentation produced in the New York Action, and participated in numerous meetings and telephone conferences with Trachtenberg's attorneys and/or Star Auto Group concerning the New York Action.

28. R&Co completely performed the consulting expert and litigation support services Trachtenberg instructed it to perform pursuant to the Engagement Letter. R&Co timely presented invoices to both Star Auto Group and Trachtenberg for the work R&Co completed between October 2019 and February 2020.

29. Despite R&Co's demand for payment, Star Auto Group refuses to pay the outstanding invoices related to the litigation support services provided by R&Co.

30. In April 2020, R&Co filed a civil action for Account Stated in the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2020-CA-004146-O. R&Co filed the action against several entities and individuals related to Star Auto Group for various unpaid invoices for work performed under different agreements than the engagement at issue in this case, but included invoices related to the consulting expert and litigation support services provided by R&Co pursuant to the Engagement Letter.

31. The defendants in the state court action removed it to the Middle District of Florida, Case No. 6:20-cv-00857-WWB-EJK. Shortly after the case's removal to federal court, R&Co accepted an Offer of Judgment concerning all of the outstanding invoices except those related to

the consulting expert and litigation support services. *See* Case No. 6:20-cv-00857-WWB-EJK, at ECF No. 13.

32.     As explained above, the exact companies that made up the "Client" were not defined in the Engagement Letter, and the entity that R&Co sued for recovery on the litigation and consulting services invoices, Star Automotive Group, Inc., turned out to be unaffiliated with Star Auto Group.  R&Co voluntarily dismissed the claim concerning these invoices, and it was not part of the Offer of Judgment or R&Co's acceptance of same. *See* Case No. 6:20-cv-00857-WWB-EJK, at ECF No. 17.

33.     According to counsel for the entities and individuals involved in the above-referenced federal case, the "Star Auto Companies" identified in the Engagement Letter do not owe a single dollar for the litigation support services Trachtenberg directed R&Co to complete.

34.     It is unclear whether Star Auto Group contends Trachtenberg lacked actual authority to direct R&Co to perform services on their behalf, or if there is some other reason they believe the Engagement Letter is not binding on them. Whatever the case, Trachtenberg hired R&Co to perform work, directed R&Co to perform work, and R&Co, in fact, performed work for the "Client."

35.     Whether or not Trachtenberg lacked actual authority to direct R&Co to perform work for its client, it directed R&Co to perform litigation support work, for which it had apparent authority. R&Co performed work under the Engagement Letter based on its reasonable reliance on Trachtenberg's authority.

36.     Who is ultimately responsible for compensating R&Co for the work provided – Star Auto Group or Trachtenberg – is irrelevant to R&Co who performed uncompensated work it was directed to perform and agreed to perform pursuant to the Engagement Letter.

37.     To date, neither Star Auto Group nor Trachtenberg have paid the outstanding invoices. True and correct copies of the unpaid invoices are attached hereto as **Composite Exhibit "B."**

38.     In total, R&Co is owed $92,679.68 for services performed by R&Co pursuant to the Engagement Letter, plus pre-judgment interest and costs.

39.     All of the conditions precedent to the bringing of this lawsuit have occurred, been waived or otherwise been satisfied.

**COUNT I - BREACH OF CONTRACT**
*AGAINST STAR AUTO GROUP*

40.     R&Co restates the allegations of Paragraphs 1 through 39.

41.     This is an action for damages in excess of $75,000.00, exclusive of pre-judgment interest and costs against Star Auto Group for breach of contract.

42.     A valid contract existed between R&Co and Star Auto Group.

43.     R&Co performed all of its obligations under the Engagement Letter by rendering litigation support and consulting expert services to Star Auto Group pursuant to the direction of Star Auto Group's authorized agent and legal counsel, Trachtenberg, in connection with the New York Action.

44.     Star Auto Group materially breached its obligation under the Engagement Letter by failing to timely pay the amounts due for the litigation support and consulting expert services provided by R&Co.

45.     As a direct and proximate result of Star Auto Group's material breach of the Engagement Letter, R&Co has suffered monetary damages in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT II - UNJUST ENRICHMENT (Implied-in-Law Contract)
### *AGAINST STAR AUTO GROUP*

46.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

47.     This is an action for unjust enrichment (breach of an implied-in-law contract) against Star Auto Group, and is brought in the alternative to Counts I, III, IV, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

48.     R&Co conferred a benefit on Star Auto Group in the form of litigation support and consulting expert services, which were rendered in furtherance of the New York Action. The scope and extent of the services provided by R&Co are evidenced by the work detailed in the invoices sent out by R&Co, which includes, but is not limited to, the review and analysis of more than 12,500 pages of documents produced in the New York Action.

49.     Star Auto Group knew of the benefits conferred by R&Co as it authorized its legal counsel to engage experts such as R&Co to assist in the litigation of the New York Action, and was consistently updated on R&Co's findings and/or opinions via emails, calls, and in-person meetings.

50.     Star Auto Group voluntarily accepted and retained all of the benefits conferred to it by continuing to use the information uncovered and/or advice offered by R&Co staff members.

51.     The circumstances are such that it would be inequitable for Star Auto Group to retain these benefits without compensating R&Co for their full value.

52.     R&Co is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT III - QUANTUM MERUIT (Implied-in-Fact Contract)
*AGAINST STAR AUTO GROUP*

53.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

54.     This is an action for *quantum meruit* (breach of an implied-in-fact contract) against Star Auto Group, and is brought in the alternative to Counts I, II, IV, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

55.     An implied-in-fact contract existed between R&Co and Star Auto Group, whereby some or all of the terms were inferred from the conduct of the parties, although not necessarily expressed in words.

56.     Star Auto Group's assent to this implied-in-fact contract for R&Co to provide litigation support services and related work in conjunction with the litigation of the New York Action is evident through the circumstances, as well as the parties' course of dealing, including, but not limited to, Star Auto Group's participation in, and knowledge of, meetings involving itself, R&Co staff members, and Trachtenberg's attorneys to discuss matters pertaining to the New York Action.

57.     R&Co performed consulting expert and litigation support services on behalf of Star Auto Group in good faith, and the rendering of said services was done with the knowledge of Star Auto Group, who ultimately accepted the services provided. Under these circumstances, the parties understood and intended that compensation would be paid to R&Co in exchange for the litigation support services rendered.

58.     Star Auto Group breached the implied-in-fact contract with R&Co by failing to pay a reasonable amount for the services R&Co provided.

59.     As a result of Star Auto Group's breach, R&Co has suffered damages, and is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT IV - BREACH OF CONTRACT
### *AGAINST TRACHTENBERG*

60.     R&Co restates the allegations of Paragraphs 1 through 39.

61.     This is an action for damages in excess of $75,000.00, exclusive of pre-judgment interest and costs against Trachtenberg for breach of contract, and is brought in the alternative to Counts I, II, III, V, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

62.     A valid contract existed between R&Co and Trachtenberg.

63.     R&Co performed all of its obligations under the Engagement Letter by rendering litigation support and consulting expert services to Trachtenberg and its client, Star Auto Group, pursuant to Trachtenberg's direction in connection with the New York Action.

64.     Trachtenberg materially breached its obligation under the Engagement Letter by failing to timely pay the amounts due for the litigation support and consulting expert services provided by R&Co.

65.     As a direct and proximate result of Trachtenberg's material breach of the Engagement Letter, R&Co has suffered monetary damages in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## COUNT V - UNJUST ENRICHMENT (Implied-in-Law Contract)
### *AGAINST TRACHTENBERG*

66.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

67.     This is an action for unjust enrichment (breach of an implied-in-law contract) against Trachtenberg, and is brought in the alternative to Counts I, II, III, IV, and VI pursuant to Federal Rule of Civil Procedure 8(d)(2).

68.     R&Co conferred a benefit on Trachtenberg in the form of litigation support and consulting expert services, which were rendered in furtherance of Trachtenberg's handling of the New York Action. The scope and extent of the services provided by R&Co are evidenced by the work detailed in the invoices sent out by R&Co, which includes, but is not limited to, the review and analysis of more than 12,500 pages of documents produced in the New York Action.

69.     Trachtenberg knew of the benefits conferred by R&Co because it directed the scope of litigation support work R&Co provided to it.

70.     Trachtenberg voluntarily accepted and retained all of the benefits conferred to it by repeatedly consulting with R&Co staff members, and directing those staff members to review documentation produced during the discovery phase of the New York Action.

71.     The circumstances are such that it would be inequitable for Trachtenberg to retain these benefits without compensating R&Co for their full value.

72.     R&Co is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but which shall not be less than in the amount of $92,679.68, exclusive of pre-judgment interest and costs.

### COUNT VI - QUANTUM MERUIT (Implied-in-Fact Contract)
*AGAINST TRACHTENBERG*

73.     R&Co restates the allegations of Paragraphs 1 through 14 and 16 through 39.

74.     This is an action for *quantum meruit* (breach of an implied-in-fact contract) against Trachtenberg, and is brought in the alternative to Counts I, II, III, IV and V pursuant to Federal Rule of Civil Procedure 8(d)(2).

75.     An implied-in-fact contract existed between R&Co and Trachtenberg, whereby some or all of the terms were inferred from the conduct of the parties, although not necessarily expressed in words.

76.     Trachtenberg's assent to this implied-in-fact contract for R&Co to provide litigation support services work in conjunction with Trachtenberg's prosecution of the New York Action is evident through the circumstances, their course of dealing, and/or their course of performance, including, but not limited to, their continual correspondence with, and instruction to, R&Co employees concerning the review of all documentation produced in the case.

77.     R&Co performed consulting expert and litigation support services on behalf of Trachtenberg in good faith, and the rendering of said services was done at the direction of Trachtenberg. Under these circumstances, the parties understood and intended that compensation would be paid to R&Co in exchange for the litigation support services rendered.

78.     Trachtenberg breached the implied-in-fact contract with R&Co by failing to pay a reasonable amount for the services  R&Co provided.

79.     As a result of Trachtenberg's breach, R&Co has suffered damages, and is entitled to restitution or other form of recoverable relief in an amount to be established at trial, but not less than the amount of $92,679.68, exclusive of pre-judgment interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ROSENFIELD & COMPANY, PLLC, respectfully prays for judgment against Defendants, STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR

AUTO SALES OF QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI), or alternatively, against Defendant, TRACHTENBERG, RODES & FRIEDBERG, LLP, in an amount to be established at trial, but not less than $92,679.68, plus pre-judgment interest, costs, and for any such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

R&Co hereby demands a jury trial for all claims so triable.

Respectfully submitted this 30th day of April, 2021,

/s/Jason A. Zimmerman
**Jason A. Zimmerman**
New York Bar No. 4910337
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Addresses:
cindi.garner@gray-robinson.com
downs.litigation@gray-robinson.com
**GRAY|ROBINSON, P.A.**
301 East Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorney for Plaintiff, Rosenfield & Co.*

14

# TRACHTENBERG RODES & FRIEDBERG LLP

ATTORNEYS AT LAW
545 FIFTH AVENUE
NEW YORK, NEW YORK 10017

BARRY J. FRIEDBERG
BFRIEDBERG@TRFLAW.COM

TELEPHONE (212) 972-2929
TELECOPIER (212) 972-7581
WWW.TRFLAW.COM

**By Fax**

October 24, 2019

Ken Rosenfield
Rosenfield & Co.
1 Penn Plaza
250 W 34th Street, Suite 1705
New York, NY 10119

>          Re:     **Star v. Voynow, EDNY Case No. 18 cv 5775-ERK-CLP**

Dear Ken:

This letter will confirm the retention of Rosenfield & Company ("R&Co") by Trachtenberg, Rodes & Friedberg LLP ("Counsel") in connection with the above-referenced action (the "Engagement"). The retention shall be as of December 1, 2017, and R&Co has worked and will continue to work under the direction of Counsel.

Specifically, R&Co will assist Counsel and Client with consultation and analysis and will perform such other tasks as may be identified during the course of this Engagement. For now, R&Co will serve as a consulting expert only, but Counsel may later request that one or more professionals from R&Co provide expert testimony in the future. In any such case, Counsel and R&Co will discuss and mutually agree on which R&Co professional would serve as the expert and shall execute a new and separate engagement letter for that purpose.

Fees in connection with the Engagement will be based upon the hourly rates previously established for the work plus disbursements for fees and expenses. The Client will be solely responsible for payment of all such fees and expenses. R&Co will submit invoices for its fees and expenses incurred on a monthly basis in connection with this Engagement directly to the Client, with a copy sent to Counsel. The parties acknowledge and agree that the attorney-client privilege between Counsel and R&Co shall remain notwithstanding the fact that Client is billed directly for services provided under this Engagement. In the event Client disputes any of the fees or expenses on a specific invoice, the Client shall notify R&Co within thirty (30) days of receipt of the invoice of such a dispute.

**EXHIBIT "A"**

*October 24, 2019*
*Page 2*

Counsel or Client shall have the right to terminate this agreement at any time, but Client shall remain liable for all fees and expenses accrued prior to such termination.

R&Co understands that its work product and files may become subject to discovery; however, until such materials are sought by subpoena or other process, they will be maintained by R&Co as confidential.  It is agreed that those materials and all other working papers and other documents prepared by R&Co pursuant to this Engagement will be maintained as confidential materials and will not be disclosed to third parties without Counsel's consent, except as may be required by law, regulation, or judicial or administrative process.  Unless prohibited by law, R&Co agrees to notify Counsel promptly of any of the following events:  (a) a request by anyone to examine, inspect, or copy such documents or records; or (b) any attempt to serve, or the actual service of, any court order, subpoena, or summons upon R&Co that requires the production of such documents or records.  It is further understood that if R&Co is not requested by Counsel to provide expert testimony in connection with this Engagement, all opinions and work product of R&Co shared with Counsel or the Client shall be maintained as confidential and shall not be shared with any other person or entity.

R&Co and the Client acknowledge their respective agreement with the terms stated herein as evidenced by their signatures below.

Sincerely,

Barry J. Friedberg

*Acknowledged and Agreed:*

**Rosenfield & Co.**

_____
Name: Kenneth R Rosenfield
Title: Managing Partner

**The Star Auto Companies**

_____
Name:
Title:



### ROSENFIELD & Co. PLLC

TRADITIONAL VALUES | EXTRAORDINARY RESULTS

301 E. Pine Street, Suite 975, Orlando, FL 32801

*Trachtenberg Rodes & Friedberg LLP*
*Attn: Barry Friedberg*
*CC: Mike Koufakis*
*545 Fifth Avenue*
*New York, NY 10017*

*Invoice No.21871*
*Date       02/10/2020*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 01/06/2020 | General Consulting Services Discussing next steps in Voynow case with Ken and Scott | Rosenfield(A) | 0.50 | $ 137.50 |
| 01/07/2020 | Litigation Support | Jamnik | 1.91 | 525.25 |
| 01/08/2020 | General Consulting Services Phone call to discuss action plan with team, Star, and Steve Rambam | Rosenfield(A) | 0.75 | 206.25 |
| 01/10/2020 | Litigation Support Review of Rambam document pull | Jamnik | 0.87 | 239.25 |
| 01/27/2020 | Litigation - Other Review report for questions from RamBam regarding requested information | Morton | 1.50 | 550.50 |
| 01/28/2020 | Litigation - Other Research Chrysler transactions per request - Debbie Despina | Morton | 1.98 | 726.66 |

|  |  |
|--|--|
| Current Amount Due | 2,385.41 |
| Prior Balance | 85,399.27 |
| Total Amount Due | $ 87,784.68 |

**All invoices are due and payable upon receipt.  Balances over 30 days past-due may be subject to interest.**
**Please make check(s) payable to: Rosenfield & Co., PLLC.**
*Should you have any questions or concerns, please contact our office at 407.849.6400*

## COMPOSITE EXHIBIT "B"



### ROSENFIELD & Co. PLLC
TRADITIONAL VALUES | EXTRAORDINARY RESULTS

301 E. Pine Street, Suite 975, Orlando, FL 32801

*Trachtenberg Rodes & Friedberg LLP*
*Attn: Barry Friedberg*
*CC: Mike Koufakis*
*545 Fifth Avenue*
*New York, NY 10017*

*Invoice No.21635*
*Date      01/08/2020*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/17/2019 | Litigation Support preparation for meeting with Barry Friedberg and Steve Arena | Rosenfield | 1.00 | $ 550.00 |
| 12/18/2019 | Litigation Support meeting at Barry Friedberg's office with Steve Arena | Rosenfield | 3.00 | 1,650.00 |
| 12/19/2019 | Litigation Support review emails from Jeremy and other attorneys regarding Voynow matter | Rosenfield | 0.50 | 275.00 |
| 12/27/2019 | Litigation Support Reviewing Personal Documents from Vivian and Debbie | Jamnik | 5.54 | 1,523.50 |
| 12/27/2019 | Litigation Support Renaming Voynow Documents | Jamnik | 1.18 | 324.50 |
| 12/30/2019 | Litigation Support Going through Personal Documents for Vivian and Debbie | Jamnik | 4.13 | 1,135.75 |
| 12/30/2019 | Litigation Support Pulling expense data, creating vendor analysis in IDEA | Rosenfield(A) | 2.50 | 687.50 |
| 12/30/2019 | Litigation Support review with Scott and Adam on data pull | Rosenfield | 1.50 | 825.00 |

Rosenfield and Company, PLLC
Trachtenberg Rodes & Friedberg LLP
Invoice No.    21635                                              *Page 2*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/31/2019 | Litigation Support<br>Vivian and Debbie Personal document<br>analysis | Jamnik | 4.26 | 1,171.50 |
| 01/02/2020 | Litigation Support<br>Voynow Documents review and analysis | Jamnik | 1.19 | 327.25 |
| | | Current Amount Due | | 8,470.00 |
| | | Prior Balance | | 76,929.27 |
| | | Total Amount Due | $ | 85,399.27 |

**All invoices are due and payable upon receipt.  Balances over 30 days past-due may be subject to interest.**
**Please make check(s) payable to: Rosenfield & Co., PLLC.**
*Should you have any questions or concerns, please contact our office at 407.849.6400*



301 E. Pine Street, Suite 975, Orlando, FL 32801

*Trachtenberg Rodes & Friedberg LLP*
*Attn: Barry Friedberg*
*545 Fifth Avenue*
*New York, NY 10017*

*Star Automotive Group*
*ATTN: Mike Koufakis*
*205-11 Northern Blvd*
*Bayside, NY 11361*

*Invoice No.21603*
*Date     12/26/2019*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/16/2019 | Litigation Support<br>Renaming files received from Voynow | Jamnik | 2.61 $ | 717.75 |
| 12/17/2019 | Litigation Support<br>Document review and Write up of potential<br>questions - Voynow | Jamnik | 1.67 | 459.25 |
| 12/17/2019 | Litigation Support<br>Review suspicious documents for meeting<br>tomorrow | Morton | 2.27 | 833.09 |
| 12/18/2019 | Litigation Support<br>Meeting with Stephen Arena | Jamnik | 2.31 | 635.25 |
| 12/18/2019 | Litigation Support<br>Voynow Documents renaming | Jamnik | 1.56 | 429.00 |
| 12/18/2019 | Litigation Support<br>Meeting at Friedbergs office | Morton | 2.51 | 921.17 |
| 12/18/2019 | Litigation Support<br>Prepare for meeting with Friedberg's office | Morton | 2.17 | 796.39 |

*Rosenfield and Company, PLLC*
*Trachtenberg Rodes & Friedberg LLP*
*Invoice No.     21603*                                              *Page 2*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/19/2019 | Litigation Support<br>Review documents received and upload new<br>documents from portal | Morton | 5.58 | 2,047.86 |
| 12/20/2019 | Litigation Support<br>Renaming Voynow Documents | Jamnik | 3.26 | 896.50 |
| 12/20/2019 | Litigation Support<br>Review documents received | Morton | 5.25 | 1,926.75 |
|  |  | Current Amount Due |  | 9,663.01 |
|  |  | Prior Balance |  | 67,266.26 |
|  |  | Total Amount Due | $ | 76,929.27 |

All invoices are due and payable upon receipt.  Balances over 30 days past-due may be subject to interest.
Please make check(s) payable to: Rosenfield & Co., PLLC.
*Should you have any questions or concerns, please contact our office at 407.849.6400*



**ROSENFIELD & Co.** PLLC
TRADITIONAL VALUES | EXTRAORDINARY RESULTS

301 E. Pine Street, Suite 975, Orlando, FL 32801

*Trachtenberg Rodes & Friedberg LLP*
*Attn: Barry Friedberg*
*545 Fifth Avenue*
*New York, NY 10017*

*Star Automotive Group*
*ATTN: Mike Koufakis*
*205-11 Northern Blvd*
*Bayside, NY 11361*

*Invoice No.21527*
*Date      12/20/2019*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 10/28/2019 | Litigation Support<br>naming documents received from Voynow | Jamnik | 2.22 | $ 610.50 |
| 10/29/2019 | Litigation Support<br>Renaming Docs from Voynow | Jamnik | 0.69 | 189.75 |
| 10/30/2019 | Litigation Support<br>discuss set up of data review | Rosenfield | 1.50 | 825.00 |
| 10/30/2019 | Litigation Support<br>renaming VOYNOW documents | Stickel | 4.22 | 253.20 |
| 10/31/2019 | Litigation Support<br>review of data regarding Voynow Case | Rosenfield | 1.50 | 825.00 |
| 10/31/2019 | Litigation Support<br>renaming Voynow documents | Stickel | 7.03 | 421.80 |
| 11/01/2019 | Litigation Support<br>renaming VoyNow documents | Stickel | 7.00 | 420.00 |
| 11/04/2019 | Litigation Support<br>renaming VoyNow documents | Stickel | 3.00 | 180.00 |
| 11/06/2019 | Litigation Support | McDonald | 2.00 | 642.00 |

Rosenfield and Company, PLLC
Trachtenberg Rodes & Friedberg LLP

Invoice No.   21527                                          Page 2

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| | Rename Voynow documents (Dan/Ashley) | | | |
| 11/06/2019 | Litigation Support<br>renaming Voynow documents | Stickel | 5.00 | 300.00 |
| 11/07/2019 | Litigation Support<br>Rename Voynow documents (Dan/Ashley) | McDonald | 4.50 | 1,444.50 |
| 11/08/2019 | Litigation Support<br>Review of Voynow documents | Jamnik | 2.99 | 822.25 |
| 11/11/2019 | Litigation Support<br>renaming of VoyNow documents | Stickel | 2.17 | 130.20 |
| 11/15/2019 | Litigation Support<br>renaming VoyNow documents | Stickel | 0.97 | 58.20 |
| 11/15/2019 | Litigation Support<br>Voynow Docs | Jamnik | 1.48 | 407.00 |
| 11/18/2019 | Litigation Support<br>conference call with Ken/Dan/Jill on Star<br>information needed for fraud and other<br>litigation reports | Lewis | 0.50 | 275.00 |
| 11/18/2019 | Litigation Support<br>Review file - compile list of documents needed | Morton | 2.20 | 807.40 |
| 11/18/2019 | Litigation Support<br>renaming VoyNow Documents | Stickel | 1.88 | 112.80 |
| 11/18/2019 | Litigation Support<br>List of Documents request | Jamnik | 1.43 | 393.25 |
| 11/19/2019 | Litigation Support<br>Review documents received.  Prepare<br>updated document request for Star. | Morton | 2.27 | 833.09 |
| 11/19/2019 | Litigation Support<br>renaming VoyNow Documents | Stickel | 1.76 | 105.60 |
| 11/19/2019 | Litigation Support<br>Working on Request List and Voynow report | Jamnik | 5.41 | 1,487.75 |

*Rosenfield and Company, PLLC*
*Trachtenberg Rodes & Friedberg LLP*
Invoice No. 21527                                      *Page 3*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 11/20/2019 | Litigation Support<br>Voynow Report | Jamnik | 5.75 | 1,581.25 |
| 11/20/2019 | Litigation Support<br>Begin preparation of updated report in format<br>requested by client | Morton | 4.28 | 1,570.76 |
| 11/20/2019 | Litigation Support<br>renaming Voynow documents | Stickel | 6.08 | 364.80 |
| 11/21/2019 | Litigation Support<br>Review of cancelled checks from Chrysler and<br>bank statements | Jamnik | 1.76 | 484.00 |
| 11/21/2019 | Litigation Support<br>renaming Voynow doc | Stickel | 7.95 | 477.00 |
| 11/22/2019 | Litigation Support<br>review of cancelled checks for chrysler | Jamnik | 1.87 | 514.25 |
| 11/25/2019 | Litigation Support<br>Voynow Report | Jamnik | 1.73 | 475.75 |
| 11/25/2019 | Litigation Support<br>renaming Voynow documents | Stickel | 7.49 | 449.40 |
| 11/26/2019 | Litigation Support<br>renaming Voynow documents | Stickel | 7.95 | 477.00 |
| 12/02/2019 | Litigation Support<br>Emails and Report rewriting | Jamnik | 6.38 | 1,754.50 |
| 12/02/2019 | Litigation Support<br>reveiw Voynow documents | Rosenfield | 2.50 | 1,375.00 |
| 12/02/2019 | Litigation Support | Lewis | 3.00 | 1,650.00 |
| 12/02/2019 | Litigation Support<br>Meeting to go over Voynow case | Rosenfield(A) | 0.75 | 206.25 |
| 12/02/2019 | Litigation Support<br>RE: VOYNOW / On the phone with Reynolds<br>and Reynolds / completing multiple required<br>Reynolds proficiency training | Rosenfield(A) | 1.35 | 371.25 |

*Rosenfield and Company, PLLC*
*Trachtenberg Rodes & Friedberg LLP*
*Invoice No.    21527*                                                    *Page 4*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/02/2019 | Litigation Support<br>Updated Star Report | Morton | 8.28 | 3,038.76 |
| 12/02/2019 | Litigation Support<br>going through documents sent to find any<br>signed engagement letters | Stickel | 8.00 | 480.00 |
| 12/03/2019 | Litigation Support<br>meeting with Dan and Jill review Voynow<br>Documents | Rosenfield | 2.50 | 1,375.00 |
| 12/03/2019 | Litigation Support | Lewis | 0.50 | 275.00 |
| 12/03/2019 | Litigation Support<br>Pulling reports for Voynow case | Rosenfield(A) | 1.49 | 409.75 |
| 12/03/2019 | Litigation Support<br>Renaming docs from Voynow and Report<br>rewriting | Jamnik | 6.23 | 1,713.25 |
| 12/03/2019 | Litigation Support<br>Update Star Report | Morton | 6.19 | 2,271.73 |
| 12/04/2019 | Litigation Support | Lewis | 2.25 | 1,237.50 |
| 12/04/2019 | Litigation Support<br>VOYNOW Pulling GL detail from 11.2014 to<br>4.30.2017 | Rosenfield(A) | 3.56 | 979.00 |
| 12/04/2019 | Litigation Support | Lewis | 2.00 | 1,100.00 |
| 12/04/2019 | Litigation Support<br>Discussion with Scott, Jill and Ken on the<br>Report and Voynow docs | Jamnik | 1.49 | 409.75 |
| 12/04/2019 | Litigation Support<br>Renaming Voynow Documents | Jamnik | 6.58 | 1,809.50 |
| 12/04/2019 | Litigation Support<br>Revision of Star Report | Morton | 6.87 | 2,521.29 |
| 12/04/2019 | Litigation Support<br>going through documents to find any signed | Stickel | 6.00 | 360.00 |

*Rosenfield and Company, PLLC*
*Trachtenberg Rodes & Friedberg LLP*
*Invoice No.    21527*                                          Page 5

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| | engagement letters | | | |
| 12/05/2019 | Litigation Support<br>review Voynow documents and review revised report | Rosenfield | 1.50 | 825.00 |
| 12/05/2019 | Litigation Support<br>Renaming Voynow Documents and rewriting Voynow report for Barry | Jamnik | 5.79 | 1,592.25 |
| 12/05/2019 | Litigation Support<br>Review documents received.  Prepare updated report | Morton | 7.65 | 2,807.55 |
| 12/06/2019 | Litigation Support<br>review revised report and make changes, work with Adam and Scott on queries for updating scheme report items | Rosenfield | 2.00 | 1,100.00 |
| 12/06/2019 | Litigation Support | Lewis | 0.25 | 137.50 |
| 12/06/2019 | Litigation Support<br>PDF and organizing Voynow report and uploading | Jamnik | 0.58 | 159.50 |
| 12/06/2019 | Litigation Support<br>Final revisions to updated report. | Morton | 1.57 | 576.19 |
| 12/09/2019 | Litigation Support<br>scanning through documents looking for signed engagement letters | Stickel | 6.00 | 360.00 |
| 12/09/2019 | Litigation Support<br>Voynow Production | Jamnik | 5.79 | 1,592.25 |
| 12/09/2019 | Litigation Support<br>Review documents - list of questions | Morton | 6.10 | 2,238.70 |
| 12/09/2019 | Litigation Support<br>review voynow documents | Rosenfield | 1.50 | 825.00 |
| 12/10/2019 | Litigation Support<br>Voynow Production documents | Jamnik | 5.72 | 1,573.00 |

Rosenfield and Company, PLLC
Trachtenberg Rodes & Friedberg LLP
Invoice No.   21527                                      *Page 6*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/10/2019 | Litigation Support<br>Review documents - list of questions | Morton | 6.57 | 2,411.19 |
| 12/10/2019 | Litigation Support<br>review Voynow documents | Rosenfield | 1.50 | 825.00 |
| 12/11/2019 | Litigation Support<br>Voynow Documents | Jamnik | 4.09 | 1,124.75 |
| 12/11/2019 | Litigation Support<br>Review documents - list of questions | Morton | 4.57 | 1,677.19 |
| 12/11/2019 | Litigation Support<br>review Voynow documents, meet with Dan and Jill to develop word search queries for documents scanned in. Review Voynow memos and emails. | Rosenfield | 3.00 | 1,650.00 |
| 12/12/2019 | Litigation Support<br>Voynow Production Documents | Jamnik | 5.44 | 1,496.00 |
| 12/12/2019 | Litigation Support<br>Review documents received | Morton | 4.48 | 1,644.16 |
| 12/13/2019 | Litigation Support<br>review documents submitted by Voynow | Rosenfield | 2.50 | 1,375.00 |

| | | |
|---|---|---|
| Current Amount Due | | 67,266.26 |
| Prior Balance | | 0.00 |
| Total Amount Due | $ | 67,266.26 |

**All invoices are due and payable upon receipt.  Balances over 30 days past-due may be subject to interest.**
**Please make check(s) payable to: Rosenfield & Co., PLLC.**
*Should you have any questions or concerns, please contact our office at 407.849.6400*

*Rosenfield and Company, PLLC*
*Trachtenberg Rodes & Friedberg LLP*
*Invoice No.    21527*                                          *Page 7*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|



## ROSENFIELD & Co. PLLC
TRADITIONAL VALUES | EXTRAORDINARY RESULTS

301 E. Pine Street, Suite 975, Orlando, FL 32801

*Star Litigation 2019*
*Attn: Mr. Mike Koufakis*
*205-11 Northern Blvd*
*Bayside, NY 11361*

Invoice No.21778
Date        01/29/2020

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 12/30/2019 | Litigation Support<br>phone call with Michael re: 2016 - 2018 tax returns (client questions/comments) and discussion on criminal and civic lawsuits against Voynow and Debbie) | Lewis | 1.50 $ | 900.00 |
| 12/30/2019 | Litigation Support<br>review of vendor lists/expenses with Ken & Adam | Lewis | 0.50 | 300.00 |
| 01/02/2020 | Litigation Support<br>review of expenses (for vendors and other anomalies in journal transactions) from November 2014 - April 2017 (for fraudulent and unusual transactions) | Lewis | 3.00 | 1,800.00 |
| 01/03/2020 | Litigation Support<br>review of expenses (for vendors and other anomalies in journal transactions) from November 2014 - April 2017 (for fraudulent and unusual transactions) and factory incentives | Lewis | 3.00 | 1,800.00 |
| 01/08/2020 | Phone Calls / Conference<br>conference call with attorneys/private eye on Star Chrysler fraud and data gathering | Lewis | 0.50 | 300.00 |

Case 1:21-cv-03558-VM   Document 14-21   Filed 04/08/22   Page 31 of 31

*Rosenfield and Company, PLLC*
*Star Litigation 2019*
*Invoice No.    21778*                                        *Page 2*

| DATE | SERVICE | STAFF | HOURS | AMOUNT |
|------|---------|-------|-------|--------|
| 01/09/2020 | General Consulting Services review of text files from attorney/private eye from Star Chrysler on factory refund checks, against controller | Lewis | 0.40 | 240.00 |

|  |  |  |  | 5,340.00 |
|--|--|--|--|----------|

Courtesy Discount (Amount Discounted from Standard Rates)        (445.00)

Current Amount Due        4,895.00

Prior Balance        0.00

Total Amount Due    $    4,895.00

**All invoices are due and payable upon receipt.  Balances over 30 days past-due may be subject to interest.**
**Please make check(s) payable to: Rosenfield & Co., PLLC.**
*Should you have any questions or concerns, please contact our office at 407.849.6400*