UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ROSENFIELD & COMPANY, PLLC,                  :     Case No. 1:21-cv-03858

                                             :        *Judge Victor Marrero*

                             Plaintiff,      :

        - against -                          :

                                             :
TRACHTENBERG, RODES & FRIEDBERG LLP, STAR
AUTO SALES OF BAYSIDE, ICN. (d/b/a STAR TOYOTA:
OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC
(d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a:
STAR HYUNDAI), STARR NISSAN, INC. (d/b/a STAR
NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a:
STAR CHRYSLER JEEP DODGE), STAR AUTO SALES
OF QUEENS COUNTY LLF (d/b/a STAR FIAT), and:
STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a
STAR MITSUBISHI),

                             Defendants.
-------------------------------------------------------------------- x
STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR:
TOYOTA OF BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI:
LLC (d/b/a STAR HYUNDAI), STAR NISSAN, INC.
(d/b/a   STAR   NISSAN),   METRO   CHRYSLER:
PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP
DODGE), STAR AUTO SALES OF QUEENS COUNTY:
LLC (d/b/a STAR FIAT), and STAR AUTO SALES OF
QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI),   :

                     Third-Party Plaintiffs,      :

        - against -                               :

BARRY J. FRIEDBERG and LEONARD A. RODES,      :

                     Third-Party Defendants.
-------------------------------------------------------------------- x

**MEMORANDUM OF LAW**
**SUBMITTED ON BEHALF OF DEFENDANT TRACHTENBERG, RODES &**
**FRIEDBERG LLP AND THIRD-PARTY DEFENDANTS BARRY J. FRIEDBERG, ESQ.,**
**AND LEONARD A. RODES, ESQ., IN SUPPORT OF THEIR MOTION TO DISMISS**
**STAR'S FIRST AMENDED CROSS-CLAIMS AND THIRD-PARTY COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Tel.: (212) 232-1300
Fax: (212) 232-1399

*Of Counsel:*
Mark K. Anesh
Sarah A. Adam

*Attorneys for Defendant*
*Trachtenberg. Rodes & Friedberg, LLP*
*and Third-Party Defendants*
*Barry J. Friedberg Esq., and*
*Leonard A. Rodes, Esq.*

4864-5365-6105.1

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

ARGUMENT ...................................................................................................................................1

    I.     STAR IS NOT ENTITLED TO CONTRIBUTION AND/OR
           INDEMNIFICATION BECAUSE THEY ARE SOLELY RESPONSIBLE
           FOR PLAINTIFF'S INVOICES ...........................................................................1

    II.    STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR
           BREACH OF CONTRACT BECAUSE STAR CONSENTED TO TRF'S
           INVOICES .........................................................................................................2

    III.   STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR
           FRAUDULENT MISREPRESENTATION AGAINST THE TRF
           DEFENDANTS ..................................................................................................2

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*Amguard Ins. Co. v. Getty Realty Corp.*,
    147 F. Supp. 3d 212 (S.D.N.Y. 2015)........................................................................1

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................1

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2nd Cir. 2002)................................................................................1

*Lankler Siffert & Wohl, LLP v. Rossi*,
    287 F. Supp. 2d 398 (S.D.N.Y 2003)...................................................................2

*Northern Shipping Funds I, LLC v. Icon Capital Corp.*,
    921 F. Supp. 2d 94 (S.D.N.Y. 2013)....................................................................3

*Novak v. Kasaks*,
    216 F.3d 300 (2d. Cir. 2000).................................................................................3

**State Cases**

*Chisholm-Ryder Co. v. Sommer & Sommer*,
    70 A.D.2d 429 (4th Dept. 1979) ...........................................................................2

*Held v. Kaufman*,
    694 N.E.2d 430 (N.Y. 1998)..................................................................................3

*Jim-Mar Corp. v. Aquatic Constr.*,
    195 A.D.2d 868 (3rd Dept. 1993)..........................................................................2

*Martirano v. Frost*,
    25 N.Y.2d 505 (1969) ............................................................................................3

*Casa de Meadows Inc., (Caymen Islands) v. Zaman*,
    76 A.D.3d 917, 921 (1st Dept. 2010).....................................................................3

*Rosado v. Proctor & Schwartz, Inc.*,
    66 N.Y.2d 21 (1985) ..............................................................................................1

*Styles Brook Homeowners' Assn. v. Blasi*,
    165 A.D.3d 1004 (2nd Dept. 2018) .......................................................................2

**Court Rules**

Fed. R. Civ. P. 9(b) ...................................................................................................................3

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 3

Defendant TRACHTENBERG RODES & FRIEDBERG LLP ("TRF") and Third-Party Defendants BARRY J. FRIEDBERG and LEONARD A. RODES, collectively, the ("TRF Defendants"), pursuant to this Court's Order dated June 14, 2022 (ECF Doc. No. 92) submit this Memorandum of Law in support of their Motion to Dismiss Defendants/Third-Party Plaintiffs STAR AUTO SALES OF BAYSIDE, INC., STAR AUTO SALES OF QUEENS, LLC, STAR HYUNDAI LLC, STAR NISSAN, METRO CHRYSLER PLYMOUTH INC., STAR AUTO SALES OF QUEENS COUNTY LLC, AND STAR AUTO SALES OF QUEENS VILLAGE LLC (collectively, the "Star") First Amended Cross-Claims against TRF and Third-Party Complaint against Barry J. Friedberg and Leonard A. Rodes. For the sake of brevity, TRF Defendants respectfully refer the Court to the factual allegations contained in Star's Answer with First Amended Counterclaims, Cross-Claims and Third-Party Complaint. (Anesh Dec. Ex. B, pp. 36-49.)

## ARGUMENT

A complaint is subject to dismissal when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to the presumption of truth. *Iqbal*, at 680.

## I.   STAR IS NOT ENTITLED TO CONTRIBUTION AND/OR INDEMNIFICATION BECAUSE THEY ARE SOLELY RESPONSIBLE FOR PLAINTIFF'S INVOICES

The "crucial element in allowing a claim for contribution to proceed is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Amguard Ins. Co. v. Getty Realty Corp*., 147 F. Supp. 3d. 212 (S.D.N.Y. 2015). Without an express agreement providing indemnification of one party in favor of another, a claim for common law indemnity is barred when the party seeking indemnification was itself at fault. *Rosado v. Proctor & Schwartz, Inc*., 66 N.Y.2d 21, 24 (1985).

Star alleges contribution/indemnification for "any portion of fees or charges alleged in the Complaint or otherwise," including "any such amounts owed" to Plaintiff Rosenfield & Company, PLLC ("R&C") for work performed pursuant to the letter dated October 24, 2019 ("2019 Engagement").[1] (Anesh Dec. Ex. A, p. 15; *id.* at Ex. B, p. 47-8). According to the 2019 Engagement, R&C agreed to provide litigation support services to TRF in relation to work performed under a written Retainer Agreement between Star and TRF dated December 1, 2017 ("2017 Retainer"). (Anesh Dec. Ex. C.)

Star alleges the TRF Defendants incurred unapproved material expenses from R&C in connection to the litigation *Star Auto Sales of Bayside, Inc. et al. v. Voynow*, Case No. 1:18-cv-

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), even where a document is "not incorporated by reference" into the complaint, the court may nevertheless consider it where the complaint relies heavily upon its "terms and effect," rendering the document "integral to the complaint." *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2nd Cir. 2002). Documents incorporated in this motion are integral to Star's Third-Party Complaint.

05775 (E.D.N.Y.) ("*Voynow*"). (Anesh Dec. Ex. B. p. 47.)  However, that goes against the conduct and practices of all parties involved during all relevant times. Pursuant to the 2017 Retainer, Star "retained [TRF] to represent you to consider and *prosecute as mutually agreed claims . . . against your former accountants* [*Voynow*]. .  *[TRF] will also work with . . . your new accountants [R&C].* " [emphasis added].

As admitted by Star, from April 18, 2017 until April 17, 2020, R&C provided forensic accounting services directly to Star. (Anesh Dec. Ex. B. p. 17.) Star retained TRF from December 1, 2017 to December 18, 2020. (Anesh Dec. Ex. B. p. 42.) Star paid TRF's invoices, which unequivocally demonstrate that TRF used R&C's services in connection with *Voynow,* for nearly three years before, during, and after the execution of the 2019 Engagement **without objection**. (Anesh Dec. Ex. D.) Any objections Star may have possessed have long since been waived. *Chisholm-Ryder Co. v. Sommer & Sommer,* 70 A.D.2d 429, 431 (4th Dept. 1979). Star's failure to sign the 2019 Engagement does not absolve Star of its responsibility to pay R&C for services rendered relating to *Voynow*. Star is solely responsible for R&C's invoices; accordingly, Star cannot plead a valid cause of action for indemnification/contribution.

Star also fails to state a valid cause of action against Leonard Rodes, individually, because Star insufficiently pleads the existence of a fiduciary relationship between Rodes and Star. Rodes is absent from any of the allegations pertaining to overbilling, breach of contract, or poor performance. Likewise, Rodes cannot be held for contribution/indemnification because Star's claims against him for fraudulent misrepresentation in the Florida Action also fail. (*See infra.*)

## II.  STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR BREACH OF CONTRACT BECAUSE STAR CONSENTED TO TRF'S INVOICES

Star alleges the TRF Defendants are liable for breach of the 2017 Retainer for "overbilling" and violating the "implied promise of due care." (Anesh Dec. Ex. B. p. 42.) Documents integral to these claims unequivocally refute the allegations. Invoices demonstrate that the TRF Defendants provided Star with fair, reasonable, discounted, and detailed updates for services concerning *Voynow*, that were paid by Star, <u>without objection,</u> for nearly three years. (Anesh Dec. Ex. D.) Courts have long held that it is not necessary to establish the reasonableness of the fees owned when the client's act of holding invoices for services without objection, gives inference that he assented to the correctness of the account items and balance due. *E.g., Styles Brook Homeowners' Assn. v. Blasi,* 165 A.D.3d 1004, 1005 (2nd Dept. 2018); *Lankler Siffert & Wohl, LLP v. Rossi,* 287 F. Supp. 2d 398, 407 (S.D.N.Y 2003).  Silence is deemed acquiescence and warrants enforcement of the implied agreement to pay. *Chisholm-Ryder Co.,* 70 A.D.2d at 431; *see also Jim-Mar Corp. v. Aquatic Constr.,* 195 A.D.2d 868, 870 (3rd Dept. 1993). Star fails to plead they objected to these 'unreasonable' billing entries during the time the TRF Defendants were retained. Accordingly, Star fails to state a valid cause of action for breach of contract.

## III.  STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION AGAINST THE TRF DEFENDANTS

Star alleges that "as their attorney," the TRF Defendants owed them a fiduciary duty, which was allegedly breached by the TRF Defendants' intentional "material misrepresentations" regarding their "work and bills." (Anesh Dec. Ex. B. p. 48.) To sufficiently plead a claim for fraudulent misrepresentation, one must plead facts that tend to "(1) specify the statements that

were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Novak v. Kasaks*, 216 F.3d 300, 306 (2d. Cir. 2000); *see Fed. R. Civ. P. 9(b).* "A plaintiff must show an intentional misrepresentation of a material fact resulting in some injury." *Held v. Kaufman*, 91 N.Y.2d 425, 431 (N.Y. 1998).

A review of the First Amended Cross-Claims and Third-Party Complaint reveals that Star fails to plead any specific fraudulent misrepresentations made by the TRF Defendants. For example, Star alleges that the TRF Defendants fraudulently allowed Arena to overbill. (Anesh Dec. Ex. B. p. 42.) Likewise, "Around the time [Star] terminated TRF, [Star] spoke with Friedberg . . . and asked him to provide a brief explanation . . . Shockingly, Friedberg was barely able to describe . . . a half-dozen embezzlement schemes." (Anesh Dec. Ex. B. p. 44.) Nowhere do these allegations indicate how or which specific statements were 'fraudulent.' In addition, these allegations arise out of the same facts as Star's breach of contract claim, *e.g.*, overbilling, etc. Accordingly, the cause of action for fraudulent misrepresentation is duplicative. Where a fiduciary duty is based upon a comprehensive written retainer between the parties, a claim for breach of fiduciary duty is duplicative of a claim for breach of contract and must be dismissed." *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013).

Star also fails to state a valid cause of action for fraudulent misrepresentation against TRF, Friedberg, and Rodes surrounding the "Florida Action."[2] Star alleges that Rodes, using a sworn declaration from Friedberg, on behalf of TRF, filed a motion to dismiss, wherein Rodes made an intentionally false statement that Star paid a $5,000.00 retainer pursuant to the 2019 Engagement. (Anesh Dec. Ex. B. pp. 45-47.) *First,* Star fails to allege how they reasonably relied on these misrepresentations. Simply put, **<u>Star was not a party</u>** in the Florida Action.[3] The alleged misrepresentation was never made to Star, and thereby Star could not have adversely relied upon it. *Second,* Star alleges that due to the fraudulent misrepresentation, Star was caused to sustain damages by incurring legal fees. (Anesh Dec. Ex. B. pp. 45-47). Star's contention that it would not have been sued in the instant proceeding 'but for' these representations is disingenuous because R&C already commenced legal action[4] against Star for claims arising from the 2019 Engagement, well before any representations were made by Rodes. (Anesh Dec. Ex. B. p. 47.)

As for Rodes, individually*,* it is well settled that a statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation." *Martirano v. Frost,* 25 N.Y.2d 505, 507 (1969). The judicial proceedings privilege makes statements under any legal theory inactionable. See *Casa de Meadows Inc., (Caymen Islands) v. Zaman,* 76 A.D.3d 917, 921 (1st Dept. 2010). Lastly, the invoices demonstrate Rodes was not materially involved with R&C in *Voynow*. (Anesh Dec. Ex. D.) Rodes' involvement was limited to his representation of TRF against R&C in the Florida Action. Accordingly, the Third-Party Complaint must be dismissed against Rodes, individually.

For the foregoing reasons, this Court should issue an Order dismissing Star's First Amended Cross-Claims against Trachtenberg Rodes & Friedberg LLP and the Third-Party Complaint against Barry J. Friedberg and Leonard A. Rodes in its entirety.

---

[2] R&C filed an action against TRF in U.S. District Court, M.D. Fla. under Index: 6:20-cv-02382 on Nov. 18, 2020.
[3] The Florida Action was discontinued by Plaintiff without prejudice to refile in New York. Dkt. 73, ¶ 85.
[4] R&C filed an action against Star in n U.S. District Court, M.D. Fla. under Index: 6:20-cv-00857 on May 19, 2020.

Dated:  New York, New York
        July 15, 2022

                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                    By:  _/s/ Mark K. Anesh_
                                    Mark K. Anesh, Esq.
                                         Mark.Anesh@lewisbrisbois.com
                                    Sarah A. Adam, Esq.
                                         Sarah.Adam@lewisbrisbois.com

                                    77 Water Street, Suite 2100
                                    New York, New York 10005
                                    Tel.:  (212) 232-1300
                                    Fax:  (212) 232-1399

                                    *Attorneys for Defendants Trachtenberg Rodes &*
                                    *Friedberg LLP and Third-Party Defendants Barry J.*
                                    *Friedberg, Esq., and Leonard A. Rodes, Esq.*

                                    File No. 50031.2179

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a true and accurate copy of the foregoing was electronically filed and served upon all parties and counsel of record who receive notification via the Court's Electronic Case Filing system on __July 15, 2022__.

Dated: New York, New York
      July 15, 2022

          LEWIS BRISBOIS BISGAARD & SMITH LLP

          By: */s/ Mark Anesh*_____
          Mark K. Anesh, Esq.
             Mark.Anesh@lewisbribois.com
          Sarah A. Adam, Esq.
             Sarah.Adam@lewisbrisbois.com
          77 Water Street, Suite 2100
          New York, New York 10005
          Tel.: (212) 232-1300
          Fax: (212) 232-1399

          *Attorneys for Defendants Trachtenberg Rodes &*
          *Friedberg LLP and Third-Party Defendants Barry*
          *J. Friedberg, Esq., and Leonard A. Rodes, Esq.*

          File No. 50031.2179