

Mark K. Anesh
77 Water Street, Suite 2100
New York, New York 10005
mark.anesh@lewisbrisbois.com
Direct: 212.232.1411

August 11, 2022

File No. 50031.2179

**VIA ECF**
Hon. Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 10007-1312

      Re:   *Rosenfield & Company, PLLC v. Trachtenberg, Rodes & Friedberg LLP et al.*, 1:21-cv-03858-VM

Dear Judge Marrero:

      This law firm represents defendant Trachtenberg Rodes & Friedberg LLP ("TRF") and third-party defendants Barry Friedberg and Leonard Rodes (collectively, the "TRF Defendants"). We write, at the Court's direction, in response to the August 4, 2022 letter filed by defendants/third-party plaintiffs Star Auto Sales of Bayside, Inc., Star Auto Sales of Queens, LLC, Star Hyundai LLC, Star Nissan, Metro Chrysler Plymouth Inc., Star Auto Sales of Queens County LLC, and Star Auto Sales of Queens Village LLC (collectively, "Star"), requesting that the Court deny the TRF Defendants' motion to dismiss as moot. (*See* ECF Doc. No. 101 (Memo Endorsing Letter, Doc. No. 100).)

      The TRF Defendants disagree that their motion to dismiss is rendered moot by the amended pleading, because Star's amended pleading does not remedy the deficiencies identified by their motion. (*Compare* ECF Doc. No. 40 (Star Compl.) *with* ECF Doc. No. 99 (Star 1st Am. Compl.).) Notwithstanding the amendments, Star's cause of action for fraudulent misrepresentation should be dismissed as duplicative because it is premised upon the very same conduct giving rise to Star's breach of contract claim, *i.e.*, that allegedly TRF padded its bills or misrepresented its time. *E.g.*, *OP Solutions, Inc. v. Crowell & Moring, LLP*, 72 A.D.3d 622, 622 (1st. Dept. 2010); *W.B. David & co. v. DWA Communs., Inc.*, 2004 U.S. Dist. LEXIS 2954, 2004 WL 369147 at *5 (S.D.N.Y. 2004) (plaintiff failed to state a cause of action for fraud because it arises out of the same facts that form the basis of plaintiff's cause of action for breach of contract).

      Star's new pleading to the effect that "TRF and Friedberg knowingly made material misrepresentations of fact to [Star] regarding its work and bills" (Star 1st Am. Compl., ¶¶ 74, 113.) is still too vague and conclusory to sustain a fraudulent misrepresentation cause of action. Star's citation of billing entries for an allegedly excessive number of hours is insufficient to sustain a claim that the TRF Defendants knowingly submitted fraudulent bills. *See, e.g.*, *Hampshire Equity Partners II, LP. Teradyne, Inc.*, 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y 2005) (pursuant to Rule 9(b), plaintiff's

---

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
4878-9964-1389.1

Hon. Victor Marrero, U.S.D.J.
August 11, 2022
Page 2

complaint was dismissed because vague and conclusory allegations did not allege any legally cognizable theory of motive or any specific facts giving rise to a strong inference that the fraudulent statement was knowingly false when made). Also, while Star's amended pleading pursues a fraudulent misrepresentation claim against former TRF partner Barry Friedberg individually, the pleading claims misrepresentations were allegedly made by and for TRF – not Friedberg personally.

Additionally, while the amended pleading (ECF Doc. No. 99) purports to add a fourth claim for "Disgorgement of Legal Fees," disgorgement is a remedy—not a separate, standalone cause of action.  *E.g.*, *Betz v. Blatt*, 116 A.D.3d 813, 984 N.Y.S.2d 378, 382 (2d Dept. 2014) (dismissing disgorgement claim as duplicative where the claim was "based on the same set of facts" as other causes of action for money damages and therefore "did not allege [a] distinct cause[ ] of action"); *Piccarreto v. Mura*, 970 N.Y.S.2d 408, 426 (Sup. Ct. 2013) ("[D]isgorgement may not stand as an independent cause of action as disgorgement of payments is really a damage claim.").  Furthermore, although "disgorgement" is pleaded against former TRF partners Barry Friedberg and Leonard Rodes, Star alleges that *TRF* received the legal fees it paid—not attorneys Friedberg and Rodes.  (*See* Star Compl. ¶ 51 ("To date, Star Auto Group has paid TRF approximately $339,179.00 in legal fees."); Star 1st Am. Compl. ¶¶ 59 ("Star Auto Group, in fact, paid TRF approximately $339,179.00 in legal fees.").)  The $339,179.00 that Star alleges it paid to TRF is the same amount that Star seeks to disgorge.  Thus, the new disgorgement "claim" does not even impact Star's third-party complaint, which is against attorneys Friedberg and Rodes.

However, in the event that the Court disagrees with this analysis, or is inclined to sustain Star's claims against any of the TRF Defendants, the TRF Defendants will withdraw their current motion and request permission to file a new motion to dismiss that addresses Star's amended pleadings. Thank you for the Court's time and attention to this matter.

    Respectfully,

    *Mark Anesh*

    Mark K. Anesh Esq. of
    LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All parties and counsel of record (via ECF)