UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
ROSENFIELD & COMPANY, PLLC,                          :        Case No. 1:21-cv-03858

                                                     :        *Judge Jennifer L. Rochon*
                                    Plaintiff,
                                                     :

             - against -                             :

                                                     :
TRACHTENBERG, RODES & FRIEDBERG LLP, STAR
AUTO SALES OF BAYSIDE, ICN. (d/b/a STAR              :
TOYOTA OF BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU), STAR                :
HYUNDAI LLC (d/b/a STAR HYUNDAI), STARR
NISSAN, INC. (d/b/a STAR NISSAN), METRO              :
CHRYSLER PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR AUTO SALES OF             :
QUEENS COUNTY LLF (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                                    Defendants.
---------------------------------------------------------------------- x
STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR         :
TOYOTA OF BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU), STAR                :
HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN), METRO              :
CHRYSLER PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR AUTO SALES OF             :
QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR         :
MITSUBISHI),
                                                     :
                           Third-Party Plaintiffs,
                                                     :

             - against -                             :

                                                     :
BARRY J. FRIEDBERG and LEONARD A. RODES,

                           Third-Party Defendants.
---------------------------------------------------------------------- x

**MEMORANDUM OF LAW**
**SUBMITTED ON BEHALF OF DEFENDANT TRACHTENBERG, RODES &**
**FRIEDBERG LLP AND THIRD-PARTY DEFENDANTS BARRY J. FRIEDBERG, ESQ.,**
**AND LEONARD A. RODES, ESQ., IN SUPPORT OF THEIR MOTION TO DISMISS**
**STAR'S FIRST AMENDED CROSS-CLAIMS AND FIRST AMENDED THIRD-PARTY**
**COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Tel.: (212) 232-1300
Fax: (212) 232-1399

*Of Counsel:*
Mark K. Anesh
Sarah A. Adam

*Attorneys for Defendant*
*Trachtenberg. Rodes & Friedberg, LLP*
*and Third-Party Defendants*
*Barry J. Friedberg Esq., and*
*Leonard A. Rodes, Esq.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................2

STATEMENT OF FACTS AND PROCEDURAL HISTORY...........................................4

STANDARD OF REVIEW ...................................................................8

ARGUMENT...................................................................9

I.   STAR IS NOT ENTITLED TO CONTRIBUTION AND INDEMNIFICATION
     BECAUSE THEY ARE SOLELY RESPONSIBLE FOR R&C'S INVOICES ................9

II.  STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR BREACH OF
     CONTRACT BECAUSE STAR CONSENTED TO TRF'S INVOICES .......................13

III. STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR FRAUDULENT
     MISREPRESENTATION AGAINST THE DEFENDANTS ...........................................15

IV. STAR'S NEWLY ASSERTED CLAIM FOR DISGORGEMENT OF LEGAL FEES
     MUST BE DISMISSED BECAUSE IT IS NOT A STANDALONE CAUSE
     ACTION ...................................................................20

CONCLUSION...................................................................21

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*American Home Assurance Co. v. Instituto Nacional de Reaseguros*,
  1991 U.S. Disc LEXIS 501 (S.D.N.Y. 1991) ..........................................................................14

*Amguard Ins. Co. v. Getty Realty Corp.*,
  147 F. Supp. 3d. 212 (S.D.N.Y. 2015)...................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S (2009)..........................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................8

*Benjamin Office Supply & Servs. V. 2 Crystal, Inc.*
  2021 U.S. Dist. LEXIS 150425 (E.D.N.Y 2021)...................................................................16

*Bresler v. Hostage*,
  696 F. Supp. 46 (S.D.N.Y. 1988) ..........................................................................................11

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)......................................................................................................9

*City of Kingston Water Dep't v. Charles A. Manganaro Consulting Eng'Rs, P.C.*,
  2002 U.S. Dist. LEXIS 25505 (N.D.N.Y. 2002) .....................................................................9

*Cohen Lans LLP v. Naseman*,
  2017 U.S. Dist. LEXIS 15547 (S.D.N.Y. 2017)....................................................................13

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)......................................................................................................9

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
  282 F.3d 83 (2d Cir. 2002)........................................................................................................8

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*,
  837 F. Supp. 2d 162 (S.D.N.Y. 2011)....................................................................................16

*Fernandez v. Chertoff*,
  471 F.3d 45 (2d Cir. 2006)........................................................................................................8

*Hayden v. Cty. of Nassau*,
  180 F.3d 42 (2d Cir. 1999)........................................................................................................9

*Kassner v. 2nd Ave. Delicatessen, Inc.*,
   496 F.3d 229 (2d Cir. 2007)...................................................................8

*La Framboise Well Drilling, Inc. v. R.J. Dooley & Assocs.*,
   2007 U.S. Dist. LEXIS 11348 (S.D.N.Y. 2007)....................................11

*Lankler Siffert & Wohl, LLP v. Rossi*,
   287 F. Supp. 2d 398 (S.D.N.Y 2003)...............................................13,14

*LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*,
   185 F. 3d 61 (2d. Cir. 1999)..................................................................12

*MacMillan, Inc. v. Federal Ins. Co.*,
   764 F. Supp. 38 (S.D.N.Y. 1991) .........................................................10

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006)....................................................................9

*McClelland v. Grubb & Ellis Consulting Servs. Co.*,
   456 B.R 178 (S.D.N.Y. 2011).................................................................15

*Northern Shipping Funds I, LLC v. Icon Capital Corp.*,
   921 F. Supp. 2d 94 (S.D.N.Y. 2013)......................................................16

*Novak v. Kasaks*,
   216 F.3d 300 (2d. Cir. 2000)..................................................................15

*Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*,
   769 F. Supp. 2d 322 (S.D.N.Y. 2011).......................................................9

*Port Dock & Stone Corp. v. Oldeastle Ne., Inc.*,
   507 F.3d 117 (2d Cir. 2007)....................................................................8

*In re Rockefeller Ctr. Props.*,
   241 B.R. 804 (Bankr. S.D.N.Y.1999) ....................................................19

*Samara v. Gangemi & Gangemi*,
   2005 U.S. Dist. LEXIS 9056 (E.D.N.Y. 2005)......................................14

*W.B. David & co. v. DWA Communs., Inc.*,
   2004 U.S. Dist. LEXIS 2954, 2004 WL 369147 (S.D.N.Y. 2004).........16

*Zamora v. Fit Int' Grp. Corp.*,
   834 Fed. Appx. 622 (2d Cir. 2020) .......................................................15

**State Cases**

*Betz v. Blatt,*
   116 A.D.3d 813, 984 N.Y.S.2d 378 (2d Dept. 2014) ........................................................20

*Board of Education v. Sargent, Webster, Crenshaw & Folley,*
   71 N.Y.2d 21 (1987) ........................................................10

*Casa de Meadows Inc. (Caymen Islands) v. Zaman,*
   76 A.D.3d 917 (1st Dept. 2010) ........................................................19

*Chisholm-Ryder Co. v. Sommer & Sommer,*
   70 A.D.2d 429 (4th Dept. 1979) ........................................................12

*Dole v. Dow Chemical Co.,*
   30 N.Y.2d 143 (1972) ........................................................10

*Held v. Kaufman,*
   91 N.Y.2d 425 (N.Y. 1998) ........................................................15

*Jim-Mar Corp. v. Aquatic Constr.,*
   195 A.D.2d 868 (3rd Dept. 1993) ........................................................13

*Levisohn, Lerner, Berger & Langsam v. Gottlieb,*
   309 A.D.2d 668 (1st Dept. 2003) ........................................................13

*Marino v. Watkins,*
   112 A.D.2d 511 (3rd Dept. 1985) ........................................................14

*Martirano v. Frost,*
   25 N.Y.2d 505 (1969) ........................................................19

*Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.,*
   71 N.Y.2d 599 (1988) ........................................................10

*OP Solutions, Inc. v. Crowell & Moring, LLP,*
   72 A.D.3d 622 (1st. Dept. 2010) ........................................................16

*Piccarreto v. Mura,*
   970 N.Y.S.2d 408 (Sup. Ct. 2013) ........................................................20

*Styles Brook Homeowners' Assn. v. Blasi,*
   165 A.D.3d 1004 (2d Dept. 2018) ........................................................13

*Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,*
   56 A.D.3d 1 (1st Dept. 2008) ........................................................21

*Walker v. Sheldon,*
   10 N.Y.2d 401 (1961) ........................................................21

iv

**Statutes**

C.P.L.R. § 1401.............................................................................................................................10

Federal Rules of Civil Procedure Rules 9(b) ............................................................1, 2, 15, 17, 21

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................1, 2, 9, 21

This Memorandum of Law is respectfully submitted on behalf of Defendant TRACHTENBERG RODES & FRIEDBERG LLP ("TRF") and Third-Party Defendants BARRY J. FRIEDBERG and LEONARD A. RODES, collectively, the ("TRF Defendants"), together with the Declaration of Sarah A. Adam dated October 14, 2022, ("Adam Dec.") and the accompanying exhibits, pursuant to this Court's Order dated August 23, 2022 (ECF Doc. No. 108), in support of their motion for an Order pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure:

(a)     dismissing the First Amended Cross-Claims and First Amended Third-Party Complaint (ECF Doc. No. 102) (together referred as the "Amended Crossclaims") filed by Defendants/Third-Party Plaintiffs STAR AUTO SALES OF BAYSIDE, ICN. (d/b/a STAR TOYOTA OF BAYSIDE), STAR AUTO SALES OF QUEENS, LLC (d/b/a STAR SUBARU), STAR HYUNDAI LLC (d/b/a STAR HYUNDAI), STARR NISSAN, INC. (d/b/a STAR NISSAN), METRO CHRYSLER PLYMOUTH INC. (d/b/a STAR CHRYSLER JEEP DODGE), STAR AUTO SALES OF QUEENS COUNTY LLF (d/b/a STAR FIAT), and STAR AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR MITSUBISHI) (collectively, the "Star") in its entirety, with prejudice, for failure to state a claim upon which relief can be granted, failure to plead fraud with particularity, and/or on any other ground, and

(b)     granting such other and further relief as the Court deems to be just and proper.

## PRELIMINARY STATEMENT

Plaintiff Rosenfield & Company, PLLC ("R&C"), a Florida-based accounting firm, commenced this action for breach of contract, or in the alternative, unjust enrichment against TRF and Star for unpaid invoices involving consulting expert fees in connection to *Star Auto Sales of Bayside, Inc. et al. v. Voynow, Bayard, Whyte and Company, LLP, et al.*, Case No. 1:18-cv-05775 (E.D.N.Y.) ("*Voynow* Litigation*")* performed pursuant to an Engagement Letter dated October 24, 2019 ("Engagement Letter"). Pursuant to the Engagement Letter, R&C would provide litigation support services to TRF concerning work performed under the Retainer Agreement dated December 1, 2017, between Star and TRF ("Retainer Agreement"). Pursuant to the Retainer Agreement, Star retained TRF to prosecute the *Voynow* Litigation.

Star claims that pursuant to the Retainer Agreement, TRF should not have incurred any material expenses without Star's prior approval. Star alleges that because they did not sign the Engagement Letter, that means they did not approve TRF's incurred expenses of retaining R&C in connection to the *Voynow* Litigation.  Accordingly, Star filed their Amended Crossclaims against the TRF Defendants sounding in common-law indemnification and contribution, breach of contract pursuant to the Retainer Agreement, fraudulent misrepresentation and disgorgement of all legal fees.[1]

As discussed more fully below, Star's Amended Crossclaims against the TRF Defendants must be dismissed, in its entirety, with prejudice, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

---

[1] Adam Dec. Ex. B, p. 40, ¶ 30.

Under to the Retainer Agreement, Star is solely responsible for all material expenses, including those charged by R&C. Star had long known and approved of TRF's engagement of R&C in connection with the *Voynow* Litigation, as evidenced by a history of paid invoiced which span over three years. Star acquiesced, without objection, to these invoices and is therefore responsible for R&C's unpaid invoices. Accordingly, Star has no ground to state a valid cause of action for contribution and indemnification.

In the same vein, Star cannot state a valid cause of action for breach of contract pursuant to the Retainer Agreement for overbilling and poor performance. Star's failure to object to TRF's invoices, coupled with their payment of said invoices for over three years is evidence that Star acquiesced to TRF's invoices and performance under the contract.

Star also fails to sufficiently plead a valid cause of action for fraudulent misrepresentation. First, in regards to Star's claim that TRF Defendants made material misrepresentations regarding its work and bills in order to defraud Star is duplicative, as it is premised upon the very same conduct giving rise to Star's breach of contract claim. Further, Star's claim of fraudulent misrepresentation based upon the statements made in the Florida Action are insufficient as a matter of law because Star could not rely on such a statement to their detriment because they were not a party in that action. TRF Defendants were not the 'but for' cause to Star sustaining damages by way of retaining legal counsel to defend claims against R&C.

Star's newly asserted fourth cause of action for the disgorgement of legal fees must also be dismissed because it is a remedy—not a separate, standalone cause of action.

Finally, Star fails to allege any facts that would indicate TRF was engaged in any wrongdoings aimed at the public at large, thereby warranting dismissal of Star's demand for

punitive damages. For the foregoing reasons, this Court should issue an Order dismissing Star's Amended Crossclaims against the TRF Defendants.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2016, Star discovered that some of their employees were stealing large amounts of money.[2] Star retained R&C to provide forensic and litigation support services to assist in the criminal and civil actions against their former employees Despina "Debbie" Theocharis and Vivian Karouzakis.[3] These civil lawsuits were brought by Star's current counsel, Milman Labuda Law Group, PLLC.[4]

On or about December 1, 2017, Star entered into a Retainer Agreement with TRF.[5] The Retainer Agreement provides that Star "retained TRF to represent [Star] to consider and prosecute as mutually agreed claims . . . against [Star's] former accountants, Voynow, Bayard, Whyte & Company LLP ("Voynow")," which was ultimately commenced as the *Voynow* Litigation.[6] The Retainer Agreement further provides that "[TRF] will not incur any material expenses without Star's prior approval. [Star] agree[s] to reimburse [TRF] for all such expenses."[7]

For over two years, TRF and Barry Friedberg, worked directly with R&C, Star and Star's counsel in the prosecution of the *Voynow* Litigation.[8] Star requested R&C perform forensic

---

[2] Adam Dec. Ex. B, pp. 16, 17, ¶¶ 11, 13, 14.

[3] Adam Dec. Ex. B, p. 17, ¶¶ 14 and 15.

[4] Adam Dec. Ex. B, p. 24, ¶ 50.

[5] Adam Dec. Ex. B, p. 17, ¶¶ 14 and 15.

[6] Adam Dec. Ex. B, p. 39, ¶ 28. *See also* Adam Dec. Ex. C.

[7] Adam Dec. Ex. B, p. 40, ¶ 29. *See also* Adam Dec. Ex. C.

[8] Adam Dec. Ex. B, pp. 40, 42, 45.

account services vis-à-vis Voynow.[9] Between August 7, 2018, and October 24, 2019, TRF invoiced Star for services rendered and directly mentioned R&C or "KR" (Ken Rosenfield, principal of R&C) a total of seven times.[10]

On October 24, 2019, in connection with the *Voynow* Litigation, TRF executed the Engagement Letter with R&C.[11] The Engagement Letter provides that R&C would provide litigation support services to TRF concerning work performed under the Retainer Agreement.[12] Specifically, "R&C will assist [TRF] and [Star] with consultation and analysis and will perform such other tasks as may be identified during the course of this Engagement. R&C will serve as a consulting expert."[13] The Engagement Letter further states, "[Star] will be solely responsible for payment of all such fees and expenses."[14]

Despite receiving a copy, Star claims they never approved, agreed or signed the Engagement Letter and never paid the $5,000.00 retainer required by R&C to perform work under the Engagement Letter.[15] Star alleges that as of October 24, 2019, TRF knew, or should have known, that it was utterly unacceptable to Star to engage R&C for additional work.[16] Tellingly, Star fails to assert any allegation that they expressly forbade TRF Defendants from engaging R&C after two years of prior litigation support.

---

[9] Adam Dec. Ex. B, p. 20, ¶ 30.

[10] Adam Dec. Ex. E, pp. 1, 3, 10 and 11.

[11] Adam Dec. Ex. B, p. 40, ¶ 30. See also Adam Dec. Ex. D.

[12] Adam Dec. Ex. A, p. 15. See also Adam Dec. Ex. D.

[13] Adam Dec. Ex. A, p. 15. See also Adam Dec. Ex. D.

[14] Adam Dec. Ex. A, p. 15. See also Adam Dec. Ex. D.

[15] Adam Dec. Ex. B, p. 40, ¶ 31.

[16] Adam Dec. Ex. B, p. 41, ¶ 42

Nevertheless, as evidenced by invoices, work continued on the *Voynow* Litigation between Star, R&C and TRF for several months. R&C's invoices demonstrate that they continued litigation support up until approximately January 2020, including conducting a conference call with Star on January 8, 2020.[17]   Likewise, TRF continued invoicing Star regarding the *Voynow* Litigation which referenced R&C an additional 17 times until April 2020.[18] Star undoubtedly knew and consented to TRF's continuous work with R&C, despite not having signed the Engagement Letter, because Star paid these invoices without objection.

On or about April 17, 2020, Star terminated R&C due to excessive bills and failure to provide any tangible evidence that would be useful in the *Voynow* Litigation or other criminal/civil actions.[19]

On or about May 19, 2020, R&C filed an action against Star in the United States District Court, Middle District of Florida, Case No. 6:20-cv-00857, for $121,778.19 of unpaid invoices. This action was resolved by Star's Offer of Judgment, which R&C accepted on or about August 14, 2020, wherein all outstanding invoices were paid except one~ $92,679.68, giving rise to this instant action.[20]

On or about November 18, 2020, R&C filed a complaint against TRF in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida for the same $92,679.68.[21] TRF removed the action to the United States District Court Middle District of Florida Orlando Division, Case

---

[17] Adam Dec. Ex. A, pp. 17 and 29.

[18] Adam Dec. Ex. E, pp. 27, 29, 30, 33, 34, 35 and 42. *See also* Adam Dec. Ex. F.

[19] Adam Dec. Ex. B, pp. 19-25.

[20] See *Rosenfield and Company, PLLC, v. Star Automotive Group, et al.* United State District Court, Middle District of Florida, Case No. 6:20-cv-0085, generally. See also Adam Dec. Ex. B, p. 49,  ¶ 82.

[21] Adam Dec. Ex. B, p. 49, ¶ 82.

No. 6:20-cv-02382, ("Florida Action").[22] Star was not a party in the Florida Action.[23] On January 29, 2021, on behalf of TRF, Rodes filed a motion to dismiss the Florida Action based on improper venue, personal jurisdiction and other procedural grounds.[24] In support of its motion, Rodes argued, *inter alia,* that because Star paid the $5,000.00 retainer under the Engagement Letter, they were responsible for R&C's unpaid invoices. Rodes relied on a declaration by Friedberg, which stated that Star had paid the $5,000.00.[25] Star claims this declaration is false because Star never paid the $5,000.00 retainer.[26] Star alleges TRF Defendants knew the declaration contained false statements and refused to make corrections in the Florida Action because they would not have prevailed on their motion to dismiss.[27] Star alleges R&C relied on this statement, filed a voluntary dismissal on February 19, 2021, and claimed that R&C would refile its action in New York.[28] Star alleges R&C would not have filed this instant Complaint against TRF and Star 'but for' TRF's motion papers containing Friedberg's false statements in his January 29, 2021 declaration."[29]

Subsequently thereafter, R&C filed this instant action for the remaining invoice of $92,679.68.[30] Although Star blatantly knew that TRF worked with R&C after the Engagement Letter, Star claims that pursuant to the Retainer Agreement, they did not 'approve' TRF's incurred

---

[22] Adam Dec. Ex. B, p. 49, ¶ 82.

[23] Adam Dec. Ex. B, p. 50, ¶ 85.

[24] Adam Dec. Ex. B, p. 50, ¶ 86. See also *Rosenfield and Company, PLLC, v. Trachtenberg, Rodes & Friedberg, LLP.* United States District Court, Middle District of Florida, Case No. 6:20-cv-02382, generally.

[25] Adam Dec. Ex. B, p. 50, ¶ 90.

[26] Adam Dec. Ex. B, p. 50, ¶ 91.

[27] Adam Dec. Ex. B, p. 51, ¶ 97.

[28] Adam Dec. Ex. B, p. 51, ¶ 99.

[29] Adam Dec. Ex. B, p. 51, ¶ 99.

[30] Adam Dec. Ex. A.

expenses. Accordingly, Star filed their Amended Crossclaims against the TRF Defendants sounding in common-law indemnification and contribution for R&C's unpaid invoices.[31] In addition, Star asserts three separate causes of action against TRF Defendants for breach of contract, fraudulent misrepresentation and disgorgement of all legal fees.[32]

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S, 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," *Kassner v. 2nd Ave. Delicatessen, Inc*., 496 F.3d 229, 237 (2d Cir. 2007) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." *Id*. (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pleaded "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc*., 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." *Iqbal*, 556 U.S. at 678.

---

[31] Adam Dec. Ex. B, p. 53, ¶¶ 102-106.

[32] Adam Dec. Ex. B, p. 40,  ¶ 30

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

## ARGUMENT

### I.   STAR IS NOT ENTITLED TO CONTRIBUTION AND INDEMNIFICATION BECAUSE THEY ARE SOLELY RESPONSIBLE FOR R&C'S INVOICES

As a threshold matter, the New York contribution statute "may not be invoked to apportion liability arising solely from breach of contract." *Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.,* 769 F. Supp. 2d 322, 326 (S.D.N.Y. 2011); *City of Kingston Water Dep't v. Charles A. Manganaro Consulting Eng'Rs, P.C.,* 2002 U.S. Dist. LEXIS 25505 (N.D.N.Y. 2002). Here, Star seeks contribution for liability arising solely from R&C's breach of contract claim for failing to pay litigation support invoices.[33] Accordingly, Star's cause of action for contribution must be dismissed.

*Assuming, arguendo,* that R&C's complaint has the predicate tort liability for a contribution action, Star's claim for contribution and indemnification must still be dismissed

---

[33] Adam Dec. Ex. A, generally. See also Adam Dec. Ex. B, pp. 47-8.

because Star is solely liable for "the portion of fees or charges alleged in the Complaint or otherwise," including "any such amounts owed" to R&C. The rules governing contribution under New York law are derived from C.P.L.R. §1401, which provides, in relevant part, that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them." C.P.L.R. §1401; *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 153 (1972). The law "applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors." *Board of Education v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 27 (1987); *see also, MacMillan, Inc. v. Federal Ins. Co.*, 764 F. Supp. 38, 41 (S.D.N.Y. 1991).

The "crucial element in allowing a claim for contribution to proceed is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d. 212 (S.D.N.Y. 2015); *see also, Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 603 (1988) (determining that it was that essential requirement—that the parties must have contributed to the same injury—which defeated the third-party claim in that case).

Here too, Star cannot properly assert a claim contribution or indemnification as a matter of law against TRF Defendants because Star is solely liable for R&C's unpaid invoices. Pursuant to the Retainer Agreement, Star "retained [TRF] to represent [Star] to consider and prosecute as mutually agreed claims . . . against your former accountants [Voynow]. . . [TRF] will also work with . . . your new accountants [R&C]. " The Retainer Agreement further provides that "[Star]

10

agree[s] to reimburse [TRF] for all such expenses."[34] As all work allegedly performed by R&C was related to the *Voynow* Litigation, Star is responsible for all litigation support expenses.

Nevertheless, Star claims these litigation expenses were unapproved because they did not sign the Engagement Letter.[35] However, that goes against the conduct and practices of all parties involved during all relevant times. Star retained R&C to perform forensic accounting services regarding the *Voynow* Litigation between April 18, 2017, and April 17, 2020.[36] Star retained TRF from December 1, 2017, to December 18, 2020, to work with R&C to pursue claims in the *Voynow* Litigation.[37] TRF's invoices unequivocally demonstrate that Star was aware of the services being provided by R&C in connection with the *Voynow* Litigation, for nearly three years before, during and after the execution of the 2019 Engagement **without objection**.[38] Any objections Star may have had to the material expenses TRF incurred have long since been waived.

Pursuant to *Chisholm-Ryder Co. v. Sommer & Sommer,* 70 A.D.2d 429, 431 (4th Dept. 1979), an agreement may be implied if a party receiving a statement of account keeps it without objection to it within a reasonable time because the party receiving the account is bound to examine the statement and object to it, if objection there be. *Id.* Silence is deemed acquiescent and warrants enforcement of the implied agreement. *Chisholm-Ryder Co.,* 70 A.D.2d at 431; s*ee also, Bresler v. Hostage,* 696 F. Supp. 46, 47 (S.D.N.Y. 1988); *La Framboise Well Drilling, Inc. v. R.J. Dooley & Assocs.,* 2007 U.S. Dist. LEXIS 11348 (S.D.N.Y. 2007). Moreover, an account stated

---

[34] Adam Dec. Ex. B, p. 40, ¶ 29.

[35] Adam Dec. Ex. B. p. 40.

[36] Adam Dec. Ex. B, p. 20, ¶¶ 30, 32.

[37] Adam Dec. Ex. B, p. 45, ¶ 70.

[38] Adam Dec. Ex. B, p. 49, ¶ 80. *See also* Adam Dec. Exs. E-F.

may be established between an attorney and his client. *See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,* 185 F. 3d 61, 64 (2d. Cir. 1999).

Star's failure to object to TRF's invoices, coupled with their payment of said invoices are evidence that Star ratified the Engagement Letter and/or acquiesced to TRF's authority to retain R&C on the *Voynow* Litigation.[39] Star fails to allege or provide documentary evidence expressly prohibiting TRF from using R&C. Star's failure to sign the Engagement does not absolve Star of their responsibility to pay R&C. Accordingly, Star cannot plead a valid cause of action for indemnification/contribution because they are solely responsible for R&C's invoices.

Star also fails to state a valid cause of action against Leonard Rodes, individually, for contribution and/or indemnification because Star insufficiently pleads the existence of a fiduciary relationship between Rodes and Star. Rodes did not sign the 2017 Retainer Agreement, nor was he involved in any material work surrounding the *Voynow* Litigation. Not one of TRF's invoices name Rodes.[40] Rodes' involvement was limited to his representation of TRF against R&C in the Florida Action. Likewise, Star fails to allege, without any specificity, the alleged misconduct by Rodes. Pursuant to the Amended Crossclaims, Rodes is absent from any of the allegations pertaining to overbilling, breach of contract, or poor performance of the contract. Star argues that Rodes assisted in drafting the complaint and tolling agreement; however, fails to allege any facts indicating what the alleged misconduct by Rodes was in the *Voynow* Litigation. Accordingly, this action should be dismissed against Rodes individually.

---

[39] Adam Dec. Ex. F.

[40] Adam Dec. Ex. E.

## II.   STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR BREACH OF CONTRACT BECAUSE STAR CONSENTED TO TRF'S INVOICES

Star alleges the TRF Defendants are liable for breach of the Retainer Agreement for "overbilling" and violating the "implied promise of due care for poor performance under its contract."[41] Invoices once again demonstrate that Star's failure to object to TRF's invoices, coupled with their payment of said invoices for over three years is evidence that Star acquiesced to TRF's invoices and performance under the contract.[42]

Courts have long held that it is not necessary to establish the reasonableness of the fees owned when the client's act of holding invoices for services without objection gives inference that he assented to the correctness of the account items and balance due. *See, Styles Brook Homeowners' Assn. v. Blasi,* 165 A.D.3d 1004, 1005 (2d Dept. 2018); *Lankler Siffert & Wohl, LLP v. Rossi,* 287 F. Supp. 2d 398, 407 (S.D.N.Y 2003). Silence is deemed acquiescence and warrants enforcement of the implied agreement to pay. *Chisholm-Ryder Co.,* 70 A.D.2d at 431; *see also, Jim-Mar Corp. v. Aquatic Constr.,* 195 A.D.2d 868, 870 (3rd Dept. 1993).

*Lankler* is particularly illustrative, wherein the plaintiff law firm prevailed on partial summary judgment on their application for attorneys' fees on the basis that defendants presented no evidence that they raised any objection, prior to filing answers in the present litigation, to the amount of any bill or to the quality of services provided by each plaintiff. *Lankler,* 287 F. Supp 2d. at 407-408; *see also Cohen Lans LLP v. Naseman,* 2017 U.S. Dist. LEXIS 15547, 18-19 (S.D.N.Y. 2017); *Levisohn, Lerner, Berger & Langsam v. Gottlieb,* 309 A.D.2d 668 (1st Dept.

---

[41] Adam Dec. Ex. B, p. 54,  ¶¶ 108, 109.

[42] Adam Dec. Exs. E-F.

2003); *see also, Samara v. Gangemi & Gangemi,* 2005 U.S. Dist. LEXIS 9056 (E.D.N.Y. 2005) (finding arguments by a client that an attorney's bills were 'outrageous' and the quality of work poor insufficient to defeat an account stated claim where the arguments were unsubstantiated by a writing).

Likewise, in *Marino,* the defendant attempted to defeat an account stated action by asserting in a counterclaim that the plaintiff, the operator of an accounting agency, had breached the underlying services contract by her failure to obtain the prior approval of the defendant. *In re Rockefeller Ctr. Props.,* 241 B.R. 804, 820, (Bankr. S.D.N.Y.1999) (quoting *Marino v. Watkins,* 112 A.D.2d 511, 512 (3rd Dept. 1985)); *see also, American Home Assurance Co. v. Instituto Nacional de Reaseguros,* 1991 U.S. Disc LEXIS 501 (S.D.N.Y. 1991)(breach of contract is not available to defendant as a means to seek an adjustment of an account stated).

Although this is not an accounts stated action, Star's Amended Crossclaims, in effect, assert this breach of contract claim to dispute invoices for services rendered which have long since been paid. As in *Lankler,* Star fails to plead in their Amended Crossclaims that they objected to TRF's so-called unreasonable billing or poor performance anytime during the three years TRF Defendants were retained between December 1, 2017, and December 18, 2020. In fact, Star admits that it was not until February 25, 2021, or after that Star discovered that the TRF Defendants were charging and collecting fees based on fraudulent billing.[43] After years of paying the TRF Defendants' invoices, Star cannot about-face and allege breach of contract for overbilling as an

---

[43] Adam Dec. Ex. B, p. 52, ¶ 100(e).

effort to recoup such losses. As a result, Star cannot state a cause of action for breach of contract against the TRF Defendants.

### III.   STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION AGAINST THE TRF DEFENDANTS

To state a claim for fraudulent misrepresentation, a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance. *Zamora v. Fit Int' Grp. Corp.,* 834 Fed. Appx. 622, 626 (2d Cir. 2020); *McClelland v. Grubb & Ellis Consulting Servs. Co.,* 456 B.R 178, 182 (S.D.N.Y. 2011). In addition, a complaint for fraudulent misrepresentation must contain the heightening pleading requirements under Fed. R. Civ. P. 9(b). One must plead facts that tend to "(1) specify the statements that were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Fed. R. Civ. P. 9(b)*; *see also, Novak v. Kasaks*, 216 F.3d 300, 306 (2d. Cir. 2000). "A plaintiff must show an intentional misrepresentation of a material fact resulting in some injury." *Held v. Kaufman*, 91 N.Y.2d 425, 431 (N.Y. 1998).

### *The Claim of Fraudulent Misrepresentation Against TRF and Friedberg for Overbilling*

Star alleges that "as their attorney," the TRF Defendants owed them a fiduciary duty, which was allegedly breached by the TRF Defendants' intentional "material

misrepresentations."[44] Specifically, Star's Amended Crossclaims asserts "TRF and Friedberg knowingly made material misrepresentations of fact to [Star] regarding its work and bills."[45]

As a threshold matter, Star's cause of action for fraudulent misrepresentation must be dismissed as duplicative because it is premised upon the very same conduct giving rise to Star's breach of contract claim, *i.e.*, that TRF fraudulently padded its bills or misrepresented its time. Under New York Law, a cause of action sounding in fraud cannot be maintained when the only fraud charged relates to a breach of contract." *Benjamin Office Supply & Servs. V. 2 Crystal, Inc.* 2021 U.S. Dist. LEXIS 150425, 22 (E.D.N.Y 2021). *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*, 837 F. Supp. 2d 162, 196 (S.D.N.Y. 2011); *OP Solutions, Inc. v. Crowell & Moring, LLP*, 72 A.D.3d 622, 622 (1st. Dept. 2010); *W.B. David & co. v. DWA Communs., Inc.*, 2004 U.S. Dist. LEXIS 2954, 2004 WL 369147 at *5 (S.D.N.Y. 2004) (plaintiff failed to state a cause of action for fraud because it arises out of the same facts that form the basis of plaintiff's cause of action for breach of contract). Where a fiduciary duty is based upon a comprehensive written retainer between the parties, a claim for breach of fiduciary duty is duplicative of a claim for breach of contract and must be dismissed." *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013)."

Star's Amended Crossclaims allege a cause of action for breach of contract against the TRF Defendants for fraudulently overbilling and misrepresenting their time under the Retainer Agreement.[46] In the same vein, Star also alleges fraudulent misrepresentation for overbilling,

---

[44] Adam Dec. Ex. B, p. 54, ¶¶ 112 and 113.

[45] Adam Dec. Ex. B, pp. 48 and 54, ¶¶ 74 and 113, respectively.

[46] Adam Dec. Ex. B, p. 54, ¶¶ 108, 109, and 110.

citing the Retainer Agreement as evidence.[47] As these allegations arise out of the same facts as the breach of contract claim, namely the "overbilling," this cause of action for fraudulent misrepresentation is duplicative.

Notwithstanding, Star's Amended Crossclaims are still too vague and conclusory to sustain a fraudulent misrepresentation cause of action. In *Hampshire Equity Partners II, LP. Teradyne, Inc.*, 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y 2005) (pursuant to Rule 9(b), plaintiff's complaint was dismissed because vague and conclusory allegations did not allege any legally cognizable theory of motive or any specific facts giving rise to a strong inference that the fraudulent statement was knowingly false when made).

Star's citation of various billing entries as evidence of excessive numbers of hours billed is insufficient to sustain a claim for fraudulent misrepresentation. Pursuant to *Hampshire,* Star fails to specifically allege any legally cognizable theory of motive or give any specific facts that TRF Defendants purposively block billed or overbilled. Star alleges that TRF Defendants knowingly made fraudulent legal invoices as a result of their overbilling is conclusory. Star fails to allege specific facts that TRF Defendants knew that their legal invoices were fraudulent at the time invoices were made. Tellingly, Star fails to allege that they ever informed TRF Defendants of these alleged fraudulent billing practices.

Finally, while Star's Amended Crossclaims pursue a fraudulent misrepresentation claim against former TRF partner Barry Friedberg individually, the pleading claims misrepresentations were allegedly made by and for TRF – not Friedberg personally.

---

[47] Adam Dec. Ex. B, p. 54, ¶ 113.

**_The Claim of Fraudulent Misrepresentation Against TRF Defendants in the Florida Action._**

Star fails to properly assert a fraudulent misrepresentation cause of action against the TRF Defendants surrounding the Florida Action. Star alleges that Rodes made false misrepresentations, on behalf of TRF, by knowingly using a false sworn declaration from Friedberg, arguing that Star paid a $5,000.00 retainer pursuant to the Engagement Letter, to support TRF's motion to dismiss the Florida Action.[48]

*First,* Star fails to allege how they reasonably relied on these misrepresentations. Simply put, **Star was not a party** in the Florida Action. The alleged misrepresentation was never made to Star, and thereby Star could not have adversely relied upon it. Notably, Star admits that "[R&C] relied on TRF's motion papers."[49] However, Star *must* rely on the statement to assert a valid cause of action for fraudulent misrepresentation. Furthermore, if – as Star claims – the "representation" concerning payment of a retainer was false, the party claimed to have acted on the "representation – i.e., R&C – could not have relied on it because as the putative recipient of the $5,000 retainer payment, R&C already knew that the retainer had not been paid.

*Second,* Star alleges that due to the fraudulent misrepresentation, Star was caused to sustain damages by incurring legal fees.[50] R&C discontinued the Florida Action, without prejudice to refile in the United States District Court for the Southern District of New York.[51] Star's contention that they would not have been sued in the instant proceeding 'but for' the

---

[48] Adam Dec. Ex. B, pp. 49-51.

[49] Adam Dec. Ex. B, p. 51, ¶ 99.

[50] Adam Dec. Ex. B, pp. 51, 54 ¶¶ 99, 114, 115.

[51] Adam Dec. Ex. B, p. 51, ¶ 99.

representations made by Rodes in the Florida Action is disingenuous.[52] R&C had already commenced a separate legal action against Star for claims arising from the Engagement Letter in the Middle District of Florida under Case No. 6:20-cv-00857 on May 19, 2020, well before any representations were made by Rodes in the Florida Action. Any representations made in the Florida Action were not the 'but for' cause of any alleged damages sustained by Star. Therefore, Star cannot state a valid cause of action for fraudulent misrepresentation against any of the TRF Defendants.

*Third,* as for Rodes, individually*,* it is well settled that a statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation." *Martirano v. Frost,* 25 N.Y.2d 505, 507 (1969). The judicial proceedings privilege makes statements under any legal theory inactionable. See *Casa de Meadows Inc., (Caymen Islands) v. Zaman,* 76 A.D.3d 917, 921 (1st Dept. 2010)(claimant "may not circumvent the judicial proceedings privilege by pleading prima facie tort"). Here, Rodes filed a motion to dismiss the Florida Action, arguing that Star was responsible for R&C's expenses because Star had paid the $5,000 retainer as required by the Engagement Letter.[53] As these statements were made during a judicial proceeding, they must be considered inactionable, thereby warranting dismissal of this cause of action against Rodes, individually.

---

[52] *Id.*

[53] Adam Dec. Ex. B, p. 50, ¶ 86, 89-91.

IV.   **STAR'S NEWLY ASSERTED CLAIM FOR DISGORGEMENT OF LEGAL FEES MUST BE DISMISSED BECAUSE IT IS NOT A STANDALONE CAUSE OF ACTION.**

Star's purported fourth claim for disgorgement of legal fees must be dismissed because disgorgement is a remedy—not a separate, standalone cause of action.  *See, Betz v. Blatt*, 116 A.D.3d 813, 984 N.Y.S.2d 378, 382 (2d Dept. 2014) (dismissing disgorgement claim as duplicative where the claim was "based on the same set of facts" as other causes of action for money damages and therefore "did not allege [a] distinct cause[ ] of action"); *Piccarreto v. Mura*, 970 N.Y.S.2d 408, 426 (Sup. Ct. 2013) ("[D]isgorgement may not stand as an independent cause of action as disgorgement of payments is really a damage claim.").

*Assuming, arguendo*, that disgorgement of legal fees is a separate cause of action, Star Amended Counterclaims fail to allege a valid cause of action because Star, in conclusory form, alleges that TRF Defendants representation directly conflicted with Star's interests, in violation of New York Rules of Professional Conduct ("NYRPC"), 1.5, 1.8, 1.9, and 3.3.[54]

Star's allegation that TRF Defendants are in violation of NYRCP 1.5 (fees) and 1.8 (conflict of interest with current clients) have no merit. As discussed *supra,* Star's payment of TRF's invoices for over three years demonstrate that Star knew and acquiesced of TRF's billing practices, including the retention of R&C to perform work under the Engagement Letter. Star's claim pursuant to NYRPC 1.9 is fatal because Star fails to allege, with any specificity, whether TRF Defendants entered into a representation of an adverse clients or if TRF Defendants used any confidential information to the disadvantage of Star. Star fails to allege whether the statement "[Star] paid the $5,000 retainer" was confidential. A violation of the ethical constraint against

---

[54] Adam Dec. Ex. B, p. 55, ¶ 119.

dual representation does not, without more, support a claim for recovery of damages. *See Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,* 56 A.D.3d 1, 10 (1st Dept. 2008). Star's claim that TRF Defendants violated NYRPC 3.3 (false statements before a tribunal) fails; as discussed *supra,* Star cannot assert a valid cause of action for fraudulent misrepresentation in the Florida Action.

Lastly, although 'disgorgement' is pleaded against all the TRF Defendants, Star alleges that only TRF received the legal fees they paid—not attorneys Friedberg and Rodes.[55] "To date, Star Auto Group has paid TRF approximately $339,179.00 in legal fees."[56] The $339,179.00 that Star alleges they paid to TRF is the same amount that Star seeks to disgorge.  Thus, the new disgorgement "claim" must be dismissed against attorneys Friedberg and Rodes.

Finally, Star fails to allege TRF Defendants' alleged actions were aimed at the public in general, were gross and involved a high moral culpability. *Walker v. Sheldon,* 10 N.Y.2d 401, 406 (1961). Accordingly, Star's demand for punitive damages must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant TRACHTENBERG RODES & FRIEDBERG LLP and Third-Party Defendants BARRY J. FRIEDBERG and LEONARD A. RODES, respectfully request that this Court issue an Order dismissing the First Amended Crossclaims and First Amended Third-party Complaint in its entirety, with prejudice, pursuant to (i) Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted; (ii) Fed. R. Civ. P. 9(b), for

---

[55] Adam Dec. Ex. B, p. 43, ¶ 59.

[56] *Id.*

failure to plead fraud with heightened particularity; and (iii), granting such other and further relief

that this Court deems just and proper.

Dated:  New York, New York
        October 14, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   _/s/ Sarah Adam_ _____
Mark K. Anesh, Esq.
      Mark.Anesh@lewisbrisbois.com
Sarah A. Adam, Esq.
      Sarah.Adam@lewisbrisbois.com

77 Water Street, Suite 2100
New York, New York 10005
Tel.:  (212) 232-1300
Fax:  (212) 232-1399

*Attorneys for Defendants Trachtenberg Rodes &
Friedberg LLP and Third-Party Defendants Barry J.
Friedberg, Esq., and Leonard A. Rodes, Esq.*

File No. 50031.2179