UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSENFIELD & COMPANY, PLLC,

                 Plaintiff,

-against-

TRACHTENBERG, RODES, & FRIEDBERG LLP, et al.,

                 Defendants.

---

STAR AUTO SALES OF BAYSIDE, INC., et al.,

                 Third Party Plaintiffs,

-against-

BARRY J. FRIEDBERG, et al.,

                 Third Party Defendants.

1:21-cv-03858 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    This case was commenced on April 30, 2021 and the Court entered a Civil Case Management Plan and Scheduling Order on December 9, 2021. ECF No. 84. Under that Order, the deadline to complete fact discovery was December 1, 2022. *Id*. But the parties report that only limited discovery has occurred and substantial paper discovery is necessary before the parties conduct depositions. ECF No. 120. The parties now jointly request an approximately 8-month extension of the discovery deadlines. *Id*.

    The case was reassigned to the undersigned in September 2022. The Court declines to rule on the parties' request for a substantial discovery deadline extension until it is satisfied that there is subject-matter jurisdiction over this case. Plaintiff brings this case on the basis of diversity jurisdiction. ECF No. 1 ¶ 2. Plaintiff's Complaint alleges that Plaintiff "is a Florida

limited liability company with its principal place of business in Orlando, Florida" and additional offices in New York, New Jersey, and California. *Id.* ¶ 5. Plaintiff further alleges that Defendants are corporations and limited liability companies or partnerships, and that their principal places of business are in New York. *See, e.g., id.* ¶¶ 6-13. The Complaint does not allege the citizenship of any members of the limited liability companies or partners of the limited liability partnerships.

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction . . . ." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)). Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Id.* (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998)).

A limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). The citizenship of each member of an LLC must be affirmatively alleged. *See Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr.*, LLC, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020); *Brown v. Keene*, 33 U.S. 112, 114 (1834) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."). In other words, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member

has to be specifically alleged.") (collecting cases). Similarly with respect to limited liability partnerships, "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615.  Here, the parties fail to properly allege the citizenship of the party limited liability companies and limited liability partnerships.

Accordingly, IT IS HEREBY ORDERED that, **on or before December 9, 2022**, Plaintiff shall file on ECF a letter, supported by one or more sworn affidavits, alleging the citizenship of each party – including the citizenship of each limited liability company member or limited liability partnership partner, and those members' members, down the chain of ownership – and showing that complete diversity exists in this case.  If Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship, the action will be dismissed for lack of subject-matter jurisdiction, without further notice to the parties.

Dated: December 2, 2022
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge