UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSENFIELD & COMPANY, PLLC,

                            Plaintiff,

-against-

TRACHTENBERG, RODES, & FRIEDBERG
LLP, et al.,

                            Defendants.

STAR AUTO SALES OF BAYSIDE, INC., et
al.,

                  Third Party Plaintiffs,

-against-

BARRY J. FRIEDBERG, et al.,

                 Third Party Defendants.

1:21-cv-03858 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On December 2, 2022, the Court ordered Plaintiff to supplement its allegations of the parties' citizenship, including the citizenship of each limited liability company member or limited liability partnership partner, and those members' members, down the chain of ownership, for purposes of diversity jurisdiction.  ECF No. 121.  Plaintiff filed a letter and affidavit on December 9, 2022.  ECF No. 124.  Plaintiff still has not shown compete diversity of citizenship.

Plaintiff's supplemental affidavit is only six sentences long.  In it, the declarant states that all members of the Plaintiff PLLC "are residents of Florida or New Jersey."  ECF No. 124-1 ¶ 2. The declarant further states that, "[b]ased on the representations of their counsel, all of the members of the Star Auto Defendants" – which include several limited liability companies and

corporations – "and the entities themselves are citizens of New York" and that Defendant

Trachtenberg, Rodes & Friedberg, LLP is a citizen of New York.  *Id*. ¶¶ 3-4.

Plaintiff has not identified the members and partners of the limited liability companies

and partnership as the Court expressly ordered Plaintiff to do on December 2, 2022 and as is

required to establish subject-matter jurisdiction.  *See* ECF No. 121.  The Court will afford

Plaintiff one final opportunity to properly establish the citizenship of each party and that

complete diversity exits.

The Court recognizes "that scrupulous enforcement of these jurisdictional rules may

make it more difficult for many business entities to sue or to be sued in federal court under

diversity jurisdiction.  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*,

943 F.3d 613, 619 (2d Cir. 2019).  "Nonetheless, even when the citizenship of an LLC or LP is

in question, a district court may not proceed to the merits without first determining whether it has

subject-matter jurisdiction."  *Id*.

Accordingly, IT IS HEREBY ORDERED that, **on or before December 19, 2022**,

Plaintiff shall file on ECF a letter, supported by one or more sworn affidavits, alleging in good-

faith the citizenship of each party – **including the name and citizenship of each and every**

**limited liability company member or limited liability partnership partner, and those**

**members' members, down the chain of ownership** – and showing that complete diversity

exists in this case.  If Plaintiff is unable to do so by that date, the action will be dismissed for

lack of subject-matter jurisdiction, without further notice to the parties.

Dated: December 12, 2022
        New York, New York

                                            SO ORDERED.

                                            _Jennifer Rochon_
                                            _____
                                            JENNIFER L. ROCHON
                                            United States District Judge

2