UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ROSENFIELD & COMPANY, PLLC,                                              :   Case No. 1:21-cv-03858
                                                                         :
                                                                         :       Honorable Judge
                                        Plaintiff,                           Jennifer L. Rochon
                                                                         :
        - against -                                                      :
                                                                         :
TRACHTENBERG, RODES & FRIEDBERG LLP, STAR
AUTO SALES OF BAYSIDE, ICN. (d/b/a STAR                                  :
TOYOTA OF BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU), STAR                                    :
HYUNDAI LLC (d/b/a STAR HYUNDAI), STARR
NISSAN, INC. (d/b/a STAR NISSAN), METRO                                  :
CHRYSLER PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR AUTO SALES OF                                 :
QUEENS COUNTY LLF (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR
MITSUBISHI),

                                        Defendants.
------------------------------------------------------------------------ x
STAR AUTO SALES OF BAYSIDE, INC. (d/b/a STAR                             :
TOYOTA OF BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU), STAR                                    :
HYUNDAI LLC (d/b/a STAR HYUNDAI), STAR
NISSAN, INC. (d/b/a STAR NISSAN), METRO                                  :
CHRYSLER PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR AUTO SALES OF                                 :
QUEENS COUNTY LLC (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE LLC (d/b/a STAR                             :
MITSUBISHI),
                                                                         :
                                        Third-Party Plaintiffs,
                                                                         :
        - against -
                                                                         :
BARRY J. FRIEDBERG and LEONARD A. RODES,

                                        Third-Party Defendants.
------------------------------------------------------------------------ x

4890-2260-4356.1

**REPLY MEMORANDUM OF LAW
SUBMITTED ON BEHALF OF DEFENDANT TRACHTENBERG, RODES &
FRIEDBERG LLP AND THIRD-PARTY DEFENDANTS BARRY J. FRIEDBERG, ESQ.,
AND LEONARD A. RODES, ESQ., IN FURTHER SUPPORT OF THEIR MOTION TO
DISMISS STAR'S FIRST AMENDED CROSS-CLAIMS AND FIRST AMENDED
THIRD-PARTY COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Tel.: (212) 232-1300
Fax: (212) 232-1399

*Of Counsel:*
Mark K. Anesh
Sarah A. Adam

*Attorneys for Defendant
Trachtenberg. Rodes & Friedberg, LLP
and Third-Party Defendants
Barry J. Friedberg Esq., and
Leonard A. Rodes, Esq.*

4890-2260-4356.1

**TABLE OF CONTENTS**

**Page**

ARGUMENT ..................................................................................................................................1

I. STAR IS NOT ENTITLED TO CONTRIBUTION AND INDEMNIFICATION BECAUSE THEY ARE SOLELY RESPONSIBLE FOR R&C'S INVOICES ..................1

II. STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR BREACH OF CONTRACT BECAUSE STAR CONSENTED TO TRF'S INVOICES ...........................4

III. STAR CANNOT PLEAD A VALID CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION AGAINST TRF AND FRIEDBERG.........................................5

IV. STAR'S CLAIM FOR DISGORGEMENT OF LEGAL FEES MUST BE DISMISSED BECAUSE IT IS NOT A STANDALONE CAUSE ACTION.....................7

CONCLUSION...............................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Chase Manhattan Bank v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.),*
  46 Fed. Appx. 47, 51 (2d. Cir. 2002). ................................................................. 5

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*,
  837 F. Supp. 2d 162, 196 (S.D.N.Y. 2011); ......................................................... 6

*Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*,
  2005 U.S. Dist. LEXIS 5261 (S.D.N.Y 2005)), ................................................... 6

*Honeyman v. Hoyt (In Re Carter-Wallace, Inc. Secs/ Litig.),*
  220 F.3d 36, 39 (2d Cir. 2000) ............................................................................. 6

*Kalnit v. Eichler,*
  264 F.3d 131, 142 (2d Cir. 2001) ...................................................................... 6, 7

*Lankler Siffert & Wohl, LLP v. Rossi,*
  287 F. Supp. 2d 398, 407 (S.D.N.Y 2003) ........................................................... 5

*Northern Shipping Funds I, LLC v. Icon Capital Corp.*,
  921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013). ........................................................... 6

*W.B. David & co. v. DWA Communs., Inc.*,
  2004 U.S. Dist. LEXIS 2954, 2004 WL 369147 at *5 (S.D.N.Y. 2004) .............. 6

**STATE CASES**

*Kronick v. L.P. Thebault Co., Inc.*
  70 A.D.3d 648, 649 (2d Dept. 2010) .................................................................... 7

*O'Conner v. Blodnick, Abramowitz and Blodnick*,
  295 A.D.2d 586 (2d Dept. 2002) .......................................................................... 4

*Styles Brook Homeowners' Assn. v. Blasi,*
  165 A.D.3d 1004, 1005 (2d Dept. 2018); ......................................................... 4, 5

*Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*,
  56 A.D.3d 1, 10 (1st Dept. 2008) ......................................................................... 9

*Walker v. Sheldon*,
  10 N.Y.2d 401, 406 (1961); .................................................................................. 9

## STATUTES

Federal Rules of Civil Procedure, Rule 12(b)(6) ...............................................................................1

Federal Rules of Civil Procedure, Rule 9(b)..................................................................................1, 6

## NEW YORK RULES OF PROFESSIONAL CONDUCT

New York Rules of Professional Conduct 1.5 ......................................................................... 7, 8, 9

New York Rules of Professional Conduct 1.8 ......................................................................... 7, 8, 9

New York Rules of Professional Conduct 1.9 ............................................................................ 7, 9

New York Rules of Professional Conduct 3.3 ............................................................................7, 9

Defendant Trachtenberg Rodes & Friedberg, LLP ("TRF") and Third-Party Defendants Barry J. Friedberg and Leonard A. Rodes, (collectively, the "TRF Defendants"), respectfully submit this Reply Memorandum of Law in response to the opposition papers filed on behalf of Defendants/Third-Party Plaintiffs Star Auto Sales of Bayside, Inc. d/b/a Star Toyota of Bayside, Star Auto Sales of Queens, LLC d/b/a Star Subaru, Star Hyundai LLC d/b/a Star Hyundai, Star Nissan, Inc d/b/a Star Nissan, Metro Chrysler Plymouth Inc. d/b/a Star Chrysler Jeep Dodge, Star Auto Sales of Queens County LLC d/b/a Star Fiat, and Star Auto Sales of Queens Village LLC d/b/a Star Mitsubishi (collectively "Star") (ECF Doc. No. 117, 118, 119) and in further support of the TRF Defendants' motion to dismiss (ECF Doc. No. 114, 115, 116) Star's First Amended Cross-Claims and First Amended Third-Party Complaint (ECF Doc. No. 102) (together referred to as the "Amended Crossclaims") in their entirety, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

For the sake of brevity, the TRF Defendants refer to the facts and procedural history detailed in the Original Adam Declaration dated October 14, 2022 (ECF Doc. No. 115) and the Original Adam Memorandum of Law dated October 14, 2022 (ECF Doc. No. 116).

## ARGUMENT

### I. STAR IS NOT ENTITLED TO CONTRIBUTION AND INDEMNIFICATION BECAUSE THEY ARE SOLELY RESPONSIBLE FOR R&C'S INVOICES

Star's claim for contribution and indemnification must be dismissed because Star is solely liable for the portion of fees or charges alleged in the Complaint by plaintiff Rosenfield & Company PLLC's ("R&C"). Pursuant to a retainer agreement dated December 1, 2017 ("Retainer Agreement") Star retained the TRF Defendants to prosecute an action against Star's former accountants in connection to *Star Auto Sales of Bayside, Inc. et al. v. Voynow, Bayard, Whyte and*

1

*Company, LLP, et al.*, Case No. 1:18-cv-05775 (E.D.N.Y.) (the "*Voynow* Litigation").[1] For over two years, the TRF Defendants worked with R&C and Star in the prosecution of the *Voynow* Litigation.[2] On October 24, 2019, in furtherance of the *Voynow* Litigation, TRF executed the Engagement Letter with R&C ("Engagement Letter").[3] Work continued on the *Voynow* Litigation between Star, R&C and TRF until approximately April 2020.[4]

Star's opposition repeatedly skirts around the TRF Defendants' argument by stating that they did not approve of the litigation expenses because they did not sign the Engagement Letter. However, based on the conduct and practices of all parties involved during all relevant times, as evidenced by TRF's invoices, Star **acquiesced** to the TRF Defendants' retention of R&C because they were well aware of the services provided by R&C in connection with the *Voynow* Litigation, for nearly three years before and after the Engagement Letter **without objection**.[5]

Star attempts to misdirect and discredit these invoices by arguing that the TRF Defendants cannot rely on such documents on a motion to dismiss because they require a fact determination, or that these documents were submitted by counsel, who have no personal knowledge of their contents. Yet, Star's opposition acknowledges that the Court may refer to documents attached to the Complaint as an exhibit or incorporated in it by reference, or to documents either in plaintiff's

---

[1] Original Adam Dec. Ex. B, p. 39, ¶ 28. *See also* Original Adam Dec. Ex. C. The Retainer Agreement further provides that "[TRF] will not incur any material expenses without Star's prior approval. [Star] agree[s] to reimburse [TRF] for all such expenses."

[2] Original Adam Dec. Ex. B, pp. 40, 42, 45.

[3] Original Adam Dec. Ex. B, p. 40, ¶ 30. *See also Original* Adam Dec. Ex. D. The Engagement Letter provides that R&C would provide litigation support services to TRF concerning work performed under the Retainer Agreement.[3] Specifically, "R&C will assist [TRF] and [Star] with consultation and analysis and will perform such other tasks as may be identified during the course of this Engagement. R&C will serve as a consulting expert."[3] The Engagement Letter further states, "[Star] will be solely responsible for payment of all such fees and expenses."[3]

[4] Original Adam Dec. Ex. A, pp. 17 and 29. *See also* Original Adam Dec. Ex. E, pp. 27, 29, 30, 33, 34, 35 and 42. *See also* Adam Dec. Ex. F.

[5] Original Adam Dec. Ex. B, p. 49, ¶ 80. *See also* Original Adam Dec. Exs. E-F.

2

possession or of which plaintiffs had knowledge and relied upon in bringing suit.[6] Considering that Star's Amended Crossclaims, in part, rely on these very invoices to bring their breach of contract claim for overbilling, and because Star is in possession of and annexes some of these very invoices to their opposition papers, the Court is at liberty to consider the invoices on this motion.[7] In opposition, Star further argues that the work R&C performed for Star prior to the Engagement Letter was unrelated to work under the Engagement Letter. This is not true. Besides the work R&C performed in furtherance of Star's claims against their former employees,[8] Star retained R&C to perform forensic account services vis-à-vis Voynow.[9] The Engagement Letter indicates that "the retention shall be as of December 1, 2017, and [R&C] has worked and will continue to work" relating to the *Voynow* Litigation.[10] The work contemplated by R&C was the exact work they had been doing since TRF was retained to prosecute the *Voynow* Litigation. Star knew, based on the invoices, that the TRF Defendants' had retained R&C in connection with the *Voynow* Litigation **without objection.**

As to Rodes, individually, Star still fails to allege any specific facts as to what misconduct Rodes specifically committed in drafting the complaint and tolling agreement. Moreover, Rodes' work occurred prior to the date of the Engagement Letter dated October 24, 2019; accordingly, Rodes cannot indemnify or contribute Star for R&C's invoices occurring after 2019.

---

[6] ECF Doc. No. 117. p. 6. See *Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

[7] ECF Doc. No. 118, Ex. A.

[8] Original Adam Dec. Ex. B, p. 17-19  ¶ 15-29.

[9] Original Adam Dec. Ex. B, p. 20,  ¶ 30.

[10] Original Adam Dec. Ex. D.

Lastly, because Star cannot plead a valid cause of action for against the TRF Defendants, Partnership Law 26(c) does not apply. For the foregoing reasons, this Court should dismiss Star's first cause of action against the TRF Defendants.

## II. STAR CAN NOT PLEAD A VALID CAUSE OF ACTION FOR BREACH OF CONTRACT BECAUSE STAR CONSENTED TO TRF'S INVOICES

Star's failure to object to TRF's invoices, coupled with their payment of said invoices for over three years, is evidence that Star acquiesced to TRF's invoices and performance under the contract, thereby warranting dismissal of Star's breach of contract cause of action.[11] In opposition, Star argues that TRF's invoices provide little indication as to what was done and for what purpose.[12] Star argues that pursuant to *O'Conner v. Blodnick, Abramowitz and Blodnick,* 295 A.D.2d 586 (2d Dept. 2002), the attorney has the burden of establishing that his compensation was fair and reasonable. In *O'Connor,* the appellate court held that although the attorney itemized services rendered, the client established a *prima face* case that the fees were excessive because the attorney did not provide the number of hours expended. *O'Conner*, *supra*, at 587. This case is unhelpful to Star's argument, because the TRF invoices specifically delineate tasks, indicate dates that work was performed, identify the attorney who performed the work, and state the number of hours worked by the attorney.[13] Additionally, courts have long held that it is not necessary to establish the reasonableness of the fees owned when the client's act of holding invoices for services without objection gives the inference that he assented to the correctness of the account items and balance due. *E.g.*, *Styles Brook Homeowners' Assn. v. Blasi,* 165 A.D.3d 1004, 1005

---

[11] Original Adam Dec. Exs. E-F.

[12] ECF Doc. No. 117, p. 12, See also Original Adam Dec. Ex. B, p. 102 ¶¶ 55, 72.

[13] Original Adam Dec. Exs. E-F.

(2d Dept. 2018); *Lankler Siffert & Wohl, LLP v. Rossi,* 287 F. Supp. 2d 398, 407 (S.D.N.Y 2003). Star attempts to dissuade the Court from considering *Styles* and *Lankler* because they are accounts stated actions decided on summary judgment. However, this is irrelevant. While it is true that the Court must accept as true all facts alleged in the Amended Crossclaims, the documentary evidence in the form of invoices, which are incorporated by reference, unequivocally demonstrate that Star failed to object to TRF's alleged unreasonable billing between December 1, 2017, and December 18, 2020. There is no genuine question as to the fact that Star had ample opportunity to 'audit' the invoices.

While Star alleges they had not become aware of the TRF Defendants' alleged breach of contract until after Star retained new counsel, this argument is unavailing. <u>A party receiving an account is obligated to inspect it</u>, as a matter of law, and if that party "admits it to be correct," it becomes binding upon both parties. *E.g.*, *Chase Manhattan Bank v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.),* 46 Fed. Appx. 47, 51 (2d. Cir. 2002). The admission is implied if the party does not object to the statement within a reasonable amount of time. *Id.* As a result, Star cannot state a valid cause of action for breach of contract.

### III. STAR CAN NOT PLEAD A VALID CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION AGAINST TRF AND FRIEDBERG

Star's opposition argues that their cause of action for fraudulent misrepresentation is not duplicative because it relates to knowing misrepresentations made to Star by TRF and Friedberg, concerning work performed on Star's behalf in order to defraud or mislead Star. Star's Amended Crossclaims **also** allege a cause of action for breach of contract against the TRF Defendants for

5

the same fraudulent overbilling and misrepresenting their time under the Retainer Agreement.[14] As these allegations arise squarely out of the same facts as the breach of contract claim, this cause of action is duplicative as a matter of law.[15]

In opposition, Star argues that pursuant to *Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y 2005)), they had adequately pled facts giving rise to strong conscious misbehavior' or 'recklessness.'

> To survive dismissal under the "conscious misbehavior" theory, the [plaintiffs] must show that they alleged reckless conduct by the [defendants], which is "at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it."

*Kalnit v. Eichler,* 264 F.3d 131, 142 (2d Cir. 2001) (quoting *Honeyman v. Hoyt (In Re Carter-Wallace, Inc. Secs/ Litig.),* 220 F.3d 36, 39 (2d Cir. 2000)). While Star provides a list of allegedly fraudulent misrepresentations, the allegations are insufficient to meet the heightening pleading requirements under Fed. R. Civ. P. 9(b). Specifically, Star fails to allege **how** TRF and Freiberg **knew** that their legal bills were incorrect at the time of preparing the invoices. Also, as a matter of law, Star has failed to allege any behavior that is an 'extreme' departure from the standards of care or "so obvious that the [TRF Defendants] must have been aware of it," *Kalnit*, *supra*, at *id*.—particularly **given that Star pleaded no facts that it ever complained about work product or mistakes in their legal bills for over three years.** Pursuant to *Hampshire Equity* and *Kalnit,* Star's cause of action for fraudulent misrepresentation must be dismissed because vague and conclusory allegations do not meet the pleading standard.

---

[14] Original Adam Dec. Ex. B, p. 54, ¶¶ 108, 109, and 110.

[15] *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*, 837 F. Supp. 2d 162, 196 (S.D.N.Y. 2011); *W.B. David & co. v. DWA Communs., Inc.*, 2004 U.S. Dist. LEXIS 2954, 2004 WL 369147 at *5 (S.D.N.Y. 2004); *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013).

Finally, Star does not oppose the portion of the TRF Defendants' motion arguing that Star failed to properly assert a fraudulent misrepresentation cause of action against the TRF Defendants for statements made during the Florida Action.[16] It is well established that the Court may dismiss certain causes of action if a plaintiff fails to address them in opposition.[17]

## IV. STAR'S CLAIM FOR DISGORGEMENT OF LEGAL FEES MUST BE DISMISSED BECAUSE IT IS NOT A STANDALONE CAUSE OF ACTION.

*Assuming, arguendo*, Star's fourth claim for disgorgement of legal fees is a separate, standalone cause of action; Star fails to sufficiently plead that the TRF Defendants violated the New York Rules of Professional Conduct ("NYRPC"), 1.5, 1.8, 1.9 and 3.3.[18]

Pursuant to NYRPC Rule 3.3(a)(1), a lawyer shall not *knowingly* make a false statement of fact or law to a tribunal or fail to correct a false statement of *material* fact or law previously made to the tribunal by the lawyer. Star alleges the first violation occurred on or about December 29, 2020, when the TRF Defendants made a false statement of material fact in the Florida Action, wherein they stated, "Koufakis paid the $5,000 retainer." On January 29, 2021, Star informed Friedberg of this error, who said, "I don't know where I got that from."[19] Accordingly, the TRF Defendants did not *knowingly* state a false statement of fact in the Florida Action on December 29, 2020. Star claims the TRF Defendants violated NYRPC 3.3 when they failed to correct this

---

[16] Based upon Star's opposition, it is now unclear whether Star seeks a cause of action for fraudulent misrepresentations arising out of statements made in the Florida Action. Star's Amended Crossclaims allege that TRF and Friedberg knowingly made material misrepresentations of fact as set forth in ¶¶ 50-101. Out of an abundance of caution, because ¶¶ 82-99 involve allegations of false misrepresentations made during the Florida Action, TRF Defendants argue that Star failed to properly assert a cause of action for fraudulent misrepresentation against TRF Defendants surrounding the Florida Action.

[17] *Kronick v. L.P. Thebault Co., Inc.,* 70 A.D.3d 648, 649 (2d Dept. 2010).

[18] Original Adam Dec. Ex. B, p. 55, ¶ 119.

[19] Original Adam Dec. Ex. B, p. 51, ¶ 93.

*material* factual error.[20] Star alleges R&C relied on this statement and filed a voluntary dismissal on February 19, 2021, to refile its action in New York.[21] However, this statement was not *material* because R&C could not have possibly relied on this "false representation" concerning payment of a retainer because R&C, as the putative recipient of the $5,000 retainer payment, **already knew that the retainer had not been paid.**

Star's opposition argues it sufficiently pleaded the TRF Defendants violated NYRCP 1.5. NYRCP 1.5, which prohibits a lawyer from charging an unreasonable fee for legal services. The factors to be considered when determining what is excessive include, among others: (a)(1) the time and labor required; (a)(3) the fee customarily charged in the locality for similar services; (a)(4) the amount involved and the results obtained; (a)(5) the time limitations imposed by the client or by circumstances; and (a)(6) the nature and length of the professional relationship. Here, as discussed *supra,* Star's payment of TRF's invoices for over three years demonstrates that Star knew and acquiesced of TRF's billing practices. Rather than argue that the bills were objectively unreasonable by pointing to any of the enumerated factors under NYRCP 1.5, Star's Amended Crossclaims fail to allege any facts about how such time was excessive given the scope of the *Voynow* Litigation, how much time such tasks should have taken, what the normal billing rate charged in New York City, and that Star had retained the TRF Defendants for nearly three years.

NYRPC 1.8 is inapplicable because Star was no longer a current client when the alleged misrepresentation occurred on January 29, 2021.[22] Star discharged TRF on December 29, 2020;

---

[20] Original Adam Dec. Ex. B, p. 51, ¶ 94.

[21] Original Adam Dec. Ex. B, p. 51, ¶ 99.

[22] Original Adam Dec. Ex. B, pp. 50, 53 ¶¶ 86, 101.

Star argues it has sufficiently pled a violation of NYRPC 1.9 because the TRF Defendants represented themselves in the Florida Action and took a position that was adverse to Star. Star argues it satisfies the rule under *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,* 56 A.D.3d 1, 10 (1st Dept. 2008)(A violation of the ethical constraint against dual representation does not, without more, support a claim for recovery of damages) because they were allegedly damaged by the TRF Defendants' violation of NYRPC 1.9. However, Star's contention that they would not have been sued in this instant proceeding but for the TRF Defendants' violation is disingenuous. R&C had already commenced a separate legal action against Star for claims arising from the Engagement Letter in the Middle District of Florida under Case No. 6:20-cv-00857 on May 19, 2020, well before any representations were made in the Florida Action. Based on the foregoing, Star fails to sufficiently plead a cause of action for disgorgement of legal fees based on an alleged violation of NYRPC 1.5, 1.8, 1.9, and 3.3.

Star claims that the TRF Defendants, who represent other parties of the general public, alleged conduct was outrageous and wonton, that Star has sufficiently alleged facts to warrant punitive damages. However, the Amended Crossclaims fail to allege that the TRF Defendants' deceitful scheme was aimed at the general public and were gross and involved a high moral culpability. *Walker v. Sheldon,* 10 N.Y.2d 401, 406 (1961); Accordingly, Star's demand for punitive damages must be dismissed.

## **CONCLUSION**

Based on the foregoing reasons, the TRF Defendants respectfully request that this Court issue an Order dismissing the Amended Crossclaims filed by Star, in their entirety, with prejudice, for failure to state a claim upon which relief can be granted, failure to plead fraud with particularity, and/or on any other ground, and granting such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
December 16, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  /s/ Sarah Adam
Mark K. Anesh, Esq.
   Mark.Anesh@lewisbrisbois.com
Sarah A. Adam, Esq.
   Sarah.Adam@lewisbrisbois.com

77 Water Street, Suite 2100
New York, New York 10005
Tel.: (212) 232-1300
Fax: (212) 232-1399

*Attorneys for Defendants Trachtenberg Rodes & Friedberg LLP and Third-Party Defendants Barry J. Friedberg, Esq., and Leonard A. Rodes, Esq.*

File No. 50031.2179

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a true and accurate copy of the foregoing was electronically filed and served upon all parties and counsel of record who receive notification via the Court's Electronic Case Filing system on __December 16, 2022__.

Dated: New York, New York
December 16, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Mark Anesh*
Mark K. Anesh, Esq.
   Mark.Anesh@lewisbribois.com
Sarah A. Adam, Esq.
   Sarah.Adam@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Tel.: (212) 232-1300
Fax: (212) 232-1399

*Attorneys for Defendants Trachtenberg Rodes & Friedberg LLP and Third-Party Defendants Barry J. Friedberg, Esq., and Leonard A. Rodes, Esq.*

File No. 50031.2179