UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSENFIELD & COMPANY, PLLC,

       Plaintiff,

-against-

TRACHTENBERG, RODES, & FRIEDBERG LLP, et al.,

       Defendants.

STAR AUTO SALES OF BAYSIDE, INC., et al.,

       Third Party Plaintiffs,

-against-

BARRY J. FRIEDBERG, et al.,

       Third Party Defendants.

1:21-cv-03858 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

  On December 12, 2022, the Court ordered Plaintiff to supplement its allegations of diversity of citizenship sufficient to invoke this Court's subject-matter jurisdiction. *See* ECF No. 125. Plaintiff submitted a response on December 19, 2022 and that response shows that there is *not* complete diversity between the parties. *See* ECF No. 127. Accordingly, and as set forth below, this action is hereby DISMISSED.

  On December 2, 2022, the Court ordered Plaintiff to supplement its allegations of the parties' citizenship, including the citizenship of each limited liability company member or limited liability partnership partner, and those members' members, down the chain of ownership, for purposes of diversity jurisdiction. ECF No. 121. The Court warned that, "[i]f Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship, the action will be

dismissed for lack of subject-matter jurisdiction, without further notice to the parties." *Id*. at 3. Plaintiff filed a supplemental letter and affidavit on December 9, 2022. ECF No. 124. Plaintiff's perfunctory December 9 submission – a four-sentence letter and six-sentence affidavit – did not identify the members and partners of the limited liability company and partnership parties as the Court had ordered and as is required for subject-matter jurisdiction. *Id*.

On December 12, 2022, the Court identified the deficiencies in Plaintiff's supplemental submission. *See* ECF No. 125. The Court stated that it would afford Plaintiff "one final opportunity" to properly establish that complete diversity exists and warned that, if Plaintiff is unable to show complete diversity by December 19, 2022, "the action will be dismissed for lack of subject-matter jurisdiction, without further notice to the parties." *Id*. at 2.

Plaintiff submitted a second supplemental letter and affidavit on December 19, 2022. *See* ECF No. 127. The December 19 submission sets forth the parties' citizenship, without expressly stating whether complete diversity of citizenship exists. *Id*. The affidavit states that Plaintiff Rosenfield and Company, PLLC ("R&C") includes as members residents of New Jersey and Florida. ECF No. 127-1 ¶¶ 2-3. These members include New Jersey residents Jan Dulman and Paul Kaplan. *Id*. ¶¶ 3(f)-(g). The affidavit states that Defendant Trachtenberg, Rodes, & Friedberg, LLP ("TR&F") includes as partners residents of at least New Jersey and New York. *Id*. ¶¶ 4(a)-(c). These partners include David Trachtenberg, who "was and continues to be a New Jersey resident." *Id*. ¶ 4(b). Accordingly, at least one member of Plaintiff R&C and one partner of Defendant TR&F are residents of the same state – New Jersey.

As this Court stated in its December 2 Order, diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC v. Navidea*

2

*Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998)).  A limited liability company is deemed to be a citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  A limited liability partnership similarly "takes the citizenship of all of its partners."  *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

Here, Plaintiff R&C is a citizen of New Jersey because it has at least one member who is a New Jersey citizen.  *See* ECF No. 127-1 ¶¶ 3(f)-(g).  Defendant TR&F is also a citizen of New Jersey because it has at least one partner who is a citizen of New Jersey.  *See id*. ¶ 4(b).  Accordingly, there is not complete diversity of citizenship among the parties and the Court therefore lacks subject-matter jurisdiction over this action.  *See Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617; *see, e.g.*, *Mudge Rose Guthrie Alexander & Ferdon v. Pickett*, 11 F. Supp. 2d 449, 451-53 (S.D.N.Y. 1998) (dismissing case because "complete diversity of citizenship was lacking" where two members of the plaintiff limited liability partnership were citizens of the same state as some of the defendants).

IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for lack of subject-matter jurisdiction.  All pending deadlines and conferences are cancelled.  All pending motions are denied as moot.  The Clerk of Court is respectfully directed to CLOSE this case.

Dated: December 19, 2022
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge